```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARY TARDIF,                                         :

                    Plaintiff,                       :

        -against-                                    :    13-CV-4056 (KMW) (FM)
                                                          OPINION & ORDER
CITY OF NEW YORK, ET AL.,                            :

                    Defendants.                      :
-------------------------------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

On June 13, 2013, Mary Tardif ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against the City of New York, the New York City Police Department ("NYPD"), and various officers and employees of the NYPD ("Defendants"), alleging violations of her civil rights during the Occupy Wall Street protests. *See* (Compl. [Dkt. No. 1]). On December 5, 2013, Plaintiff filed an Amended Complaint, (Am. Compl. [Dkt. No. 10]), and on January 17, 2014, Defendant filed an Answer to the Amended Complaint, (Ans. to Am. Compl. [Dkt. No. 14]). The Answer asserts thirteen affirmative defenses. (*Id.* at 23–25). Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves to strike Defendants' third, fourth, fifth, sixth, eighth, ninth, eleventh, twelfth, and thirteenth affirmative defenses, arguing that the defenses are factually insufficient and prejudice Plaintiff. For the reasons set forth below, the Court DENIES Plaintiff's motion to strike.

**I.      Standard for Reviewing Motions to Strike Affirmative Defenses**

Federal Rule of Civil Procedure 12(f) provides that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike affirmative defenses are generally

disfavored." *Walsh v. City of New York*, 585 F. Supp. 2d 555, 557 (S.D.N.Y. 2008) (Sweet, J.) (internal quotation marks omitted). "The standard to prevail on a motion to strike an affirmative defense is demanding." *New England Health Care Employees Welfare Fund v. iCare Mgmt., LLC*, 792 F. Supp. 2d 269, 288 (D. Conn. 2011). "[T]o prevail on a motion to strike: (1) there may be no question of fact which might allow the defense to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) the moving party must show that it is prejudiced by the inclusion of the defense." *Cognex Corp. v. Microscan Sys., Inc.*, 13-CV-2027, 2013 WL 6906221, at *7 (S.D.N.Y. Dec. 31, 2013) (Rakoff, J.) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 8(c), "[i]n responding to a pleading, a party must affirmatively state any . . . affirmative defense." Fed. R. Civ. P. 8(c). Plaintiff's motion is predicated on the argument that the heightened pleading standard set out by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and elaborated on in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), for pleadings under Federal Rule of Civil Procedure 8(a) also applies to affirmative defenses. (Mem. of Law in Supp. 4 [Dkt. No. 21]). *Twombly* and *Iqbal* require that "[t]o survive a motion to dismiss pursuant to Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 806 (S.D.N.Y. 2012) (Sweet, J.) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). Neither the Second Circuit nor any other Circuit Court of Appeals has ruled on the applicability of the *Twombly*/*Iqbal* standard to

affirmative defenses.  District courts within this Circuit are divided on the applicability of the *Twombly*/*Iqbal* standard to affirmative defenses.

In *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620 (S.D.N.Y. 2008) (Chin, J.), the Court explained that *Twombly* "requir[es] a flexible plausibility standard, which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.  The question is whether the pleading alleges enough facts to state a claim for relief that is plausible on its face."  *Id.* at 622 (internal quotation marks and citation omitted).  The Court then went on to hold that, "[t]he standard on a motion to dismiss also applies to a motion to dismiss a counterclaim pursuant to Rule 12(b)(6) and a motion to strike an affirmative defense pursuant to Rule 12(f)."  *Id.*  Citing *Aspex Eyewear, Inc.*, some courts within this Circuit have held "that the Rule 12(b)(6) standard, as elucidated in *Twombly* and *Iqbal*, governs the sufficiency of the pleading of affirmative defenses."  *E.E.O.C. v. Kelley Drye & Warren, LLP*, 10-CV-655, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011) (Swain, J.); *see also Tracy v. NVR, Inc.*, 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) *report and recommendation adopted as modified*, 667 F. Supp. 2d 244 (W.D.N.Y. 2009); *cf. Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259 (W.D.N.Y. 2012) ("[T]his Court finds that *Twombly* applies here at least to emphasize the importance . . . of providing the plaintiff with fair notice, buttressed by sufficient facts, of the affirmative defenses that the defendant intends to assert; thus allowing the plaintiff an opportunity to knowledgeably respond.").

