```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARY TARDIF,                                    :

                Plaintiff,                      :

        -against-                               :    13-CV-4056 (KMW) (FM)
                                                     OPINION & ORDER
CITY OF NEW YORK, et al.,                       :

                Defendants.                     :
---------------------------------------------------------------X
```

KIMBA M. WOOD, United States District Judge:

In his December 7, 2015 Memorandum Decision and Order, Magistrate Judge Maas granted in part and denied in part Plaintiff Mary Tardif's motion to amend her complaint for a third time. *See* (Memorandum Decision and Order, [Doc. No. 117]). Specifically, Judge Maas held that Plaintiff was not entitled to substitute the names of six police officers for previously designated John Doe Defendants, and that Plaintiff was not entitled to bring new claims against existing named Defendants, because she had failed to comply with the scheduling order. *See id.* at 10-15. Plaintiff has objected to those portions of the order denying leave to amend her complaint, contending that Judge Maas's ruling was clearly erroneous or contrary to law. (Pl.'s Objections, [Doc. No. 126]).

After reviewing for clear error, the Court AFFIRMS Judge Maas's Memorandum Decision and Order.

I.  **RELEVANT BACKGROUND**

   A. **Procedural History**

Plaintiff Mary Tardif commenced this action in 2013, alleging violations of 42 U.S.C. § 1983 by the City of New York, the New York City Police Department ("NYPD"), and various

1

NYPD employees, several of whom were designated only as "John Does" (collectively, the "Defendants"). (Compl., [Doc. No. 1]). In addition to her Section 1983 claim, Tardif also asserted claims under the Americans with Disabilities Act, 42 U.S.C. § 12102, and New York state law. *See id.* Tardif alleged that Defendants violated her civil rights while she was participating in Occupy Wall Street ("OWS") demonstrations. *Id.*

Discovery began in late 2013, when Tardif provided the Defendants with information, including photographs and videos, to assist them in identifying the John Doe Defendants. (Plaintiff's Initial Disclosures, 1-2 [Doc. No. 91-1]). Little progress was made in the following months, but in June 2014, Defendants provided Tardif with a list of seven NYPD employees "likely to have discoverable information." (June 13, 2014 Letter, 1 [Doc. No. 86-2]); (June 27, 2014 Letter, 3 [Doc. No. 91-6]). Tardif deposed most these individuals, as well as other NYPD employees, between November 2014 and February 2015. (Torre Decl. ¶ 10, [Doc. No. 78-1]). During the course of these depositions, Tardif identified four officers from the Defendants' list as John Doe Defendants 1-4. *Id.* Additionally, Defendants were able to identify John Doe Defendants 5, 9, and 10 and disclosed their identities to Tardif on March 13, April 6, and March 20, 2015, respectively. *Id.*

### B. Magistrate Judge's Denial of Leave to Amend

On August 13, 2015, Tardif notified Magistrate Judge Maas that she wished to file her Third Amended Complaint ("TAC")[1] to "clean up" relatively minor issues, such as clarifying dates. *See* (Transcript of Aug. 13, 2015 Conference, 10:3-7, [Doc. No. 91-13]). Judge Maas asked Plaintiff whether "there are claims that are going to change," and Plaintiff responded that

---

[1] Tardif amended her complaint twice prior to this request; she filed her First Amended Complaint on December 3, 2014, and her Second Amended Complaint on April 28, 2015, with Defendants' consent. (Memorandum Decision and Order, 5).

2

no claims would change. *Id.* at 10:8-10. Plaintiff made no mention of substituting named individuals for any of the John Doe Defendants, although Judge Maas did not explicitly ask. *Id.*

Plaintiff provided a draft version of the TAC to Defendants on August 29, 2015, at which time Defendants indicated that they did not consent to the proposed amendments. (Pl.'s Objections, 6). Plaintiff then filed her motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15 on September 25, 2015. (Mot. to Amend, [Doc. No. 78]).

