UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARY M. TARDIF,

               Plaintiff

         -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, INSPECTOR JOHN O'CONNELL, DEPUTY INSPECTOR EDWARD WINSKI, POLICE OFFICER JAMES MCNAMARA, POLICE OFFICER ALENA AMINOVA, POLICE OFFICER KENDAL CREER, POLICE OFFICER MARSHA RUMBLE, POLICE OFFICER FELIX SCHMIDT, DEPUTY INSPECTOR DANIEL MULLIGAN, SERGEANT THOMAS MCMANUS, AND JOHN DOE NYPD OFFICERS ## 1-9,

               Defendants.

------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/17
```

OPINION AND ORDER

No. 13 CV 4056 (KMW)

KIMBA M. WOOD, District Judge:

      I have reviewed <u>de novo</u> Magistrate Judge Fox's thorough and fairly-reasoned Report and Recommendation ("R&R") that the Defendants' Motion for Summary Judgment be granted in part and denied in part. I adopt the R&R in part, as indicated below. I analyze each of Plaintiff's claims in the order in which they were presented in her Third Amended Complaint.

    *1. False Arrest in Violation of the Fourth Amendment against Inspector O'Connell and Officer Aminova*

      Plaintiff brings this § 1983 claim in connection with her April 16, 2012 arrest following her participation in an Occupy Wall Street protest. Defendants argue throughout their moving

1

papers that the individual defendants are entitled to qualified immunity for the alleged false arrest, and for each other claim Plaintiff brings.

Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). Government actors performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was "objectively reasonable" for him to believe that his actions were lawful at the time of the challenged act. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). The objective reasonableness test is met—and the defendant is entitled to immunity—if "officers of reasonable competence could disagree" on the legality of the defendant's actions. *Malley v. Briggs,* 475 U.S. 335, 341 (1989). *See also Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995).

In order to establish a § 1983 claim of false arrest, Plaintiff must prove that her arrest was not otherwise justified, or not the result of valid probable cause. *Savino v. City of New York,* 331 F.3d 63, 75 (2d Cir. 2003). Plaintiff was arrested on April 16, 2012 for disorderly conduct and making unreasonable noise in violation of New York State Penal Law § 240.20(2). On the date of the arrest, the NYPD Quality of Life 3-1-1 call center received numerous complaints of disturbance, loud screaming, and other noise from the site of an Occupy Wall Street protest in which Plaintiff was in attendance. R&R at 21-23. Police officers at the scene proceeded to arrest Plaintiff after observing her producing unreasonable noise. *Id.* Plaintiff contends that Magistrate Judge Fox relied on inadmissible evidence, namely, the 3-1-1 call logs, in recommending summary

judgment in favor of Defendants on Plaintiff's false arrest claim. Pl's. Obj. to R&R at 14. The Court finds this issue to be immaterial. The call logs can be considered not for their truth, but for their effect on the officers in forming a determination of probable cause to arrest. *See* Fed. R. Evid. 801. Irrespective of whether the 3-1-1 call logs should have been considered, Magistrate Judge Fox indicates that enough other evidence existed to constitute probable cause for Plaintiff's arrest. R&R at 20-25. Probable cause "is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996).

The Court thus adopts Magistrate Judge Fox's recommendation that summary judgment be granted in favor of Officers O'Connell and Aminova on Plaintiff's § 1983 false arrest claim.

   *2. Use of Force in Violation of the Fourth Amendment Against Inspector O'Connell, Officer Rumble, Deputy Inspector Mulligan, Sergeant Thomas McManus and John Does ##1-5 and 8-9.*

Plaintiff also brings a federal § 1983 claim for excessive use of force in connection with her March 17, March 21, and April 16, 2012 arrests, all of which followed her participation in Occupy Wall Street protests. Plaintiff notes in her memorandum of law in opposition to Defendants' motion for summary judgment that she will no longer pursue use of force-based claims against Officer Rumble, Deputy Inspector Mulligan, or Inspector O'Connell. Pl's. Opp'n. at 5. The Court thus dismisses Plaintiff's excessive force claim against Officer Rumble, Deputy Inspector Mulligan and Inspector O'Connell.

As Defendants note throughout their moving papers, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Plaintiff continues to allege that John Does ## 1-5 and 8-9 were directly involved in her arrest and the use of excessive force against her.

