UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MARY M. TARDIF,

                            Plaintiff,

      -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, INSPECTOR JOHN O'CONNELL, DEPUTY INSPECTOR EDWARD WINSKI, POLICE OFFICER JAMES MCNAMARA, POLICE OFFICER ALENA AMINOVA, POLICE OFFICER KENDAL CREER, POLICE OFFICER MARSHA RUMBLE, POLICE OFFICER FELIX SCHMIDT, DEPUTY INSPECTOR DANIEL MULLIGAN, SERGEANT THOMAS MCMANUS, AND JOHN DOE NYPD OFFICERS ##1-9

                            Defendants.

------------------------------------------------------------------------- x

**PLAINTIFF'S NOTICE OF MOTIONS *IN LIMINE***

**13-civ-4056 (KMW)(KNF)**

PLEASE TAKE NOTICE that upon the attached memorandum and supporting documents, Plaintiff will move this Court on January 16, 2018, for an order:

(1) Pursuant to Fed. R. Evid. 401-403 and 703, to preclude any specific evidence concerning the causes of Plaintiff's PTSD prior to January, 2012;

(2) Pursuant to Fed. R. Evid. 401-403 and 703, to preclude any specific evidence concerning the causes of Plaintiff's mental health history prior to January, 2012;

(3) Plaintiff will move pursuant to Fed. R. Evid. 401 and 403, to preclude any evidence of Plaintiff's prior recreational drug use;

(4) Pursuant to Fed. R. Evid. 202(b)(2), taking judicial notice of both the City of New York Parks and Recreation Tree Planting Standards §3.1.7 and the City of New York Department of Transportation Infrastructure Design Standards §3.04.2, demonstrating

1

that the hexagonal asphalt paving stones at Union Square Park shown in Exh. 31 are 8-inches by 8-inches in width, from each parallel side;

(5) Pursuant to this Court's First Amended Scheduling Order (Dkt. 48) and Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)(A)(ii), precluding Defendants from presenting as a witness member of the NYPD Communications Division whose identify Defendants did not disclose in discovery as someone likely to have discoverable information in support of their defenses;

(6) Pursuant to Fed. R. Civ. P. 16, requiring Defendants to stipulate to the uncontested facts set forth in Exhibit 10;

(7) Requiring that both parties refer to her fact witness, formerly known as James Amico, as MariJade Storm Summers and stipulate that the following pronouns will be used to identify and address Ms. Summers at trial: "she," "her," and "hers";

(8) Requiring that both parties refer to her fact witness, formerly known as Tony Zilka, as Mandy Quinn and stipulate that the following pronouns will be used to identify and address Ms. Quinn at trial: "she," "her," and "hers"; and

(9) Allowing the parties to use Trial Director Software for projection of exhibits during trial.

Hempstead, NY
January 16, 2018

                                      Community Legal Assistance Corp.
                                      Stefan H. Krieger (SK1748)
                                      Theo Liebmann
                                      108 Hofstra University
                                      Joan F. Axinn Hall
                                      Hempstead, New York 11549 lawshk@hofstra.edu
                                      (516) 463-6078

                                      Gideon Orion Oliver (GO 8799)
                                      277 Broadway, Suite 1501

New York, New York 10007
Gideon@GideonLaw.com
(646) (646) 263-3495