UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
MARY M. TARDIF,

                                    Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, INSPECTOR JOHN O'CONNELL, DEPUTY INSPECTOR EDWARD WINSKI, POLICE OFFICER JAMES MCNAMARA, POLICE OFFICER ALENA AMINOVA, POLICE OFFICER KENDAL CREER, POLICE OFFICER MARSHA RUMBLE, POLICE OFFICER FELIX SCHMIDT, DEPUTY INSPECTOR DANIEL MULLIGAN, SERGEANT THOMAS MCMANUS, AND JOHN DOE NYPD OFFICERS ##1-9

                                    Defendants.
-------------------------------------------------------------------

13-civ-4056 (KMW)(KNF)

**DECLARATION OF STEFAN H. KRIEGER IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE THE EXPERT REPORT OF ROBERT GOLDMAN, Psy.D**

    I, Stefan H. Krieger, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am the Attorney-in-Charge of the Hofstra Law Reform Advocacy Clinic and the lead attorney for Plaintiff in this case.

    2.    I base this declaration on my personal knowledge of the proceedings in this case and a review of the files in this case.

    3.    I submit this declaration in opposition to Defendants' Motion to Preclude the Expert Opinion of Robert Goldman, Psy.D. ("Motion").

    4.    Plaintiff is submitting two exhibits in opposition to Defendants' motion. Those exhibits support Plaintiff's motion in opposition to Defendants' motion.

## AUTHENTICATION OF EXHIBITS

5. Exhibit 1 is a true and accurate copy of Dr. Goldman's expert report dated December 11, 2014.

6. Exhibit 2 is excerpts from the deposition of Dr. Goldman dated February 5, 2015.

## NON-RECEIPT OF DR. GOLDMAN'S DEPOSITION TRANSCRIPT

7. Dr. Goldman was deposed by Defendants on February 5, 2015.

8. At Dr. Goldman's deposition, per the Southern District standard federal stipulations, the parties agreed that "filing and certification of the within deposition be waived; that the original of the deposition may be signed and sworn to by the witness before anyone authorized to administer an oath, with the same effect as if signed before a Judge of the Court; that an unsigned copy of the deposition may be used with the same force and effect as if signed by the witness, 30 days after service of the original & 1 copy of same upon counsel for the witness."  (Exh. 2 at 3).

9. Our office never received Dr. Goldman's deposition transcript from Defendants.

10. When our office received Defendants' motion, we again checked our records and found that we had no receipt of Dr. Goldman's deposition transcript from Defendants.

11. In an abundance of caution, our office contacted Dr. Goldman on January 24, 2018 to inquire if he had received a copy of his deposition transcript.

12. On January 26, 2018, Plaintiff contacted Defendants, stating that Defendants had failed to comply with our request to review the deposition transcript pursuant to Fed. R. Civ. P. 30(e)(1).

13. On January 29, 2018, Defendants responded by stating that although they believe that the transcript from the deposition of Dr. Goldman was produced to Plaintiff, they were re-sending it.

14. Plaintiff did not receive a copy of Dr. Goldman's deposition transcript from Defendants until January 29, 2018, nearly 3 years after the deposition was taken.

15. On January 29, 2018, Plaintiff asked Defendants for proof that Defendants had previously sent the deposition transcript.

16. Defendants responded that they would check their records and respond.

17. To this date, Defendants have not provided proof that they had previously sent Plaintiff a copy of Dr. Goldman's deposition transcript.

18. Plaintiff reserves the right to submit the errata sheet from Dr. Goldman's deposition transcript within 30 days of January 29, 2018.

Dated: Hempstead, New York
    February 6, 2018

_____
Stefan H. Krieger (SK1748)