UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARY M. TARDIF,

        Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, INSPECTOR JOHN
O'CONNELL, DEPUTY INSPECTOR
EDWARD WINSKI, POLICE OFFICER
JAMES MCNAMARA, POLICE OFFICER
ALENA AMINOVA, POLICE OFFICER
KENDAL CREER, POLICE OFFICER
MARSHA RUMBLE, POLICE OFFICER
FELIX SCHMIDT, DEPUTY INSPECTOR
DANIEL MULLIGAN, SERGEANT
THOMAS MCMANUS, AND JOHN DOE
NYPD OFFICERS ## 1-9,

        Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/18

13-cv-4056 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

  In this suit, Plaintiff Mary Tardif brings several claims against the New York City Police Department ("NYPD") and certain individual NYPD employees (collectively, the "Defendants"). The parties have engaged in motion practice, the Court has held a final pretrial conference, and trial is set to begin on November 14, 2018. Now—fewer than two weeks prior to the scheduled start of trial—Defendants have requested leave to amend their answer to the operative complaint, stating that they erroneously admitted one of Tardif's allegations.

  The admission Defendants seek to withdraw pertains to constitutional violations that Tardif alleges occurred while she was in police custody. On April 16, 2012, Tardif was arrested and placed in a police van for transport to a local precinct. Tardif alleges, *inter alia*, that while in the police van, she had a seizure, and that Defendant Officers Rumble and Schmidt violated

her constitutional rights by failing to take her directly to a hospital. In their January 29, 2016 answer to Tardif's Third Amended Complaint, Defendants admitted that Tardif experienced a seizure while in the police van on April 16, 2012. Defendants now move for leave to amend their answer in order to withdraw that admission. For the reasons below, the Court DENIES Defendants' motion.

## BACKGROUND

Although the parties are surely familiar with the facts of this case, certain aspects of the case's procedural history are particularly germane to the Court's denial of Defendants' motion. Accordingly, the Court recounts in detail the parties' prior filings and its earlier orders to the extent they are relevant to the present motion.

Tardif filed the initial complaint in this suit on June 13, 2013. (ECF No. 1.) In her initial complaint, Tardif asserted that she suffered a seizure while in police custody in an NYPD van on April 16, 2012. (*Id.* ¶ 104.) In Defendants' answer to Tardif's initial complaint, they denied knowledge or information sufficient to form a belief as to whether Tardif began to experience a seizure in the police van. (ECF No. 8, at ¶ 104.) Subsequently, on December 5, 2013, Tardif filed an Amended Complaint, in which she again asserted that she experienced a seizure in the police van. (ECF No. 10, at ¶ 116.) In their answer to Tardif's Amended Complaint, Defendants again denied knowledge or information sufficient to form a belief as to Tardif's seizure in the police van. (ECF No. 25, at ¶ 116.) Tardif later filed a Second Amended Complaint, which Defendants did not answer. (ECF No. 62.)

On June 3, 2014, this Court entered a scheduling order, stating that "[e]xcept for good cause shown . . . [n]o additional causes of action or defenses may be asserted." (ECF No. 40, at 1.) The order also stated that no additional parties could be joined after September 15, 2014,

2

and set deadlines for, *inter alia*, discovery and pretrial motions.[1]  (*Id.*)

On September 25, 2015, despite the scheduling order, Tardif moved for leave to file a Third Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. (ECF No. 78.)  Defendants opposed this request, arguing that because a scheduling order was in place, Rule 16, not Rule 15, governed the motion to amend, and that Tardif had not shown "good cause" for the untimely amendment as required by Rule 16.  (ECF No. 86.)

On December 17, 2015, Magistrate Judge Maas denied Tardif's motion to amend her complaint insofar as she sought to substitute the names of six police officers for designated John Doe defendants and sought to bring new claims against existing named Defendants. (ECF No. 117.)  Judge Maas agreed with Defendants that Rule 16 governed Tardif's motion and found that Tardif had not shown "good cause" for her failure to comply with the deadlines set forth in the scheduling order.  (*Id.* at 10–15.)  Nonetheless, Judge Maas granted Tardif leave to amend her complaint to the extent her desired amendments were "ministerial" or unopposed by Defendants, and so long as the amendments did not add additional claims.  (*See id.* at 17–18.)  This Court subsequently affirmed Judge Maas's decision, finding no clear error in his rulings. (ECF No. 150, at 4–5.)

