UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARY M. TARDIF,

                                                    Plaintiff,

                        -against-

CITY OF NEW YORK, POLICE OFFICER MARSHA
RUMBLE, POLICE OFFICER FELIX SCHMIDT,
SERGEANT THOMAS MCMANUS,

                                                    Defendants.
------------------------------------------------------------------------ x

**DECLARATION IN
SUPPORT OF
DEFENDANTS'
APPLICATION FOR
COSTS AGAINST
PLAINTIFF**

13 Civ. 4056 (KMW)(KNF)

        **AMY ROBINSON**, declares pursuant to 28 U.S.C. §1746 and under penalty of perjury

that:

        1.      I am a Special Assistant Corporation Counsel in the Office of the Corporation

Counsel of the City of New York, and counsel for defendants in this action.  As such, I am

familiar with the facts and circumstances set forth herein.

        2.      I submit this Declaration in support of defendants' Bill of Costs and

application for an award of costs against Mary M. Tardif, ("plaintiff") in this action.

        3.      On or about June 13, 2013, plaintiff commenced the instant action by filing a

Complaint in the United States District Court for the Southern District of New York ("the

Court") 500 Pearl Street, New York, New York 10007.  Thereafter, on or about December 5,

2013, on or about April 28, 2015, and on or about January 15, 2016, plaintiff filed a First

Amended Complaint, a Second Amended Complaint, and a Third Amended Complaint,

respectively, in this action.  Plaintiff alleged various constitutional violations by defendants

stemming from plaintiff's March 17, 2012, March 21, 2012, and April 16, 2012 arrests following

her participation in Occupy Wall Street protests.  Specifically, plaintiff alleged claims pursuant

to 42 U.S.C. § 1983 and under New York State law, inter alia, for: (1) false arrest in violation of the Fourth Amendment; (2) excessive force in violation of the Fourth Amendment; (3) deliberate indifference to a medical condition in violation of the Fourteenth Amendment; (4) unconstitutional conditions of confinement in violation of the Fourteenth Amendment; (5) First Amendment retaliatory arrest; (6) discrimination under the Americans with Disabilities Act by the NYPD and the City of New York; (7) assault and battery; (8) malicious prosecution; and (9) respondeat superior liability against the City of New York.

4.      On June 6, 2014, defendants served plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of $35,001.00, plus reasonable attorney's fees, expenses, and costs to the date of the offer for plaintiff's federal claims. Plaintiff did not accept this offer. A true copy of the June 20, 2014 letter from plaintiff rejecting defendants' Rule 68 Offer of Judgment is annexed hereto as **Exhibit "A"**.

5.      On November 14, 2018, a jury trial in this action commenced in the United States District Court for the Southern District of New York before the Honorable Kimba M. Wood (U.S.D.J.).

6.      The trial concluded on November 21, 2018 when the jury returned a verdict in favor of the defendants.

7.      A copy of the Judgment, which was subsequently entered by the Court on April 9, 2019, is annexed hereto as **Exhibit "B"**.

8.      Defendants are entitled to costs as the prevailing party pursuant to Rule 54(d) (1) of the Federal Rules of Civil Procedure, insofar as the Court entered judgment in favor of defendants. Moreover, the defendants are entitled to costs pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68") because the Court granted summary judgment in

favor of the defendants, which, as a defendants' judgment, was not more favorable than the Rule 68 offer made to plaintiff.  Rule 68 provides in relevant part:

> "If the judgment finally obtained by the offeree is
> not more favorable than the offer, the offeree must
> pay the costs incurred after the making of the offer."

9.      Under the terms of Rule 68, plaintiff is liable to defendants for costs incurred by defendants after June 6, 2014, the date of the Offer of Judgment.

10.      Defendants now seek an award of costs in the amount of <u>$30,312.28</u> as the prevailing party in accordance with Rule 54(d) (1) of the Federal Rules of Civil Procedure and Rule 54.1 of the Local Civil Rules of the Southern District of New York and pursuant to the terms of Rule 68 for the following items.  The costs claimed are correctly stated, are allowable by law, and were necessarily incurred as stated herein.  Attached hereto as **Exhibit "C"** is defendants' Bill of Costs dated May 9, 2019.

**I.      <u>Costs for Transcripts under Local Rule 54.1(c) (1)</u>.**

11.      On November 20, 2018 and on November 27, 2018, defendants incurred costs for the daily trial transcripts obtained at the direction of the Court and prepared for each day of the trial for the purposes of providing a record for review, and which were necessary for use at trial for, including, but not limited to, the cross-examination of the plaintiff and plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

12.      As the prevailing party, pursuant to Rule 68 and to Local Rule 54.1(c) (1), defendants are entitled to the costs of the daily trial transcripts.  A true copy of each of the invoices received from the Official Court Reporters of the United States District Court for the Southern District of New York, together totaling <u>$3,796.38</u>, is annexed hereto as **Exhibit "D"**.

