```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MARY M. TARDIF,

                        Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DEPUTY
COMMISSIONER JOHN O'CONNELL,
DEPUTY INSPECTOR DANIEL
MULLIGAN, DEPUTY INSPECTOR                                  13-CV-4056 (KMW)
EDWARD WINSKI, SERGEANT THOMAS
MCMANUS, IN HIS INDIVIDUAL AND                              **OPINION & ORDER**
OFFICIAL CAPACITY, POLICE OFFICER
JAMES MCNAMARA, POLICE OFFICER
ALENA AMINOVA, POLICE OFFICER
KENDAL CREER, POLICE OFFICER
MARSHA RUMBLE, POLICE OFFICER
FELIX SCHMIDT, JOHN DOE, NYPD
OFFICERS #1-13, JOHN DOE, NYPD
OFFICERS #1-11, JOHN DOE, NYPD
OFFICERS #1-9, JOHN DOE, NYPD
OFFICER #11,

                        Defendants.
--------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/15/21_____

KIMBA M. WOOD, United States District Judge:

Pending before the Court is Plaintiff Mary M. Tardif's motion to modify the scheduling order in this case, in order to allow Plaintiff to submit expert reports in connection with her present medical condition. Defendant, the City of New York, opposes the motion. For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

In the spring of 2012, during Occupy Wall Street demonstrations at Union Square Park, Plaintiff was involved in confrontations with officers of the New York City Police Department ("NYPD"). On June 13, 2013, Plaintiff filed suit against the City of New York (the "City"), the

NYPD, and several individual officers and officials. (ECF No. 1.) After a period of discovery that was scheduled to conclude on June 30, 2015, Plaintiff filed the operative complaint on January 15, 2016. (*See* ECF Nos. 40, 63, 135.) Plaintiff asserted several claims, including (as relevant here) a *respondeat superior* claim against the City based on an alleged assault and battery by NYPD Sergeant Giovanni Mattera.

In November 2018, after a six-day trial, a jury returned a verdict in favor of the City with respect to this *respondeat superior* claim. On March 18, 2021, the Second Circuit concluded that certain instructions provided to the jury were erroneous, and that Plaintiff was entitled to a new trial on this specific claim. *See Tardif v. City of New York*, 991 F.3d 394, 412-18 (2d Cir. 2021). Accordingly, the Second Circuit vacated the judgment as to the *respondeat superior* claim against the City relating to Sergeant Mattera's conduct and remanded the case for further proceedings. *Id.* at 418.

After the Second Circuit's decision, Plaintiff informed the Court that, in late 2020, she began to experience symptoms including vomiting, headaches, and freeze-frame vision. (*See* Apr. 2, 2021 Let. at 1, ECF No. 366.) According to Plaintiff, these symptoms may be related to the concussion sustained in 2012 in connection with the confrontations with NYPD officers, including Sergeant Mattera. (*See* Apr. 30, 2021 Let. at 1, ECF No. 369.) In light of this possibility, Plaintiff filed the instant motion, seeking to reopen discovery and to allow Plaintiff to serve expert reports in connection with Plaintiff's post-trial medical treatment. (Mot. at 1, ECF No. 373.) On June 18, 2021, Defendants filed an opposition. (ECF No. 375.) On June 25, Plaintiff filed a reply. (ECF No. 376.)

## DISCUSSION

The decision whether to reopen discovery on remand is within the sound discretion of the district court. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A. Inc.*, 146 F.3d

66, 73 (2d Cir. 1998). The party seeking to modify a scheduling order bears the burden of establishing good cause. *See Spencer v. Int'l Shoppes, Inc.*, 2011 WL 3625582, at *1 (E.D.N.Y. Aug. 16, 2011).

Courts in the Second Circuit consider six factors when evaluating requests to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-movant would be prejudiced; (4) whether the movant was diligent in obtaining discovery within the guidelines set by the court; (5) whether the need for additional discovery was foreseeable; and (6) the likelihood that discovery will lead to relevant evidence. *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (Pauley, J.). Here, the balance of these factors weigh in favor of allowing the parties to conduct further discovery.

First, no trial date has been set. Defendant argues that the inability to set a trial date is "a result of plaintiff's actions" and that the City has consistently emphasized their eagerness for "an immediate trial date." (Opp'n at 2.) This argument is not persuasive. On April 2, 2021, in the first post-remand status update provided to the Court, the City indeed expressed its eagerness for a trial during the week of May 3, 2021, but also represented that, due to other commitments, all relevant individuals would not again be available until October 2021—effectively creating a nearly five-month block of time in which retrial could not take place. (*See* Apr. 2, 2021 Let. at 2.) Because trial is neither scheduled nor imminent, this factor weighs in favor of Plaintiff.

