**GEORGIA M. PESTANA**
*Corporation Counsel*

**THE CITY OF NEW YORK
LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

January 28, 2022

**By ECF**
Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/31/2022
```

Re: Mary Tardif v. City of New York, et al., No. 13 Civ. 4056 (KMW) (KNF)

Your Honor:                                **MEMO ENDORSED**

      We are Senior Counsels in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorneys assigned the defense in the above-referenced matter. In that capacity, we write to respectfully request that the Court compel plaintiff to respond to certain discovery in this matter. Specifically, plaintiff objects to producing information and documents regarding plaintiff's past use of and treatment for drugs and information and documents regarding her finances. As set forth below, these materials are relevant and discoverable for assessing and attacking plaintiff's current purported damages claim that she now suffers from a traumatic brain injury that manifested in November 2020 and was caused by an event in March 2013.

### I.    Background

      Following many years of litigation, including a weeklong trial in November 2018, and an appeal, plaintiff now claims she suffers from a traumatic brain injury based on symptoms that began appearing in November 2020. After this matter was remanded, counsel for plaintiff announced that plaintiff believes that the sole cause of this injury is the incident underlying the one claim that survived the appeal, as opposed to the other incidents tried in this matter where plaintiff claimed she was thrown, pushed, slammed, or fell, and reported an impact to her upper-body or head. As a result of this alleged injury, plaintiff claims that her life has been significantly altered. She cannot work as much as she used to, there is a whole range of physical leisure activities she cannot do, she is sensitive to light and sound, she cannot walk more than a few blocks at a time, she suffers pain in her head, vision problems, stomach problems, and plaintiff has offered an expert opinion that these symptoms are permanent.

      On July 15, 2021, the Court granted plaintiff's request to reopen discovery on this new damages claim based on the premise that they were previously unaware of plaintiff's injury, and thus the need for discovery was unforeseeable in the original discovery period prior to trial. Pursuant to the Court's July 26, 2021 order, defendant propounded discovery requests on plaintiff on September 27, 2021. Plaintiff's responses were received on October 27, 2021. Plaintiff refused to answer much of the requests, and after correspondence and conferrals, agreed to supplement her responses. Plaintiff provided revised discovery responses on December 31, 2021. Although defendant had concerns as to whether these responses were complete, defendants determined to take plaintiff's deposition and use the testimony to better focus on what further discovery is

needed. Defendant deposed plaintiff on January 18, 2022, and ordered the transcript expedited. On January 21, 2022, defendant followed up with plaintiff in writing about additional discovery defendant needs to defend against the damages claim. Over the course of this week, the parties have been able to resolve much of the discovery disputes. The parties met and conferred by telephone on January 27, 2022. The parties were unable to resolve two issues.

Specifically, Interrogatory Number 17 of defendant's discovery requests called for plaintiff to identify all her bank accounts, accounts she has an interest, credit accounts, loan agreements. (See Excerpts, Plaintiff's Further Responses to Defendant's Post-Appeal Interrogatories and Document Requests, dated December 31, 2021, annexed hereto as Exhibit "A" ("Ex. A"), at p. 7). In addition, Document Request 34 called for plaintiff's credit card receipts from 2010 to present, and Document Request Number 35 requested records from any account held by plaintiff with any bank or financial institution from 2010 to present. (Ex. A at p. 17-18). Plaintiff responded to these three requests with a number of form objections and that the request is beyond the scope of the Court's July 15, 2021 order. In the January 27, 2022 telephone conferral, plaintiff refused to provide any substantive response. Defendants now seek to compel information and documents for the period from November 1, 2018 to present.

Second, defendant propounded Document Request Number 43 calling for any records concerning plaintiff's drug use. (Ex. A at p. 20). Plaintiff responded in the same manner as described above, but added additional objections based on a number of inapplicable privileges and HIPAA.