More recently, many district courts within this Circuit have found that the *Twombly*/*Iqbal* standard does not apply to affirmative defenses.  *See, e.g., Adames v.*

3

*G.B.Rests. Inc.*, 12-CV-569S, 2014 WL 202380, at *2 (W.D.N.Y. Jan. 16, 2014); *Vale v. City of New Haven Police Dep't*, 11-CV-00632, 2013 WL 5532133, at *3 (D. Conn. Oct. 4, 2013); *Hon Hai Precision Indus. Co., Ltd. v. Wi-LAN, Inc.*, 12-CV-7900, 2013 WL 2322675, at *9 (S.D.N.Y. May 28, 2013) (Scheindlin, J.); *Serby v. First Alert, Inc.*, 934 F. Supp. 2d 506, 515–16 (E.D.N.Y. 2013); *Scott v. WorldStarHipHop, Inc.*, 10-CV-9538, 2012 WL 5835232, at *3 (S.D.N.Y. Nov. 14, 2012) (Castel, J.); *Petroci v. Transworld Sys., Inc.*, 12-CV-00729, 2012 WL 5464597, at *2 (W.D.N.Y. Oct. 19, 2012) *report and recommendation adopted*, 12-CV-729, 2012 WL 5464579 (W.D.N.Y. Nov. 8, 2012); *Aros v. United Rentals, Inc.*, 10-CV-73, 2011 WL 5238829, at *3 (D. Conn. Oct. 31, 2011); *cf. Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2008) (McMahon, J.) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time."). The Court in *Bayer CropScience AG v. Dow AgroSciences LLC*, Civ. 10-1045, 2011 WL 6934557 (D. Del. Dec. 30, 2011), summarized the reasons courts have declined to apply the *Twombly*/*Iqbal* standard to affirmative defenses:

> (1) textual differences between Rule 8(a), which requires that a plaintiff asserting a claim *show* entitlement to relief, and Rule 8(c), which requires only that the defendant *state* any defenses;
>
> (2) a diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery;
>
> (3) the absence of a concern that the defense is "unlocking the doors of discovery";
>
> (4) the limited discovery costs, in relation to the costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses;
>
> (5) the unfairness of holding the defendant to the same pleading standard as the plaintiff, when the defendant has

4

>only a limited time to respond after service of the complaint while plaintiff has until the expiration of the statute of limitations;
>
>(6) the low likelihood that motions to strike affirmative defenses would expedite the litigation, given that leave to amend is routinely granted[;]
>
>(7) the risk that a defendant will waive a defense at trial by failing to plead it at the early stage of the litigation;
>
>(8) the lack of detail in Form 30, which demonstrates the appropriate pleading of an affirmative defense; and
>
>(9) the fact that a heightened pleading requirement would produce more motions to strike, which are disfavored.

*Id*. at *1–2.

This Court agrees with the courts that have held that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses for the reasons set forth in *Bayer CropScience*.

## II. Discussion

Plaintiff argues that the Court should strike Defendants' third, fourth, fifth, sixth, eighth, ninth, eleventh, twelfth, and thirteenth affirmative defenses because "they are a string of legal conclusions devoid of any factual allegations." (Mem. of Law in Supp. 5). Plaintiff asserts that "[t]he factual insufficiency of Defendants' affirmative defenses prejudices Plaintiff because they do not give . . . Plaintiff fair notice of the basis of these purported defenses," and "[a]s a result, Plaintiff will be forced to endure a longer and more expensive discovery process." (*Id.*). Defendants argue that the Court should deny the motion to strike because their defenses comport with all pleading requirements, and because there are questions of fact and law that would allow the defenses to succeed.

(Mem. of Law in Opp. 2 [Dkt. No. 26]).  The Court agrees with Defendants and denies Plaintiff's motion.

        1.  *Fourth Affirmative Defense: Conditions Precedent*

Defendants' fourth affirmative defense states, in full, that, "Plaintiff may have failed to comply with the conditions precedent to suit."  (Ans. to Am. Compl. 24).  Federal Rule of Civil Procedure 9(c) provides that, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  Fed. R. Civ. P. 9(c).

Plaintiff argues that Defendants have failed to comply with Rule 9(c), and the defense is insufficient as a matter of law, because "Defendants do not reference *which* specific conditions they are referring to nor do they point to a single fact that might suggest *how* Plaintiff purportedly failed to comply with these conditions."  (Mem. of Law in Supp. 6).