On December 7, 2015, Judge Maas issued an order granting in part and denying in part Plaintiff's motion to amend the SAC. (Memorandum Decision and Order, [Doc. No. 117]). Judge Maas denied Plaintiff's request to substitute the names of six NYPD officers for John Doe Defendants 1-5 and 9, because she (1) had failed to comply with the deadline set forth in the scheduling order for the addition of parties, and (2) had failed to show good cause for doing so. *Id.* at 10. Judge Maas also denied Plaintiff's request to add claims against several of the existing Defendants, again because of Plaintiff's failure to comply with the scheduling order and failure to show good cause. *Id.* at 15. However, Judge Maas granted Plaintiff's request to make a number of smaller factual amendments, none of which formed the basis of a new claim. *Id.* at 16-17. On December 21, 2015, Plaintiff filed her objections to Judge Maas's order, and, on January 4, 2016, Defendants filed a Response to those objections, (Response, [Doc. No. 132]).

## II. LEGAL STANDARD

As a threshold matter, the Court must identify the appropriate standard of review for considering Plaintiff's objections to Judge Maas's decision. Pursuant to Federal Rule of Civil Procedure 72 and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), determination of the standard of review turns on whether the magistrate judge's decision is dispositive of a claim. For nondispositive matters, a district court shall reverse a magistrate judge's order only where it has

been shown that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When reviewing a magistrate judge's order regarding a dispositive motion, a district court "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The Court of Appeals for the Second Circuit has not clearly stated whether a denial of leave to amend a pleading should be treated as dispositive or nondispositive for Rule 72 purposes.[2] However, in *Gullo v. City of New York*, 540 F. App'x 45 (2d Cir. 2013), the Second Circuit affirmed a district court decision that applied clear error review in upholding a magistrate judge's denial of leave to amend a complaint to substitute named individuals for John Doe defendants. *See id.* at 46-47. Additionally, the weight of opinion in this District appears to favor treating as nondispositive a magistrate judge's decision that denies a plaintiff's request to amend the complaint to add new claims. *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-3749, 2009 WL 3467756, at *4 (S.D.N.Y. Oct. 28, 2009) (Wood, J.); *see also Samad Bros., Inc. v. Bokara Rug Co.*, No. 09-CV-5843, 2010 WL 5094634, at *3 (S.D.N.Y. Dec. 13, 2010) (Keenan, J.) (applying clear error review to magistrate judge's decision denying leave to amend the complaint to bring additional claims "long after the scheduling order deadline has passed"); *Hodge v. Perilli*, No. 06-CV-2480, 2010 WL 3932368, at *3 (S.D.N.Y. Sept. 30, 2010) (Crotty, J.). (applying clear error review to a magistrate judge's decision on a motion to amend to add new claims). *But see Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Inv. Castings, Inc.*,

---

[2] However, the Second Circuit has suggested in dicta that such decisions are nondispositive, which would make them subject to Rule 72(a)'s "clearly erroneous" or "contrary to law" standard of review. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge without the parties' consent.").

4

925 F. Supp. 188, 189-90 (S.D.N.Y. 1996) (Rakoff, J.) (finding that denial of leave to amend where plaintiff sought to add claims "is subject to reconsideration *de novo*, since it is dispositive of the proposed new claims").

In light of the above decisions, the Court concludes that the "clearly erroneous" standard of review described in Rule 72(a) is appropriate.

### III.   DISCUSSION

Plaintiff objects to Judge Maas's decision on numerous grounds, arguing that is it both clearly erroneous and contrary to law. The Court disagrees.

#### A.   Denial of Leave to Add Parties

Plaintiff argues that Judge Maas erred in denying her request to substitute the names of six individual NYPD officers for John Doe Defendants 1-5 and 9 by incorrectly (1) treating the motion to substitute these names for the John Doe Defendants as a motion to join additional parties; (2) considering good cause under Rule 16 before considering the more lenient Rule 15 standard; and (3) determining that Plaintiff lacked good cause for failing to meet the deadlines set forth in the scheduling order. (Pl.'s Objections, 9-18).