3

However, after extensive fact discovery and the filing of three amended complaints, Plaintiff is still unable to identify the John Doe officers. Where a plaintiff has had ample time to identify a Doe defendant and still has not done so, a plaintiff cannot continue to maintain a suit against the John Doe defendant(s). *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 301 (S.D.N.Y. 2009) (Karas, J.). *See also Watkins v. Doe,* 2006 WL 648022, at *3 (S.D.N.Y. Mar.14, 2006) (Castel, J.) (dismissing without prejudice claims against "Doe" defendants where "despite having the full opportunity to conduct discovery, plaintiff has not yet identified and served [those] defendants"). The Court thus dismisses Plaintiff's excessive force claims against John Doe defendants ##1-9.

The only remaining defendant against whom Plaintiff brings a § 1983 excessive force claim is Officer McManus. The Court does find a genuine dispute of material fact as to whether Officer McManus's use of force against Plaintiff in effectuating her March 21, 2012 arrest was so unreasonable as to abrogate his entitlement to qualified immunity. According to the factual record, Defendant McManus pushed Plaintiff off of her crutches and onto the ground. 56.1 ¶ 540, Ex. 23, Ex. 33 ¶ 261, 264-8. Because a reasonable jury could find that Defendant McManus's use of force on the Plaintiff was "objectively unreasonable in light of the facts and circumstances confronting [him]," *Caravahlo v. City of New York,* 2016 WL 1274575 at *9 (quoting *Graham v. Connor,* 490 U.S. 386, 397 (1989) (Castel, J.)), the Court declines to dismisses Plaintiff's excessive force claim against Sergeant McManus. It thus declines to fully adopt Magistrate Judge Fox's recommendation that summary judgment on Plaintiff's claim of excessive force be granted in favor of all defendants.

### 3. *Deliberate Indifference to a Medical Condition in Violation of the Fourteenth Amendment Against Officer Rumble and Officer Schmidt*

Plaintiff's claim of deliberate indifference to her medical condition stems from an alleged repeated failure of Defendants to respond to and treat Plaintiff's epilepsy while in police custody. The Court finds a genuine dispute of material fact as to whether Defendants' conduct was reasonable during Plaintiff's March 17-18, 2012 and April 16, 2012 terms of custody. Officers failed to respond to repeated requests by Plaintiff for her seizure medication, which her doctor had directed her to take at specific times. After failing to take her medication, Plaintiff experienced seizures while in police custody. 56.1 ¶ 153, 177-178, 509-510, 617, 619-622.

Magistrate Judge Fox recommended dismissing Plaintiff's claim of deliberate indifference on the grounds that Officers Rumble and Schmidt are entitled to qualified immunity. R&R at 33. Though in agreement with Plaintiff that the NYPD had violated its own internal guidelines in failing to provide certain medical care to Plaintiff, he nonetheless viewed summary judgment as appropriate because "plaintiff failed to identify a case where officers were held to have violated Fourteenth Amendment rights by violating NYPD's own guidelines in circumstances similar to those of this case." *Id.* A violation of Department procedure indicates a possibility that a juror could find the officer's actions so unreasonable as to give rise to § 1983 liability. The Court thus declines to adopt Judge Fox's Recommendation, and denies Defendants' motion for summary judgment on Plaintiff's deliberate indifference to her medical condition claim.

### 4. *Unconstitutional Conditions of Confinement in Violation of the Fourteenth Amendment against Officer Rumble and Officer Schmidt*

Plaintiff brings her § 1983 claim of unconstitutional conditions of confinement in connection with her March 17 and April 16, 2012, arrests. Magistrate Judge Fox recommended dismissing Plaintiff's § 1983 unconstitutional conditions of confinement claim because Plaintiff "failed to identify a case

where officers acting under circumstances similar to those described in the undisputed facts ... were held to have violated a Plaintiff's constitutional rights under the Fourteenth Amendment." R&R at 34. The Court does not find this fact, in itself, sufficient to vitiate otherwise valid disputes of material fact (as noted above) that go to the reasonableness of Plaintiff's medical treatment while in police custody. The Court declines to adopt Magistrate Judge Fox's recommendation that Defendants' motion be granted on qualified immunity grounds. It denies Defendants' motion for summary judgment with respect to Plaintiff's § 1983 claim of unconstitutional conditions of confinement.

5. *Americans with Disabilities Act Claim against the NYPD and the City of New York*

Plaintiff concedes that the law does not permit her to bring an Americans with Disabilities Act ("ADA") claim against the NYPD. She nonetheless preserves her ADA claim against the City of New York.