On January 15, 2016, Tardif filed a Third Amended Complaint, which is now the operative complaint in this case.  (ECF No. 135.)  On January 29, 2016, Defendants filed an answer to the Third Amended Complaint.  (ECF No. 138.)  With respect to Tardif's allegation that she had a seizure in the police van, Defendants responded, "Admit that plaintiff experienced a seizure in the police van."  (*Id.* ¶ 116.)

---

[1] The order set a deadline of February 13, 2015, for the completion of all discovery.  (*Id.*)  That deadline subsequently was extended to February 27 and later to June 30, 2015. (ECF Nos. 48, 63.)

3

On June 1, 2016, Defendants moved for summary judgment on all of Tardif's claims and filed a statement of undisputed material facts pursuant to Local Rule 56.1. (ECF Nos. 164, 165.) In her counter-statement to Defendants' Rule 56.1 statement, Tardif stated that she suffered a seizure before the NYPD van began to move. (ECF No. 169, at ¶ 613.) Defendants did not dispute that the seizure occurred; rather, they asserted that the seizure began later. (*See id.* ("Plaintiff had a seizure while the Patrol Wagon was en route to the 7th precinct. Video . . . also shows that the Patrol Wagon is moving in traffic when plaintiff is having a seizure." (citations omitted)); *see also id.* ¶ 620 ("Plaintiff's seizure occurred in the Patrol Wagon while en route to the 7th precinct with other arrestees.").) In support of their response, Defendants cited depositions of Officer Aminova, Officer Rumble, and video provided by Tardif. (*Id.*)

On November 2, 2018, Defendants filed the present motion, requesting leave to amend their answer to Tardif's Third Amended Complaint in order to withdraw their admission that Plaintiff experienced a seizure in the police van. (ECF No. 307 ("Defs.' Nov. 2 Ltr.").) Defendants contend that the admission was "erroneous" and that the "attorney who prepared the answer stated an admission she should not have made because the evidence at trial would contradict that admission." *Id.* at 2–3. They further argue that allowing the attorney's "mistake" to stand would punish their individual clients, Defendant Officers Schmidt and Rumble, and that there will be no prejudice to Tardif by allowing the amendment. *Id.*

On November 5, 2018, Tardif filed a letter opposing Defendants' motion. (ECF No. 308.) Defendants filed a reply on the same day. (ECF No. 310 ("Defs.' Reply").)

**A. Legal Standard**

The parties disagree as to whether Defendants' motion is governed by Rule 15 or Rule 16 of the Federal Rule of Civil Procedure. If Rule 15 governs, then the Court should "freely" grant

4

Defendants leave to amend their answer "as justice so requires." Fed. R. Civ. P. 15. In contrast, if Rule 16 governs, then Defendants must show "good cause" to amend their answer. Fed. R. Civ. P. 16. Although the Court concludes that Rule 16's "good cause" standard governs Defendants' motion, the Court nonetheless also considers Defendants' motion under Rule 15 and finds that denial of the motion is equally justified under that Rule. Accordingly, both standards are discussed below, beginning with Rule 15.

1. Rule 15

Rule 15(a) generally governs the amendment of pleadings prior to trial. Pursuant to Rule 15(a), a party may amend its pleading once as a matter of course "within . . . 21 days after the service of a responsive pleading." Fed. R. Civ. P. 15(a). Thereafter, a party may do so "only with . . . the court's leave," which should be given "freely . . . when justice so requires." *Id.* In light of this language, courts usually look favorably on requests to amend under Rule 15(a). *See, e.g., Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (stating that "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith").