## II.    Costs for Depositions under Local Rule 54.1(c) (2).

13.    On November 6, 2014 and on October 15, 2015, defendants incurred costs together totaling to $903.60 for the depositions and transcripts of the plaintiff, Mary Tardif, necessarily obtained during discovery, and whose testimony was necessarily obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

14.    On January 20, 2015, defendants incurred costs totaling $368.55 for the deposition and transcript of nonparty witness, Lauren Digioia, necessarily obtained during discovery, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

15.    On February 5, 2015, defendants incurred costs totaling $637.55 for the deposition and transcript of plaintiff's expert witness, Dr. Robert Goldman, necessarily obtained during discovery, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

16.    On February 6, 2015, defendants incurred costs totaling $540.65 for the deposition and transcript of nonparty witness, James Amico, necessarily obtained during discovery, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of

plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

17.    On March 20, 2015, defendants incurred costs totaling $234.05 for the deposition and transcript of nonparty witness, Jessica Rechtshaffer, necessarily obtained during discovery, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

18.    On January 14, 2015, defendants incurred costs totaling $537.00 for the deposition transcript of defendant, Felix Schmidt, necessarily obtained during discovery on December 4. 2014, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

19.    On January 14, 2015, defendants incurred costs totaling $1,179.00 for the deposition transcript of defendant, John O'Connell, necessarily obtained during discovery on December 11, 2014, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

20.    On January 14, 2015, defendants incurred costs totaling $732.00 for the deposition transcript of defendant, James McNamara, necessarily obtained during discovery on December 18, 2014, and whose testimony was obtained in preparation for, and/or used at trial

Case 1:13-cv-04056-KMW-KNF   Document 359   Filed 05/09/19   Page 6 of 13

for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

21.    On February 2, 2015, defendants incurred costs totaling $534.00 for the deposition transcript of nonparty witness, Cheng Pak, necessarily obtained during discovery on January 8, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

22.    On February 2, 2015, defendants incurred costs totaling $540.00 for the deposition transcript of nonparty witness, Paul Linder, necessarily obtained during discovery on January 16, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

23.    On March 11, 2015, defendants incurred costs totaling $609.00 for the deposition transcript of defendant, Kendal Creer, necessarily obtained during discovery on January 22, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

24.    On March 11, 2015, defendants incurred costs totaling $405.00 for the deposition transcript of defendant, Deputy Inspector Daniel Mulligan, necessarily obtained

during discovery, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

25.    On April 28, 2015, defendants incurred costs totaling $738.00 for the deposition transcript of nonparty witness Lieutenant Sharon DeStefano, necessarily obtained during discovery on February 12, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

26.    On April 28, 2015, defendants incurred costs totaling $723.00 for the deposition transcript of nonparty witness P.O. Fee Ko, necessarily obtained during discovery on February 13, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

27.    On April 28, 2015, defendants incurred costs totaling $912.00 for the deposition transcript of defendant, Deputy Inspector Edward Winski, necessarily obtained during discovery on February 20, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

28.     On April 28, 2015, defendants incurred costs totaling $699.00 for the deposition transcript of nonparty witness, P.O. Brett Meritz-Saccente, necessarily obtained during discovery on March 5, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

29.     On July 1, 2015, defendants incurred costs totaling $1,116.00 for the deposition transcript of defendants' expert witness, Dr. Steven Fayer, necessarily obtained during discovery, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

30.     On July 1, 2015, defendants incurred costs totaling $723.00 for the deposition transcript of nonparty witness, Sergeant Giovanni Mattera, necessarily obtained during discovery on May 29, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

31.     On August 4, 2015, defendants incurred costs totaling $517.50 for the deposition transcript of nonparty witness, Police Officer John Baiera, necessarily obtained during discovery on June 19, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-

examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

32.     On August 4, 2015, defendants incurred costs totaling $360.00 for the deposition transcript of defendant, Sergeant Thomas McManus, necessarily obtained during discovery on June 23, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

33.     On August 4, 2015, defendants incurred costs totaling $462.00 for the deposition transcript of nonparty witness, Inspector Michael Pilecki, necessarily obtained during discovery on June 26, 2015, and whose testimony was obtained in preparation for, and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

34.     As the prevailing party, pursuant to Rule 68 and to Local Rule 54.1(c) (2), defendants are entitled to the costs for the above-referenced deposition transcripts, together totaling to $13,470.90.  A true copy of each of the invoices received from court stenographer, Diamond Reporting, Inc. ("Diamond") and transcription service provider, Geneva Worldwide is annexed hereto as **Exhibit "E"**.