Second, the City opposes Plaintiff's motion. This factor thus weighs in favor of Defendant.

Third, any prejudice to Defendant will be limited. The City argues that they would be prejudiced by the reopening of discovery because "[s]ignificant tax dollars" have been spent on prior discovery, and the additional discovery sought by Plaintiff could be extensive. (*See* Opp'n at 2-3.) Certainly, there may be some prejudice to the City in being required to expend further

3

resources on discovery. That prejudice is mitigated, however, by Plaintiff's offer to cover the court reporter costs associated with any further depositions. (*See* Mot. at 2-3.) And it is further mitigated by allowing the parties sufficient time to conduct the necessary discovery. *Compare Noel v. City of New York*, 2019 WL1450165, at *1 (S.D.N.Y. Apr. 2, 2019) (Parker, M.J.) (finding that a plaintiff's request for a further deposition was outweighed, in part, by the fact that a limited staff of City attorneys would need to divert time and energy to the deposition when they were already "fully engaged" in expert discovery)*, with Young v. Sw. Airlines Co.*, 2016 WL 3257008, at *3 (E.D.N.Y. May 4, 2016) (finding that the potential prejudice of engaging in further discovery was "easily remedied by affording defendant the time necessary to do so"). Accordingly, this factor weighs slightly in favor of Plaintiff.

The fourth and fifth factors—diligence and foreseeability—are related and may be considered in tandem. *See Gem Fin. Serv., Inc. v. City of New York*, 2019 WL 8014411, at *4 (E.D.N.Y. Apr. 18, 2019). Defendant argues that Plaintiff was not diligent in conducting the discovery now requested and that, based on certain symptoms exhibited in 2014, Plaintiff's counsel was on notice of a potential assertion by Plaintiff that her neurological condition may have been exacerbated by the 2012 confrontations with the NYPD. (Opp'n at 3.) This argument is unavailing. The symptoms that Plaintiff wishes to investigate through further discovery manifested in November 2020—well after both prior discovery and the 2018 trial had concluded. (*See* Mot. at 3.) Plaintiff has not had an opportunity to obtain discovery on these specific medical issues, and that lack of opportunity is unchanged by the fact that Plaintiff may, in 2014, have suffered other symptoms such as headaches and convulsions. (*See* Opp'n at 3.) In addition, there is no evidence to support the City's assertion that Plaintiff's counsel "explored" but rejected the possibility of taking discovery at an earlier stage in connection with the potential long-term health effects of the confrontations that occurred in 2012. (*See* Opp'n at

3.) Accordingly, these two factors weigh in favor of Plaintiff.

Finally, the requested discovery may lead to relevant evidence. In support of her motion, Plaintiff has provided a declaration from a neurologist, Dr. Igor Stiler. (*See* Mot. at Ex. A.) Dr. Stiler attests that he has examined some of Plaintiff's medical records and that, in his opinion, "the symptoms and medical condition of Ms. Tardif as outlined in the medical records dated November 22, 2020 to April 5, 2021, are consistent with a head injury and exacerbation of her epilepsy and neurologic complaints, and are likely causally related to the incident on March 21, 2012." (Stiler Decl. ¶ 5.) The City asserts—without citation or support—that this declaration "would fail any measure of a reliable expert opinion" and that Plaintiff has failed to show what relevant evidence may be developed. (Opp'n at 3.) Dr. Stiler's opinion, however, concludes only that causation is "likely" and that further inquiry would be necessary to understand the causation issue more fully. (*See* Stiler Decl. ¶¶ 5-6.) In addition, should Plaintiff be awarded damages, there is no question that medical discovery concerning any causal link between her present condition and the 2012 confrontations will be relevant. *See Young*, 2016 WL 3257008, at *4. Accordingly, this factor weighs in favor of Plaintiff.

In sum, Plaintiff has demonstrated good cause for a limited reopening of discovery before a retrial is to take place. The Court is sympathetic, however, to the City's concern that such discovery will delay a retrial. The parties are thus directed to meet and confer on a schedule that would allow the discovery that Plaintiff seeks to be conducted promptly. The parties must file a joint letter by July 23, 2021, attaching a proposed scheduling order. To the extent that the parties disagree about the extent and timing of discovery, they may set forth their respective positions in the joint letter and, if necessary, each party may include a proposed scheduling order.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reopen discovery is GRANTED. It is hereby ORDERED that:

1. The parties shall meet and confer regarding a proposed scheduling order and shall submit a joint letter, as set forth above, by July 23, 2021.

2. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 373.

SO ORDERED.

Dated: New York, New York
July 15, 2021

                    */s/ Kimba M. Wood*
                     KIMBA M. WOOD
                   United States District Judge