## II. Plaintiff Should Provide the Information and Documents Requested by Defendants

### A) Financial, Banking, Credit Information and Documents

As noted above, plaintiff is claiming symptoms related to traumatic brain injury in November 2020. Further, she claims that as a result of her condition, she has been deprived of a number of life's pursuits, and indicates she is suffering from a number of disabilities. Defendant is entitled to discovery on plaintiff's financial circumstances and activity from November 2018 to present because this discovery is reasonably expected to show what activities plaintiff was engaged in during the relevant period when she claims disability, and would offer a comparison to her activities in the two years between her last opportunity to testify about her damages and the start of her symptoms. This will enable defendant to assess plaintiff's claim that she has a legitimate neurological injury; whether the symptoms she report has the effect on her life in the way she claims; whether the severity of plaintiff's symptoms are affected by the activities she does engage in; and to argue against the overall credibility of plaintiff's damages claims. Abeyta v. City of New York, Docket No. 12 Civ. 5623 (KBF), Order at Docket Entry No. 26, at p. 2 (S.D.N.Y. Aug. 21, 2013) (annexed hereto as Exhibit "B").

For instance, in Abeyta, the District Court ordered plaintiff to produce his financial records for a period of six months where he was claiming he was essentially disabled. Following the trial, the Court found the plaintiff's claims, including traumatic brain injury, to be frivolous and granted sanctions. See Abeyta v. City of New York, 2014 U.S. Dist. LEXIS 33766 (S.D.N.Y. Mar. 7,

2014). In the Court's decision awarding fees to the defendants, it noted that "For example, during plaintiff's cross-examination, plaintiff conceded that he had continued playing video games, drinking, and going to strip clubs following the alleged incident, wholly undermining his allegation that as a result of the supposed incident, he was unable to work, leave his apartment for long periods of time, watch television, socialize with friends, or use a computer." Id. at *6. The proof of some the activities that undermined the plaintiff's claim case from his financial records. While defendants are not suggesting plaintiff here engaged in these specific activities, <u>Abeyta</u> demonstrates the relevance of a plaintiff's financial records where they claim traumatic brain injury.

Here, plaintiff claims that her neurological injuries are ongoing, and therefore, production of where she does her banking and credit activity and her records for her financial activity are discoverable from the date she started experiencing symptoms to present. Because plaintiff is claiming her life is different now, defendants are entitled to her discovery dating back to November 2018 to demonstrate no lack of change.

### B) Records of Drug Use Treatment

As noted, plaintiff is claiming that symptoms surfaced seven and a half years after the event that allegedly caused the condition. Because of the nature of this claim, defendants are entitled to discovery about alternative causes for a deterioration in the condition of plaintiff's brain. For example, one of plaintiff's experts attributes plaintiff's symptoms a defect in the white matter in the right side of her brain, a T2 white matter hyperintensity. These types of conditions, however, are not necessarily caused by trauma. As result, defendants are entitled to discovery on other circumstances that may affect the condition of plaintiff's brain. One reasonable cause for brain damage is drug use. As a result, defendants are entitled to production of any documents related to plaintiff's drug use and treatment, and releases for any records of treatment. Although Document Request Number 43 does not call for releases, Document Requests Numbers 13 and 14 would make such releases responsive to those requests if the Court grants defendant's application. (Ex. A at p. 12).

### C) Objections Based on the Scope of the July 15, 2021 Order

Plaintiff made objections to the foregoing based the scope of the Court's July 15, 2021 order. Contrary to Rule 33(a)(4) which requires objections to be stated with specificity, plaintiff failed to articulate how this discovery would go beyond scope of the Court's order reopening discovery. The Court allowed the parties to engage in discovery related to traumatic brain injury claim. Further, plaintiff represented to this Court that because it was a wholly new development, the parties would have had no reason to pursue discovery at an earlier time. Thus, any discovery permissible under the rules or caselaw on this damages claim is appropriate. Plaintiff points to no limitation in the Courts order.

### III. Conclusion.

Based on the foregoing, the Court should order plaintiff [...] herein. Defendant thanks the Court for its consideration of t[...]