Defendants' memorandum of law in opposition identifies the conditions precedent as those necessary to commence a tort claim against New York municipalities, or any of their officers, agents or employees.  (Mem. or Law in Opp. 8).  As conditions precedent to commencing a tort claim against New York municipalities, or any of their officers, agents or employees, state law requires that a plaintiff (1) file a notice of claim within 90 days after the incident, N.Y. Gen. Mun. Law §§ 50-e, 50-i, (2) include an allegation in the Complaint that at least thirty days have elapsed since the service of such notice, *id*. § 50-i, and (3) commence the action within 1 year and 90 days of the incident, *id*. §§ 50-i, 50-k.  Defendants argue that the response outlined in paragraph 141 of their Answer provides sufficient notice to Plaintiff.  Defendants "admit that a document purporting to

be a notice of claim was received prior to receipt of the Complaint," but Defendants "deny knowledge or information sufficient to form a belief," (Ans. to Am. Compl. ¶ 141), as to the Complaint's allegation that "[m]ore than thirty days have elapsed since the Notice of Claim was timely filed prior to the filing of this Complaint," (Am. Compl. ¶ 141).

The Court finds that Defendants have not violated Rule 9(c). In *Cattaraugus County Project Head Start, Inc. v. Executive Risk Indemnity, Inc.*, the Court refused to strike the following paragraph from the defendant's answer: defendant "[d]enies knowledge or information sufficient to form a belief as to whether or not Plaintiffs have satisfied the condition precedent in the Policy . . . ." 00-CV-0167E(F), 2000 WL 1737943, at *3 (W.D.N.Y. Nov. 8, 2000). The Court held that, "[Defendant] . . . has not violated [Rule 9(c)] because it has not even denied the performance of the conditions precedent to the effectuation of the insurance policy, it simply states that at this point—with no discovery having been had—it cannot determine whether or not [Plaintiff] has complied with all of the conditions precedent." *Id.* Similarly, here, Defendants have not denied the performance of conditions precedent to filing suit. Defendants state that Plaintiff "may have failed to comply with conditions precedent to suit," (Ans. to Am. Compl. 24), and at this point they cannot determine whether or not Plaintiff has complied with the notice of claim requirements of the N.Y. General Municipal Law, (*id.* ¶ 141).

Plaintiff's motion to strike the fourth affirmative defense is therefore denied.

### 1. *Sixth Affirmative Defense: Statute of Limitations*

Defendants' sixth affirmative defense states, in full, that, "Plaintiffs' claims may be barred by the applicable statute of limitations." (Ans. to Am. Compl. 24).

"'[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.'" *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). New York has more than one statute of limitations for personal injury actions; courts therefore apply the three-year statute of limitations for general personal injury claims of C.P.L.R. § 214. *See Fairley v. Collins*, 09-CV-6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011) (Gardephe, J.). As described above, state law requires that for claims against New York municipalities, or any of their officers, agents or employees, plaintiff (1) file a notice of claim within 90 days after the incident, N.Y. Gen. Mun. Law §§ 50-e, 50-i, (2) include an allegation in the Complaint that at least thirty days have elapsed since the service of such notice, *id*. § 50-i, and (3) commence the action within 1 year and 90 days of the incident, *id*. §§ 50-i, 50-k.

The Complaint arises out of "a series of incidents . . . beginning on March 17, 2012 and continuing until April 16, 2012." (Am. Compl. ¶ 2). Plaintiff argues that the statute of limitations defense must be denied as legally insufficient because "Plaintiff complied with the applicable statute of limitations by filing a Notice of Claim on June 15, 2012, and filing the Complaint on June 13, 2013." (Mem. of Law in Supp. 7 (internal citation omitted)). However, as described above, Defendants "deny knowledge or information sufficient to form a belief," (Ans. to Am. Compl. ¶ 141), as to the Complaint's allegation that "[m]ore than thirty days have elapsed since the Notice of Claim was timely filed prior to the filing of this Complaint," (Am. Compl. ¶ 141). The Court finds that Defendants have adequately stated their sixth affirmative defense, as

required by Rule 8(c), to give Plaintiff fair notice of the nature of the defense, and that there are questions of fact and law that might allow the defense to succeed.

Plaintiff's motion to strike Defendants' sixth affirmative defense is therefore denied.