First, Plaintiff argues that the substitution of named individuals for the six John Doe Defendants does not constitute "joinder" of additional parties, and is therefore not subject to the deadline set forth in the scheduling order. *Id.* at 12-13. However, courts in this Circuit have consistently treated such motions as requests to join additional parties, "because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993). Courts therefore routinely hold that such requests are subject to the applicable deadline for joining new parties in a scheduling order, and analyze requests that come after the relevant deadline under the good cause standard of Rule 16. *See,*

*e.g.*, *Gullo*, 540 F. App'x at 46-47 (upholding district court ruling denying plaintiff's motion to substitute the names of police officers for John Doe Defendants when the motion came after the scheduling order deadline "for joinder of any parties"); *Charles v. City of New York*, No. 11-CV-2783, 2015 WL 756886, at *2 (S.D.N.Y. Feb. 20, 2015) (Torres, J.) (denying plaintiff's motion to amend his complaint to substitute the names of two police officers for John Does after the scheduling order deadline "to join additional parties"). In light of these precedents, Judge Maas's decision to treat Plaintiff's request for substitution as a request to join additional parties is not contrary to law.

Second, Plaintiff argues that Judge Maas should have considered the Rule 15 issue before reaching the Rule 16 issue of good cause.[3] (Pl.'s Objections, 9). Plaintiff argues that if her motion had been granted, under Rule 15(c) the individuals substituted for the John Doe Defendants would have been deemed joined in the case *nunc pro tunc* to the date of the filing, June 13, 2013, well before the applicable deadline in the scheduling order.[4] *Id.*

The Second Circuit has made clear that when there is a valid scheduling order in place, the generally lenient standard of Rule 15 must be balanced against the good cause requirement of Rule 16. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see also Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) ("[A] party must show good cause to amend his or her complaint if the motion is filed after the deadline imposed by the district court

---

[3] An amendment that adds parties is subject to Rule 21 in addition to Rule 15. However, "[i]n deciding whether to permit the addition of a party, the court applies the same standard of liberality under Rule 21 as that afforded to motions under Rule 15(a)." *Otegbade v. New York City Admin. for Children Servs.*, No. 12-CV-6298, 2015 WL 851631, at *3 (S.D.N.Y. Feb. 27, 2105) (Failla, J.).

[4] Plaintiff mischaracterizes the importance of the relation back provisions of Federal Rule of Civil Procedure 15(c). If the enumerated conditions are met, this Rule allows Plaintiff to avoid the expiration of a statute of limitations that would otherwise have run as to a newly identified party or claim. But it does not excuse Plaintiff from the requirement to comply with a valid scheduling order imposed by the Court. Indeed, like the other provisions of Rule 15, Rule 15(c) must be balanced against Rule 16; otherwise a court's scheduling order would be rendered "meaningless" and there would be no point by which the parties and pleadings must become fixed.

in its scheduling order."); *Lincoln v. Potter*, 418 F. Supp. 2d 443, 453 (S.D.N.Y. 2006) (McMahon, J.) ("When a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, he must satisfy the good cause requirement of Fed. R. Civ. P. 16(b) before being granted leave to amend."). This is because scheduling orders are designed "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker*, 204 F.3d at 339-40. "If Rule 15[] were considered without regard to Rule 16(b), scheduling orders would be rendered meaningless and Rule 16(b) would become nugatory." *Lincoln*, 418 F. Supp. 2d at 454.[5]

Under this framework, a court first considers whether the movant has shown good cause under Rule 16, and, only after finding that the good cause standard is met, proceeds to the analysis under Rule 15. *See, e.g.*, *Huber v. Nat'l R.R. Passenger Corp.*, No. 10-CV-9348, 2012 WL 6082385, at *3-4 (S.D.N.Y. Dec. 4, 2012) (Freeman, Mag. J.) (in considering a motion to substitute a named defendant for a John Doe, "[t]he *first* issue for the Court to consider is whether Plaintiff's motion to amend should be denied under Rule 16(b)(4)" for failure to show good cause for missing the deadline in the court's scheduling order (emphasis added)); *Min Gui Ni v. Bat-Yam Food Servs. Inc.*, No. 13-CV-7274, 2014 WL 3810820, at *3 (S.D.N.Y. July 30, 2014) (Francis, Mag. J.) (engaging in Rule 15 analysis of a motion to amend only *after* finding good cause for plaintiff's delay under Rule 16).[6] Thus, Judge Maas did not err in deciding