To establish a valid ADA claim a plaintiff must make a prima facie showing that "(1) she is a 'qualified individual' with a disability; (2) [she] was excluded from participation in a public entity's services, programs, or activities or was otherwise discriminated against by a public entity; and (3) such exclusion or discrimination was due to [her] disability." *Hargrave v. Vermont*, 340 F.2d 37, 34-35 (2d Cir. 2003). "A qualified individual can base a discrimination claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Fulton v. Goord,* 591 F.3d 37, 43 (2d Cir. 2009).

To satisfy the "intentional discrimination" theory, a plaintiff need not demonstrate "personal animosity or ill will," but rather, need only show "deliberate indifference to the strong likelihood of a violation." *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009).

The Court finds that Plaintiff has failed to raise a proper ADA claim. Mere failure attend to the medical needs of a person in custody does not in itself violate the ADA. Courts "routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability." *Elbert v. N.Y. State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595 (S.D.N.Y. 2010) (Karas, J.).[1] Plaintiff's claim of inadequate medical treatment is properly construed as one of unconstitutional conditions of confinement or deliberate indifference to her medical condition in violation of the Fourteenth Amendment, which Plaintiff also alleges. It thus declines to adopt Magistrate Judge Fox's recommendation, and grants summary judgment in favor of Defendants on Plaintiff's ADA claims against the City of New York.

---

[1] *See also Doe v. Pfrommer*, 148 F.3d 73 (2d Cir. 1998) (dismissing ADA claim where it was "clear that the plaintiff [wa]s in essence challenging the adequacy of his [Vocational Educational Services for Individuals with Disabilities] services, not illegal disability discrimination"); *Atkins v. County of Orange*, 251 F.Supp.2d at 1225, 1232 (S.D.N.Y. 2003) (Conner, J.) (dismissing mentally-disabled inmates' ADA claim, which alleged that they were placed in isolation, because they did not "allege that violent and self-destructive inmates who are disabled due to mental illness are treated any differently than violent, self-destructive inmates who are not disabled due to mental illness"); *Id.*(dismissing disabled plaintiff's ADA claim that alleged that he received an "inappropriate medical regime [that] caused him to sleep all the time, miss recreation and meal opportunities and otherwise deprive[d] him of any significant activity of any kind while he was at the jail," because the claim was "in essence challenging the adequacy of the mental health services provided at the Jail, not illegal disability discrimination" (internal quotation marks omitted)). *Nails v. Laplante*, 596 F.Supp.2d 475, 481–82 (D.Conn.2009) (dismissing inmate's ADA claim, which focused on inadequate medical care, because the complaint "d[id] not include any non-conclusory allegations of discriminatory animus or ill will based on his disability and identifie[d] no program he could not participate in or any service that was denied as a result of his disability").

*6. New York State Law Assault and Battery claim against Officer Creer, Deputy Inspector Mulligan, Sergeant Thomas McManus, and John Does ## 1-5, 8-9*

Under New York law, an "assault" is an intentional placing of another person in fear of imminent harmful or offensive contact" and a "battery" is an intentional wrongful physical contact with another person without consent. *See, e.g., Green v. City of New York*, 465 F.3d 65, 86 (2d Cir. 2006). A police officer's use of force in effectuating an arrest may constitute an assault and battery when the force is "objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Caravalho v. City of New York*, 2016 WL 1274575, at *9 (S.D.N.Y. March 31, 2016) (Castel, J.), *quoting Graham v. Connor*, 490 U.S. 386, 397 (1989). The Court agrees with Magistrate Judge Fox's determination that no genuine dispute of material fact exists as to Officer Creer's involvement in an alleged assault and battery on either of the two arrest dates in question. R&R at 27-29. As Magistrate Judge Fox notes, the parties do not dispute that the officer who allegedly used unreasonable force on Plaintiff bears no physical resemblance to Officer Creer. *Id.* The Court thus dismisses Plaintiff's assault and battery claim against Officer Creer.

Because Plaintiff has indicated that she will no longer pursue use-of-force based claims against Deputy Inspector Mulligan, R&R at 8, the Court also dismisses Plaintiff's assault and battery claim against Deputy Inspector Mulligan.