Whether to grant or deny leave to amend a pleading under Rule 15 "depends upon many factors, including 'undue delay, bad faith or dilatory motive on the part of the movant, . . . [and] undue prejudice to the opposing party by virtue of allowance of the amendment.'" *Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay," without more, "does not provide a basis for a district court to deny the right to amend." *Block*, 988 F.2d at 350 (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). Importantly, however, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* In measuring prejudice to the nonmovant, the Court considers

whether the amendment would require the nonmovant to expend significant additional resources to conduct discovery and prepare for trial, significantly delay the resolution of the dispute, or prevent the plaintiff from bringing a timely action in another jurisdiction. *Id.*

### 2. Rule 16

Where a scheduling order is in place, the liberal attitude toward amendment in Rule 15 of the Federal Rules of Civil Procedure must be "balanced" against the requirements of Rule 16, which governs pretrial scheduling orders. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, "despite the lenient standard of Rule 15(a)," if the deadline set in the scheduling order for amending the pleadings has passed, a district court may deny leave to amend "where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "A finding of 'good cause' depends on the diligence of the moving party." *Id.* Moreover, the absence of prejudice does not affect whether the moving party pursued amendment with diligence. *See Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013). Accordingly, although the Court may consider prejudice to the nonmovant in determining whether a movant has good cause for an untimely amendment, a lack of prejudice to the non-moving party is not determinative of a good cause finding. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

## DISCUSSION

The Court begins by explaining why Rule 16 governs its decision. However, because denial of Defendants' motion is warranted regardless of whether Rule 15 or Rule 16 is applied, it analyzes Defendants' motion under each rule.

6

### A. The Scheduling Order

The proper standard for Defendants' motion for leave to amend is Rule 16's "good cause" requirement. The undersigned entered a Rule 16 scheduling order in this case on June 3, 2014, which was amended on December 15, 2014. (*See* ECF Nos. 40, 48.) On April 29, 2015, Magistrate Judge Maas extended the discovery deadline to June 30, 2015, but did not otherwise amend the scheduling order. (ECF No. 63.) Nothing in the undersigned's Rule 16 orders sets an expiration date of June 30, 2015, nor did Judge Maas's extension of the deadline for discovery to June 30, 2015, cause the existing scheduling orders to expire on that date. (*See* ECF Nos. 40, 48, 63.) Defendants' assertion that "the Rule 16 scheduling order . . . ended on June 30, 2015" (*see* Defs.' Nov. 2 Ltr.) is therefore incorrect.

Moreover, Defendants' argument contradicts the position they took in prior filings. Defendants made exactly the *opposite* argument when they opposed Tardif's motion to file a Third Amended Complaint. In their opposition to Tardif's request to amend—which Defendants filed on October 9, 2015, three months after the date they now claim the Rule 16 scheduling order expired—Defendants told the Court:

> Plaintiff's leave to amend her Complaint should be denied . . . as she has not shown good cause. . . . Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Federal Rule 15(a) . . . must be balanced against the requirement under Federal Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause. The purpose of Rule 16(b)(4) is to offer a measure of certainty in pretrial proceedings ensuring that at some point both the parties and the pleadings will be fixed.

(ECF No. 87, at 15–16 (quotations, citations, and alterations omitted).) In short, it appears that when it was convenient for Defendants, they argued that Rule 16's "good cause" standard, and not Rule 15's more liberal approach, controlled the Court's decision to grant leave to amend. Defendants' attempt to now convince the Court otherwise is both inconsistent and unfounded.

7

### B. Defendants Have Not Shown the "Good Cause" Required by Rule 16

Turning to the application of Rule 16, the question for the Court is whether Defendants have shown "good cause" for their failure to timely correct their admission that Tardif had a seizure in the police van. They have not. The touchstone of "good cause" under Rule 16 is diligence on behalf of the moving party. *Parker*, 204 F.3d at 340. Defendants' explanation for their failure to timely request leave to amend their answer is that "[i]n preparation for trial, defense counsel conducted complete review of the evidence, and it has become apparent that the attorney who prepared the answer stated an admission she should not have made because the evidence would contradict that admission." (Defs.' Nov. 2 Ltr., at 3.)

Assuming the truth of Defendants' contention that the admission was a "mistake" (*id.*), Defendants have had ample warning of the need to correct their error. The answer Defendants seek to amend was filed over two and one-half years ago, on January 29, 2016. Moreover, the fact of Tardif's seizure was admitted by Defendants not only in their answer to the Third Amended Complaint, but also in subsequent motions Defendants filed with this Court. For example, in their memorandum supporting their motion for summary judgment, Defendants explained to the court, "[T]he evidence shows that plaintiff and several arrestees were en route to a nearby precinct when plaintiff experienced a seizure in the back of the police van. Once officers were aware that plaintiff was having a seizure, they immediately called for an ambulance." (ECF No. 165, at 14.) In support of this factual narrative, Defendants cited their own Local Rule 56.1 statement. (*Id.*) Defendants made the same admission in their reply to Tardif's 56.1 Counter-Statement, again supporting the admission with citations to record evidence. Repeatedly making the same "mistake" is the opposite of diligence.