35.     Notably, the invoices from Diamond indicated that an original and two copies of the deposition transcripts were provided.

36.     The Agency Chief Contracting Officer ("ACCO") of the New York City Law Department has confirmed that, pursuant to a contract then in effect between Diamond and the

New York City Law Department, an original and two copies of a transcript are provided when this office requests a deposition to be recorded by stenographic means.

37.    This office's contract with Diamond prior to April 15, 2015 provided for a unit cost of $3.65 per page, and this office's contract with Diamond beginning April 15, 2015 provided for a unit cost of $3.60 per page.  This per page unit cost of the transcript included the requirement that Diamond furnish two copies of the transcript.  A copy of a letter from Diamond Reporting, Inc. to this office dated February 23, 2011 representing this office's contract prior to April 15, 2015, along with a copy of a letter from Diamond Reporting, Inc. to this office dated December 23, 2016 representing this office's contract beginning April 15, 2015, and both reflecting the costs of its services provided through this office's contracts, are annexed hereto as **Exhibit "F"**.

38.    Had defendants only requested an original and one copy, defendants would have paid the same contractual unit cost per page.  Therefore, the second copy of the transcripts was <u>not</u> obtained at an additional cost.

39.    Nonetheless, to the extent that the Court determines that some reduction in the cost of the transcripts is appropriate, the proper rate for duplication of the second copy of the transcript is $.10 per page for depositions held prior to April 15, 2015 and $.12 per page for depositions held after April 15, 2015, as referenced in the aforementioned letters to this office from Diamond.

III.    <u>Witness Fees under Local Rule 54.1(c) (3).</u>

40.    On October 1, 2014, defendants incurred costs totaling <u>$775.00</u> for the consultation services and review of medical evidence by their own medical expert, Neurologist, Dr. Uriel Davis, that was necessarily obtained during discovery, and whose review and reports

were obtained in preparation for trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

41.    On February 5, 2015, defendants incurred costs totaling $2,250.00 for deposition travel, consultation services and review of medical evidence by plaintiff's expert in Psychology, Dr. Robert Goldman, that was necessarily obtained during discovery, and whose deposition was obtained in preparation for trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

42.    On March 26, 2015 and on November 8, 2018, defendants incurred costs together totaling $10,000.00 for the consultation services and review of plaintiff's medical evidence by defendants' medical expert, Dr. Steven Fayer, that was necessarily obtained during discovery, and whose reports were obtained in preparation for and/or used at trial for, including, but not limited to, the cross-examination of the plaintiff, the cross-examination of plaintiff's witnesses, the direct examination of the defendants, and the preparation of defendants' opening and closing arguments.

43.    As the prevailing party, pursuant to Rule 68 and to Local Rule 54.1(c) (3), defendants are entitled to the costs for the above-referenced witness fees, which together total to $13,025.00. A true copy of each of the invoices received from each of the aforementioned medical expert witnesses is annexed hereto as **Exhibit "G"**.

**IV.**    <u>Costs Under 28 U.S.C. §1923</u>.

21.    Further, defendants are entitled to an additional <u>$20.00</u> pursuant to 28 U.S.C. §1923.

22.    Thus, the total costs incurred by the defendants pursuant to Local Rule 54.1 in the defense of this action are <u>$30,312.28</u>.

**WHEREFORE,** it is respectfully requested that the Clerk issue an Order granting the defendants costs in the amount of <u>$30,312.28</u>.

Dated:        New York, New York
              May 9, 2019

/s
_____
Amy Robinson
*Special Assistant Corporation Counsel*
*Special Federal Litigation Division*

cc:    <u>VIA ECF</u>
Katherine Elizabeth Smith, Esq.
The Law Office of Katherine E. Smith
233 Broadway Ste. 1800
New York, NY 12079
Tel.:  (347) 470-3707
Email: ksmith@legalsmithny.com

Gideon Orion Oliver, Esq.
277 Broadway, Suite 1501
New York, NY 10007
Tel.:  (646) 263-3495
Fax:  (646) 349-2914
Email: gideon@gideonlaw.com

Serge A. Martinez, Esq.
Hoffinger Stern & Ross LLP
150 East 58th Street
New York, NY 10155
Tel.:  (516) 463-4739
Email: serge.martinez@hofstra.edu

Stefan Hillel Krieger, Esq.
Community Legal Assistance Corp.
108 Hofstra University
Hempstead, NY 11549-1080
Tel.:  (516) 463-5934
Fax:  (516) 463-5937
Email: stefan.h.krieger@hofstra.edu

Theodor Samuel Liebmann, Esq.
Hoffinger Stern & Ross LLP
150 East 58th Street
New York, NY 10155
Tel.:  (516) 463-4736
Fax:  (516) 463-5937
Email: theo.liebmann@hofstra.edu
*Attorneys for Plaintiff*