**The Court hereby orders plaintiff to answer Interrogatory 17, Interrogatory 34 and Interrogatory 35, by February 18, 2022.**

**SO ORDERED.**

**Dated: January 31, 2022**
**New York, NY**

*/s/ Kimba M. Wood*

**THE HONORABLE KIMBA M. WOOD**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

/s

Joshua Lax
Brachah Goykadosh
*Senior Counsels*
Special Federal Litigation Division

CC: All Counsel (BY ECF)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY TARDIF<br><br>-v-<br><br>CITY OF NEW YORK, ET AL. | Index No.: 1:13-cv-4056-KMW-KNF |

**PLAINTIFF'S FURTHER RESPONSES TO DEFENDANT'S
FIRST SET OF POST-APPEAL INTERROGATORIES AND REQEUST FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the United States District Court for the Southern District of New York, Plaintiff Mary Tardif ("Plaintiff") hereby further responds and objects to Defendant City of New York's First Set of Post-Appeal Interrogatories and Request for Production of Documents to Plaintiff.

These responses and objections are made without waiving:

a) Any objections as to competency, relevance, materiality, privilege and admissibility of evidence for any purpose of any of the answers provided herein;

b) The right to object on any ground to the use of the answers provided herein or the subject matter thereof at any trial or hearing in this matter, or in any related or subsequent action or proceeding;

c) The right to object on any ground at any time to a demand for further answer; and/or

d) The right at any time to revise, supplement, correct or add to these answers and objections.

The failure of Plaintiff to object on a particular ground to a specific response should in no way be construed to be a waiver of Plaintiff's right to object on additional grounds or to supplement Plaintiff's answers and objections at a later time after further investigation.

**GENERAL STATEMENT AND OBJECTIONS**

1. Plaintiff objects to the Defendant's First Set of Post-Appeal Interrogatories and Requests for Production of Documents to Plaintiff to the extent that they invoke obligations upon

1

Plaintiff beyond those required by the Federal Rules of Civil Procedure and the applicable Local Rules, including, but not limited to, Local Rule 33.3.

2. Plaintiff objects to Defendant's First Set of Post-Appeal Interrogatories and Requests for Production of Documents to Plaintiff to the extent that they demand documents and/or information the disclosure of which is protected from disclosure on attorney-client, work product, common interest, or other grounds, such as (but not limited to) material prepared for litigation purposes.

3. By responding to any request, Plaintiff does not concede the materiality of the subject to which it refers. Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose of any of the documents or information produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

4. The inadvertent production of any document or information that is privileged, prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or information or any other document or information or their subject matter, or of Plaintiff's right to object to the use of any such document or information by Defendant during any stage of the proceedings in this litigation or otherwise.

5. Plaintiff is continuing to search for documents and information responsive to Defendant's requests and therefore reserves the right to supplement these responses as may be necessary if and when such documents or information become available to Plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of same.

previously served expert reports of R.C. Krishna, M.D. and Robert Goldman, Psy.D.

**11. Produce a completed medical release for plaintiff's healthcare records and healthcare insurance coverage records for each person/entity who provided healthcare for any physical or emotional injuries that plaintiff claims arose from, or were caused or exacerbated by, the Incident (this includes without limitation releases for any EMS service, Central Booking pre-arraignment medical screening) and Correctional Health Services.[1] Copies of the standard NYS HIPAA release and NYCHHC HIPAA release are attached. If the healthcare was provided outside the State of New York, provide the required releases for the providers. If plaintiff received healthcare for any emotional injury from any healthcare provider (e.g., psychiatrist, psychologist, therapist or social worker), for each such person also produce a separate, signed release for psychotherapy notes. A blank psychotherapy note release is attached.**

Plaintiff objects to this request because it is beyond the scope of discovery as per the order of the Hon. Kimba M. Wood, dated July 15, 2021, is vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information of a private and sensitive nature that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections set forth therein, Plaintiff refers Defendant to all releases Plaintiff has provided since the trial of this matter. Plaintiff will provide Defendant with another set of medical releases for all providers listed in Dr. Krishna's report by January 3, 2022.