### 2. *Thirteenth Affirmative Defense: Qualified Immunity*

Defendants' thirteenth affirmative defense states, in full, that, "[t]he individually named defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore they are entitled to qualified immunity from liability." (Ans. to Am. Compl. 25).

Plaintiff argues that the qualified immunity defense must be stricken because it "is not supported by a single factual allegation." (Mem. of Law in Supp. 10). To support her argument Plaintiff cites to *Shechter v. Comptroller of New York*, 79 F.3d 265 (2d Cir. 1996), in which the Second Circuit upheld a district court's denial of a motion for judgment on the pleadings on the basis of qualified immunity. In *Shechter*, defendants' qualified immunity defense was plead as follows: "The defendants were, at all times relevant to the amended complaint, government officials immune from suit under both the doctrines of absolute and qualified immunity." *Id.* at 270 (internal quotation marks omitted). The Second Circuit found that this defense was a "bald assertion" that "provides no basis for a ruling in their favor." *Id.* To establish qualified immunity, the Second Circuit held that it was not enough for the defendants to allege that they were "government officials," but "[t]hey must further demonstrate that the *specific acts at issue* were performed within the scope of their official duties." *Id.* The Court finds that *Schehter* is not applicable here because:

> The court [in *Schehter*] did not address the standard for striking an affirmative defense. Pleading that the defendants were government officials and that they were therefore entitled to qualified immunity did not entitle defendant to a judgment on the pleadings; the court did not state that this would also be grounds to strike the defense under Rule 12(f), Fed.R.Civ.P.

*Wireless Ink Corp. v. Facebook, Inc.*, 787 F. Supp. 2d 298, 313 n.5 (S.D.N.Y. 2011) (Castel, J.). The Court finds that Defendants have adequately stated the qualified immunity defense, as required by Rule 8(c), to give Plaintiff fair notice of the nature of the defense, and that there are questions of fact and law that might allow the defense to succeed.

Plaintiff's motion to strike Defendant's thirteenth affirmative defense is therefore denied.

### 3. *The Remaining Defenses*

Plaintiff also challenges Defendants' third,[1] fifth,[2] eighth,[3] ninth,[4] eleventh,[5] and twelfth[6] affirmative defenses. Plaintiff argues that the Court must strike each of these defenses because they lack any factual allegations. (Mem. of Law in Supp. 5–10). As described above, Rule 8(c) requires only that a defendant "state" affirmative defenses, Fed. R. Civ. P. 8(c), and "[t]here is no requirement under Rule 8(c) that a defendant plead

---

[1] Defendants' third affirmative defense states, in full, that, "[a]ny injury alleged to have been sustained resulted from plaintiffs' [sic] own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants." (Ans. to Am. Compl. 24).

[2] Defendants' fifth affirmative defense states, in full, that, "[t]here was probable cause for plaintiff's arrest, detention and prosecution." (*Id.*).

[3] Defendants' eighth affirmative defense states, in full, that, "Plaintiff may have failed, in whole or in part, to comply with New York General Municipal Law § 50(e), §50-h, §50-k and §50-i." (*Id.*).

[4] Defendants' ninth affirmative defense states, in full, that, "Plaintiffs [sic] provoked any incident." (*Id.*).

[5] Defendants' eleventh affirmative defense states, in full, that, "Plaintiff has failed to mitigate her alleged damages." (*Id.*).

[6] Defendants' twelfth affirmative defense states, in full, that, "[a]t all times relevant to the acts alleged in the Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion." (*Id.* at 25).

any facts at all," *Serby*, 934 F. Supp. 2d at 516. *See also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.) ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense."). The Court finds that Defendants have adequately stated their third, fifth, eighth, ninth, eleventh, and twelfth affirmative defenses to give Plaintiff fair notice of the nature of the defenses, and that there are questions of fact and law that might allow the defenses to succeed.

Plaintiff's motion to strike Defendants' third, fifth, eighth, ninth, eleventh, and twelfth affirmative defenses is therefore denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to strike Defendants' third, fourth, fifth, sixth, eighth, ninth, eleventh, twelfth, and thirteenth affirmative defenses is DENIED.

SO ORDERED.

Dated: New York, New York
       July 2, 2014

_____/s/_____
Kimba M. Wood
United States District Judge