---

[5] Although the majority of decisions involve balancing the good cause requirement of Rule 16 against the lenient standard of Rule 15(a), courts in this Circuit have applied the same analysis to circumstances that required balancing Rule 16 and relation back under Rule 15(c). *See Gullo v. City of New York*, No. 10-CV-8516, 2012 WL 4834182, at *2-3 (S.D.N.Y. Oct. 11, 2012) (Jones, J.) (upholding magistrate judge's denial of leave to amend based on lack of good cause under Rule 16, which rendered the analysis under Rule 15(c) unnecessary) *aff'd*, 540 F. App'x 45 (2d Cir. 2013); *Erdogan v. Nassau Cnty.*, No. 10-CV-05837, 2014 WL 1236679, at *7-8 (E.D.N.Y. Mar. 25, 2014) (first considering whether plaintiff had shown good cause for delay in seeking amendment under Rule 16 before reaching analysis under Rule 15(c)).

[6] Courts have applied this same balancing framework to motions to add a party under Federal Rule of Civil Procedure 21. *See, e.g.*, *Lawrence v. Starbucks Corp.*, No. 08-CV-3734, 2009 WL 4794247, at *3 n.4 (S.D.N.Y.

whether Plaintiff had shown good cause under Rule 16 before conducting any analysis under Rule 15.

Finally, Plaintiff argues that Judge Maas was clearly erroneous in concluding that she lacked good cause for failing to meet the deadline for joinder of parties set forth in the scheduling order. (Pl.'s Objections, 14-15). Whether there is good cause under Rule 16 turns primarily on the diligence of the moving party in seeking to meet relevant deadlines in the scheduling order. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) (Netburn, Mag. J.). "[T]he moving party must show that, despite having exercised diligence, the applicable deadline could not reasonably have been met." *Huber*, 2012 WL 6082385, at *3. In particular, courts have held that a party lacks good cause "when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Charles*, 2015 WL 756886, at *2 (quoting *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (Engelmayer, J.)); *see also Christians of California, Inc. v. Clive Christian New York, LLP*, No. 13-CV-0275, 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2014) (Francis, Mag. J.).

The Court agrees with Judge Maas that even if Plaintiff could not reasonably have met the original deadline laid out in the scheduling order, she is not excused from exercising reasonable diligence thereafter. *See* (Memorandum Decision and Order, 11). Tardif learned the names of all six individuals she now wishes to substitute for John Doe Defendants *before* she filed her SAC, which, among other changes, substituted the name of an individual for a different

---

Dec. 10, 2009) (Francis, Mag. J.); *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, No. 07-CV-1178, 2008 WL 781823, at *1-2 (S.D.N.Y. Mar. 20, 2008) (Maas, Mag. J.).

John Doe Defendant.[7] *Id.* at 12. But she did not file her motion seeking leave to amend the complaint a third time until September 25, 2015, more than five months after she learned the identities of all six individuals.[8] *Id.* This lengthy delay, coupled with Tardif's failure to apprise the Court of her progress and her plans to make additional substitutions, falls far short of the diligence necessary to show good cause for the purposes of Rule 16.[9] *See Gullo*, 540 F. App'x at 47 ("The district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16.").

Accordingly, Judge Maas did not commit clear error in finding that Plaintiff lacked good cause for her failure to meet the deadlines set forth in the scheduling order, and therefore was not entitled to amend her complaint to add newly named parties.

### B. Denial of Leave to Add Claims

Plaintiff also argues that Judge Maas erred in denying her request to add new claims against existing Defendants because he interpreted the scheduling order deadline for asserting new "causes of action" to be a deadline for asserting new "claims." (Pl.'s Objections, 18-21). According to Plaintiff, a "cause of action" is "a sequence of factual events which give rise to a remedy," while a "claim" is "the legal theory under which relief is sought," and the scheduling order sets a deadline only for the former. *Id.* at 19.