The only remaining individual defendants are Sergeant McManus, and still unidentified John Does ##1-5, and 8-9. As previously noted, fictitious parties must eventually be dismissed if discovery does not yield their identities. Because, after lengthy discovery, Plaintiff has still failed to identify John Does ## 1-4 and 8-9, Plaintiff's assault and battery claim against them is dismissed. Because the Court preserves Plaintiff's excessive force claim against Sergeant

McManus in connection with her March 21, 2012 arrest, it also preserves her assault and battery claim against him.

It thus adopts Judge Fox's Recommendation with regard to Defendants Creer, Mulligan, John Does ##1-5 and 8-9, but denies Defendants' motion for summary judgment with respect to Sergeant McManus.

7. *First Amendment Retaliatory Arrest claim against Deputy Inspector O'Connell and Officer Aminova.*

In order to state a claim for First Amendment retaliation, plaintiff must establish "1) [she] ha[s] an interest protected by the First Amendment; 2) defendants' actions were motivated or substantially caused by [her] exercise of that right; and 3) defendant's actions effectively chilled the exercise of [her] first Amendment right." *Kuck v. Danaher,* 600 F.3d 159, 168 (2d Cir. 2010). Because the Court agrees with Magistrate Judge Fox's finding that there was probable cause to arrest Plaintiff on April 16, 2012, it finds that Plaintiff has failed to prove a protected interest. It thus also agrees with Magistrate Judge Fox that Plaintiff's First Amendment retaliation claim must be dismissed on qualified immunity grounds. The Court adopts Magistrate Judge Fox's recommendation that summary judgment be granted in favor of Officers O'Connell and Aminova on Plaintiff's First Amendment retaliation claim.

8. *Malicious prosecution against Deputy Inspector O'Connell and Officer Aminova.*

Plaintiff's malicious prosecution claim arises from her April 16, 2012 arrest for unreasonable noise. To establish a malicious prosecution claim, New York law requires that Plaintiff prove "that the defendant lacked probable cause to believe that the proceeding could succeed." *Posr v. Court*

9

*Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir. 1999). Plaintiff's April 16, 2012 arrest followed numerous justifiable orders by the NYPD to minimize protest noise level. 56.1 ¶¶ 310, 313-322, 340-341. The Court once again notes its earlier finding that probable cause existed for Plaintiff's April 16, 2012 arrest. It thus also finds probable cause for any subsequent prosecution stemming from that arrest. The Court adopts Magistrate Judge Fox's recommendation that Plaintiff's malicious prosecution claim be dismissed.

9. *Respondeat Superior Claims Against the City of New York*

Plaintiff alleges *respondeat superior* liability against the City of New York for four of the six § 1983 claims she brings. Specifically, she claims *respondeat superior* liability for her alleged false arrest, the use of excessive force against her, deliberate indifference to her medical condition, and alleged unconstitutional conditions of confinement. Magistrate Judge Fox dismissed all of Plaintiff's *respondeat superior* claims for failure to prove that the officers acted pursuant to municipal policy or custom, as is required under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). It is well settled that that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original).

In Plaintiff's objection to the R&R, she nonetheless argues that Magistrate Judge Fox wrongfully conflated her <u>state law</u> *respondeat superior* claims with *Monell* and the federal § 1983 municipal liability standard. Nowhere in Plaintiff's Third Amended Complaint does she indicate that her *respondeat superior* claims arise under New York state, and not federal, law. Because the four predicate claims for which Plaintiff seeks *respondeat superior* liability are federal §1983

allegations[2], the Court assesses any vicarious liability under the high *Monell* standard. The Court agrees with Magistrate Judge Fox that none of the actions undertaken by the individual defendants were performed pursuant to municipal policy or custom. It thus dismisses all *respondeat superior* claims against the City of New York.

## CONCLUSION

The Court grants Defendants' motion for summary judgment on all claims except Plaintiff's deliberate indifference to her medical condition claim, Plaintiff's unconstitutional conditions of confinement claim, Plaintiff's excessive force claim against Sergeant McManus, and Plaintiff's assault and battery claim against Sergeant McManus. This Opinion and Order resolves Docket Entry No. 164.

SO ORDERED.

DATED:   New York, New York

   March 21, 2017

_____

KIMBA M. WOOD

United States District Judge

---

[2] *See* Plaintiff's Third Amended Complaint at ¶ 230, where she states that "The defendant officers were engaged in governmental activity as on duty New York City police officers when they falsely arrested Plaintiff without probable cause, used excessive force in the course of arresting Plaintiff, were deliberately indifferent to Plaintiff's serious medical condition, and subjected Plaintiff to unconstitutional conditions of confinement."

11