Defendants also received ample warning of the alleged error by way of several orders issued by the undersigned and by Magistrate Judge Fox. In Magistrate Judge Fox's February 6,

8

February 6, 2017 Report and Recommendation, he described Tardif's claims arising from the events of April 16, 2012, quoting the language from Defendant's memorandum recited above. (*See* ECF No. 178, at 5–6.) Subsequently, in its August 23, 2017 Opinion & Order, this Court explained that Tardif's claim for deliberate indifference to a serious medical condition survived summary judgment, not because there was a dispute with regard to whether Plaintiff suffered a seizure, but because the parties "continue[d] to dispute how and when the officers responded to Plaintiff's seizure, as well as whether Plaintiff's epilepsy was sufficiently serious as to warrant certain medical care." (ECF No. 202, at 13.) In sum, the record demonstrates that Defendants were on notice of their allegedly erroneous admission throughout the pendency of this litigation. Therefore, they cannot show diligence with respect to their proposed amendment.

Accordingly, because Defendants failed to demonstrate the diligence required for a finding of "good cause" pursuant to Rule 16 of the Federal Rules of Civil Procedure, their untimely motion to amend their answer is denied.

### C. The Amendment Would Also be Barred under Rule 15

Even if Defendants were correct that Rule 15 governs this motion, there would be sufficient reason to deny Defendants leave to amend. First, Defendants' explanation for their delay in moving to amend their answer is unpersuasive and unavailing. As described at length above, Defendants' admission has been on the docket in multiple forms for years, and yet—until confronted by the prospect of trial—Defendants never attempted to amend their answer or to dispute any of the Court's decisions incorporating the admission. *See Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (finding an abuse of discretion where the district court granted leave to amend to a defendant who failed to move to amend its answer until after two pre-trial conferences, and only six days before the scheduled trial date, despite having the necessary information for the amendment for two years prior to making the motion); *Bode &*

*Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (describing a request to amend an answer "four years after litigation began, one year after summary judgment motions were decided, eight months after filing an amended answer and only days before trial" as "the very picture of undue delay").

Second, allowing the amendment at this juncture would prejudice Tardif. As Tardif points out, she has prepared her case for trial in reliance on Defendants' admission that she suffered a seizure. The issue Defendants seek to inject into trial—whether Tardif actually had a seizure in the police van on April 16, 2012—adds a new, unanticipated issue to the case. Not only did Defendants' answer to the Third Amended Complaint not raise this issue, it was not raised in their motion for summary judgment, nor was it raised at the final pretrial conference. Defendants argue that Tardif would not be prejudiced by their requested amendment because they did not make the seizure admission until after discovery had closed. This contention ignores Tardif's reliance on the admission in the time since the close of discovery. It also fails to take into account that, under Rule 15, "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block*, 988 F.2d at 350.

Accordingly, because the Court finds that Defendants exhibited undue delay in moving to amend their answer and that such amendment would cause undue prejudice to Tardif, Defendants' motion would also be properly denied under Rule 15 of the Federal Rules of Civil Procedure.[2]

---

[2] Defendants' contention that disallowing amendment would only "serve to punish an individual client" is not relevant to the Court's decision under either Rule 15 or Rule 16. It is black-letter law that a client assumes the risk of his attorney's actions and is bound even by the consequences of his attorney's negligence. *See, e.g.*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) ("[A]bsent a truly extraordinary situation, the client is not excused from the consequences of his attorney's nonfeasance." (citation omitted)).

10

## CONCLUSION

Defendants' motion for leave to amend its answer to the Third Amended Complaint is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 307.

SO ORDERED.

Dated: New York, New York
November 6, 2018

_/s/ Kimba M. Wood_
KIMBA M. WOOD
United States District Judge