**12. If plaintiff claims that any pre-existing condition was exacerbated by the Incident, produce completed medical releases for plaintiff's healthcare records and healthcare insurance coverage records for plaintiff's records concerning the treatment of any such pre-existing condition in the past 20 years. If plaintiff claims that any pre-existing emotional condition was exacerbated by the Incident, for each health care provider who provided healthcare for that condition, also produce a separate release for psychotherapy notes.**

---

[1] Produce a separate medical release for each healthcare provider and/or healthcare insurance coverage provider. The medical releases should be fully executed by plaintiff in the format acceptable to the healthcare provider or healthcare insurance coverage provider to whom it is addressed, and should be initialed so as to permit defense counsel to speak to the healthcare provider. Authorizations for Correctional Health Services records must be addressed to NYC Health & Hospital, CHS Medical Records Unit, 55 Water Street 18th Floor, New York, New York 10041.

11

Please see Response to Document Request 11.

**13.    Produce completed medical releases for the release of plaintiff's healthcare records for all persons/entities who provided healthcare and health insurance coverage to plaintiff in the past 20 years. Provide separate medical releases for each such person/entity. If plaintiff received healthcare for any emotional injury from any person (for example, psychiatrist, psychologist, therapist or social worker), also produce a signed release for psychotherapy notes for each such person/entity.**

Please see Response to Document Request 11.

**14.    Produce completed medical releases for the release of plaintiff's healthcare records for all persons/entities who provided healthcare, treatment, counselling, management and health insurance coverage relating to substance abuse, alcohol abuse, or substance and alcohol addiction to plaintiff in the past 20 years.**

Please see Response to Document Request No. 11.

**15.    If the plaintiff is claiming loss of earnings, income or earning capacity, produce all documents upon which the loss is computed, including without limitation, tax records (federal and state), employment records, bookkeeping or accounting records, and time and attendance records since the Incident, and similar records for 10 years before the Incident until present.**

Please see Response to Document Request No. 1.

**16.    Produce all documents upon which the loss of income, loss of earnings, or loss of earning capacity, produce a signed release permitting defendants to obtain plaintiff's employment records for each of plaintiff's employers for 2010 to the present. A blank employment record release form is attached. Produce a separate release for each employer.**

Please see Response to Document Request No. 1.

**17.    For each separate period of time when plaintiff was unemployed during the period of 10 years before the Incident to the present, produce a signed release permitting defendant to obtain plaintiff's unemployment records. A blank unemployment insurance release form is attached.**

Please see Response to Document Request No. 1.

**18.    Produce a signed release for plaintiff's federal tax records since the 2010 to the present. A blank IRS Form 4506 is attached.**

Please see Response to Document Request No. 1.

**19.    Produce a signed release for the release of plaintiff's education records—for any educational institution, including high school and college—including, without limitation,**

12

32.     **Produce any and all records related to plaintiff's trip to California in 2020, including any and all documents concerning her hiking in California.**

Plaintiff objects to this request because it is vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, seeks information within the possession and control of defendant City, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections set forth therein, Plaintiff is not in possession of documents responsive to this request.

33.     **Produce any and all records related to plaintiff's surfboarding, including but not limited to records pertaining to her being hit with a surfboard during 2020.**

Plaintiff objects to this request because it is vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, seeks information within the possession and control of defendant City, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections set forth therein, Plaintiff is not in possession of documents responsive to this request.

34.     **Produce plaintiff's credit card receipts from 2010 to the present.**

Plaintiff objects to this request because it is beyond the scope of discovery as per the order of the Hon. Kimba M. Wood, dated July 15, 2021, vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

35.     **Produce records for any accounts held by plaintiff at any banking, investment, financial or trust institution, from 2010 to present.**

Plaintiff objects to this request because it is beyond the scope of discovery as per the order

17

of the Hon. Kimba M. Wood, dated July 15, 2021, vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**36. Produce any and all documentation of plaintiff's activities on November 19, 2020.**

Plaintiff objects to this request because it is vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**37. Identify and produce any and all documents concerning plaintiff's concussion(s) from 2010 to present.**

Please see Response to Document Request No. 1. Plaintiff objects to this request because it is beyond the scope of discovery as per the order of the Hon. Kimba M. Wood, dated July 15, 2021, vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections set forth herein, Defendant is further referred to Plaintiff's Response to Document Request No. 3.