---

[7] Tardif filed her motion requesting leave to file the SAC on March 25, 2015, at which time she knew the identities of five of the six individuals: John Does 1-4, who were identified in depositions between December 2014 and February 2015, and John Doe 5, who was identified by the City in a letter to Plaintiff on March 13, 2015. *See* (Torre Decl. ¶ 10).

[8] Although Tardif first advised the Court of her desire to file a TAC during a conference on August 13, 2015, she made no mention of substituting names for John Doe Defendants during that proceeding, and instead characterized the proposed changes as minor "clean-up." *See* (Transcript of Aug. 13, 2015 Conference, 7:24, 9:25).

[9] This Court agrees with Judge Maas that Plaintiff's explanation for her failure to include these substitutions in her SAC is unpersuasive. *See* (Memorandum Decision and Order, 13-14).

The Court, however, finds that Judge Maas's reading of the scheduling order is not clearly erroneous or contrary to law. Lawyers and judges often use the terms "cause of action" and "claim" interchangeably, and their meanings are not as fixed as Plaintiff argues. Indeed, Plaintiff herself uses the term "cause of action" to refer to a legal theory in her TAC. She enumerates nine different "causes of action" based on distinct legal theories that entitle her to relief—such as violations of her First and Fourth Amendment rights under the U.S. Constitution, discrimination in violation of the Americans with Disabilities Act, and assault and battery in violation of New York State law—even though many of these "causes of action" are predicated on the same underlying sequences of factual events. *See* (TAC, 16-29 [Doc. No. 135]).

Judge Maas's interpretation also makes sense in light of the scheduling order as a whole. There is no separate deadline in the order for adding "claims," and the deadline for asserting additional causes of action is the same as the deadline for asserting additional defenses, which are *legal theories* under which a defendant may avoid liability. *See* (First Amended Scheduling Order, 1 [Doc. No. 48]). Given that the purpose of the scheduling order is to ensure "that at some point both the parties and the pleadings will be fixed," Judge Maas's interpretation is eminently logical and reasonable. Thus, the Court declines to overrule his determination that Plaintiff may not bring additional claims against existing Defendants in her TAC.

### C. Prejudice to the Defendants

Finally, Plaintiff argues that Judge Maas erred in failing to consider the absence of prejudice to Defendants in assessing whether Plaintiff should be allowed to amend her complaint. (Pl.'s Objections, 21-22). However, Plaintiff's own authorities do not support her argument.

"A court may deny leave to amend for lack of diligence, even if amendment would not prejudice the non-moving party." *Allgaier v. Peterson*, No. 13-CV-5112, 2015 WL 5459808, at *4 (S.D.N.Y. Aug. 13, 2015) (Briccetti, J.) (citing *Gullo*, 540 F. App'x at 47). In ruling on a motion to amend that comes after the relevant deadline in a scheduling order, courts typically consider prejudice to the non-moving party only *after* deciding whether the moving party has shown good cause for his or her delay. In *Allgaier*, the court found that the plaintiff had shown good cause under Rule 16 for one of his claims but not for the other; the court then considered prejudice to the non-moving party *only* with respect to the claim where plaintiff had shown good cause, as part of its analysis under Rule 15. *See* 2015 WL 5459808, at *5; *see also Charles*, 2015 WL 756886, at *2 (denying leave to amend because plaintiff had failed to show proper diligence without any analysis of whether defendants suffered prejudice).

Here, where Plaintiff has not shown good cause for her delay in seeking amendment, Judge Maas is not required to consider prejudice to the Defendants as part of his analysis. Thus, his decision is not contrary to law.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections are overruled and Judge Maas's Memorandum Decision and Order is AFFIRMED.

SO ORDERED.

Dated: New York, New York
May 3, 2016

/s/
KIMBA M. WOOD
United States District Judge