**38. Produce any journals or diaries kept by plaintiff from 2010 to the present, including but not limited to electronic journals.**

Plaintiff objects to this request because it is beyond the scope of discovery as per the order of the Hon. Kimba M. Wood, dated July 15, 2021, vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, and seeks

18

**42.    Produce any and all documents concerning plaintiff's seizure dog, including plaintiff's application to obtain the dog; any expenses associated with the dog; and/or any continued applications or communications concerning the dog.**

Plaintiff objects to this request because it is beyond the scope of discovery as per the order of the Hon. Kimba M. Wood, dated July 15, 2021, vague, ambiguous, overbroad, duplicative, and unduly burdensome, seeks information more readily obtained through other means, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the objections set forth herein, please see Bates-stamped number 2021TARDIF001067-71 provided herewith.

**43.    Produce any documents concerning plaintiff's drug use—including but not limited to any evaluation or treatment—from when plaintiff first began using drugs to the present.**

Plaintiff objects to this request on the grounds that it is beyond the scope of discovery as per the order of the Hon. Kimba M. Wood, dated July 15, 2021, vague, ambiguous, overbroad, unduly burdensome, duplicative, to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is privileged and/or immune from disclosure at this time (including any such information covered by the attorney-client and/or work product privileges and/or doctor/patient privilege and/or HIPAA).

**44.    Produce any and all documents concerning plaintiff's infection referenced on 2021Tardif165 of the documents produced so far by plaintiff.**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, duplicative, to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is privileged and/or immune from disclosure at this time (including any such information covered by the attorney-client and/or work product privileges and/or doctor/patient

# Exhibit B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
ANDREW ABEYTA,                                           :
:
               Plaintiff,         :      12 Civ. 5623 (KBF)
    -v-                          :
:          ORDER
:
THE CITY OF NEW YORK, et al.,                            :
:
               Defendants.       :
------------------------------------------------------------X
KATHERINE B. FORREST, District Judge:

       On August 13, 2013, defendants The City of New York, Nanhao Chen, and Allan Taeza (together, "defendants") filed a letter requesting that the Court enter an Order compelling plaintiff Andrew Abeyta ("plaintiff" or "Abeyta") to produce various sets of documents. On August 16, 2013, plaintiff filed a letter in opposition.

       After considering plaintiff's testimony and his claims regarding damages, the following categories of information are relevant to this action. Accordingly, the Court hereby ORDERS the following:

1. <u>Financial/Transactional Records and Travel Records</u>

       Defendants request that plaintiff be compelled to produce his banking and credit card statements for the period of time from April 14, 2012 – the date of the alleged incident – through the present. Defendants further request that plaintiff be compelled to produce all travel records for the period of time from April 14, 2013 through May 31, 2013. Plaintiff argues that these

requests are "overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and constitute[] an improper fishing expedition."

While it is evident that plaintiff's financial and travel records are relevant to plaintiff's allegations regarding the impact of the alleged incident on his subsequent quality of life and ability to travel, it is unclear why plaintiff's financial and travel records are relevant for the period of time so requested by defendants. Accordingly, the Court hereby ORDERS that plaintiff produce his financial and travel records, but only for the date of the accident and for the six-month period of time directly thereafter. This time period covers well beyond the six-week span of time during which plaintiff allegedly claims that he was essentially housebound, but prevents defendants from engaging in an unwarranted fishing expedition.[1]

2. <u>Written Communication by Plaintiff</u>

Defendants request that plaintiff be compelled to produce all email communication between himself and his friends and family from April 10, 2012[2] through the present. Defendants further request "any written descriptions of the incident in question prepared or received by plaintiff."

---

[1] As for concerns regarding plaintiff's mother's private confidential information, plaintiff may redact the first digits of any and all bank and credit card accounts. However, since plaintiff claims to have relied on the financial support of his mother following the alleged incident, her information is relevant to plaintiff's claim and may not be summarily withheld from defendants.

[2] Defendants' letter requests email communications beginning April 10, 2013. However, Defendants' Second Set of Request for Production of Documents directs plaintiff to produce such communication beginning April 10, 2012.

2

Also included – though no explicitly discussed in defendants' letter – are plaintiff's closed Facbook account and a copy of all of plaintiff's Twitter postings.

Specifically regarding defendants' request for plaintiff's closed Facebook account and a copy of his Twitter postings, plaintiff argues that these requests constitute "an improper fishing expedition." Moreover, according to plaintiff, defendants "never asked plaintiff at his deposition whether he posted anything on Facebook or Twitter relating to the April 14, 2012 incident," and as such, these requests are improper.

While plaintiff's email communications, closed Facebook account, and Twitter postings are potentially relevant to his claims regarding the impact of the alleged incident on his social functioning, defendants' request is overly broad. Accordingly, the Court hereby ORDERS plaintiff to produce all such communications, but only for the period of time from April 10, 2012 through the six-month period of time directly thereafter.

With respect to defendants' specific request for written descriptions of the alleged incident in question, plaintiff claims that this request seeks items that are protected by attorney-client privilege and attorney work product. While such documents are not immediately apparent as privileged or work product, no motions are pending before the Courts concerning particular documents and accordingly, the Court declines to make any ruling on these potential discovery protections.

3. <u>Written Communications Between Third Parties and Plaintiff's Counsel</u>

Defendants request that plaintiff be compelled to produce written communication between plaintiff's counsel and all of the following: (1) medical and healthcare providers; (2) plaintiff's parents and/or siblings; (3) potential trial witness Spencer Schlee; and (4) plaintiff's friend, Tom Michael.

Plaintiff argues that these requests are overly broad and that at least some of the requested documents fall within attorney work product.

With respect to the documents allegedly covered by attorney work product, the Court declines to rule on the issue because here again, there are no such motions pending before the Court. As for the remainder of defendants' requests, the Court finds the requests to be relevant but overly broad. Accordingly, plaintiff is ORDERED to produce the requested discovery, but only for the period of time beginning April 14, 2012 and continuing for the six-month period directly thereafter.

4. <u>Documents Pertaining to Concussion Sustained by Plaintiff in 2010</u>

Defendants argue that plaintiff should be compelled to produce all documents pertaining to a head injury allegedly sustained by plaintiff in April of 2010. Plaintiff alleges that he "has already furnished defendants with authorizations to obtain copies of all medical records relating to the prior incident of April 2010, and with copies of all such records in plaintiff's possession."

4

Since no dispute appears to exist with respect to this request, no ruling is necessary at this time.

5. <u>Documentation of Plaintiff's Sporting Activities and Drawing</u>

Defendants argue that plaintiff should be compelled to produce video and photo documentation of his sporting activities and drawing, including the following: (1) a copy of plaintiff's high school football highlight film; (2) a copy of all photographs of plaintiff made or taken between April 1, 2012 and May 31, 2013; (3) "copies of all videos or photographs of plaintiff participating in sporting activity including, without limitation, surfing, wakeboarding, and hiking in the past [10] years;" and (4) "reproductions of all drawings, paintings, or other artworks created by plaintiff in the past [10] years with appropriate indication of the date of creation." In response, plaintiff argues that these requests are "overly broad, not calculated to lead to admissible evidence, and improperly burdensome."

While plaintiff has put his physical functioning at issue in this case, defendants' request is both overly broad and burdensome. Accordingly, the Court hereby ORDERS plaintiff to produce an estimate of the volume of footage of his sporting activities and artwork encompassing the past 10 years. Plaintiff is directed to produce such documentation for defendants at his discretion, with one exception: plaintiff is ORDERED to produce his high school football highlight film, as this is a discrete item that is relevant to

5

plaintiff's claims and is neither an overly broad request nor is it unduly burdensome to produce.

SO ORDERED.

Dated:   New York, New York
         August 21, 2013

                                                               KATHERINE B. FORREST
                                                               United States District Judge