UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY TARDIF,<br><br>                                                   Plaintiff,<br><br>            -against-<br><br>CITY OF NEW YORK,<br><br>                                                  Defendant. | **JOINT PROPOSED QUESTIONS FOR VOIR DIRE**<br><br>13 Civ. 4056 (KMW)(KNF) |

The parties, by their attorneys pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, hereby submit the following proposed questions for *voir dire*:

1. Please give your full name and age.

2. What neighborhood do you live in? How long have you lived there? What neighborhood did you live in before? How long?

3. What kind of work do you do? (If retired or unemployed, what was the last type of work that you did?)

4. What is your job title?

5. Please state any other jobs you have held in the past 10 years.

6. Does/did your job cause you to work with any law enforcement office or agency? If so:

    a. Which law enforcement office or agency?

    b. What type of interaction did you have with the law enforcement office or agency?

    c. Was your experience positive or negative? If it was negative, will you be able to separate your feelings about your prior contact with law enforcement and not hold it against the defendant police officers in this case?

7. Do you live with someone or multiple individuals? If yes, what is that person's or those individuals' occupation(s)?

8. Are you married? What kind of work does that person do?

9. Do you have children? How many? What ages? If your children are adults, what are their occupations?

10. Please describe your educational background, including any training institutes, colleges, and graduate schools.

11. Have you ever served in the military? If yes:

    a. Which branch?

    b. What rank did you hold?

    c. What duties did you have?

    d. Were you ever in the military police?

12. What activities or hobbies do you engage in?

13. Do you belong to any organizations or clubs?

14. Do you use social media? Do you have a blog? Do you post about issues related to law enforcement?

15. Is any member of your family, or are any of your close friends, a lawyer? If yes, please describe your relationship to each such person and the type of law that person practices.

16. Have you, anyone in your family, or a friend, ever worked in the healthcare profession? If so, tell us about it.

17. Have you, or has any member of your family, or have any of your close friends ever worked for a local municipality, county, or federal agency? If so, tell us about it.

18. Have you, or has any member of your family, or have any of your close friends ever worked in the insurance industry? If so, tell us about it.

19. Have you, or has any member of your family, or have any of your close friends ever worked for the City of New York? If so, tell us about it.

20. Have you, or has any member of your family or any close friend worked for the NYPD or a law enforcement agency? If so, what positions were held and when?

21. Do you regularly read any newspapers or magazines? What are they?

22. Do you regularly read any blogs? What are they?

23. What types of books do you read?

24. Do you regularly watch television? What TV shows do you watch?

25. Do you regularly listen to the radio? What radio stations do you listen to?

26. Do you regularly listen to any podcasts? Which podcasts?

27. Have you or a member of your family or household or any close friend ever been involved in a lawsuit of any kind? (For example, sued someone else, or been sued by someone else). If yes, please describe what the lawsuit was about and whether the result was satisfactory or unsatisfactory.

28. Have you ever been a witness for a party bringing a lawsuit? If yes, please describe the case and the nature of your testimony.

29. Have you ever been a juror before? In a civil or criminal case? Did the case go to verdict? Tell us about your experience.

30. Have you ever been on a Grand Jury? Tell us about your experience.

31. Have you or a member of your family or household or any close friend ever had any interaction with the New York City Police Department, or any other police department? If so, please provide details, for example: being arrested, a traffic stop, being stopped and questioned, reporting a crime, being convicted of a crime, etc.? **[To be explained outside the presence of the other prospective jurors]**[1]

    - What was your impression of the police officers following the interaction? **[To be explained outside the presence of the other prospective jurors]**

32. Have you formed an opinion about the NYPD officers or any other law enforcement agency officers? If so, please explain. **[To be explained outside the presence of the other prospective jurors]**

33. Do you have any bias against the NYPD or its officers? **[To be explained outside the presence of the other prospective jurors]**

34. What is your opinion of the police? What is your opinion of the NYPD? What is your opinion of the credibility of police officers who are witnesses? **[Defendants object to the inclusion of this question because the jury may not understand what is meant by credibility. Also, the jury likely has little experience with witnesses. The salient information will likely come through answers to other questions. Lastly, the Court may instruct the jury to evaluate credibility for officers the same as any witness, and therefore, singling law enforcement witnesses out contradicts that instruction.]**

---

[1] All text marked in bold and in brackets are at the request of Defendant. In each instance, Plaintiff objects to these requests.

35. Have you, anyone in your house household, or a close friend, ever attended a demonstration, rally, protest, or march?

36. If so, where and when did that demonstration, rally, protest, or march take place? **[To be explained outside the presence of the other prospective jurors at sidebar]**

37. What was the subject matter of that demonstration, rally, protest, or march? **[To be explained outside the presence of the other prospective jurors at sidebar]**

38. What organization or group organized the demonstration, rally, protest, or march? **[To be explained outside the presence of the other prospective jurors]**

39. Have you ever been impacted by a protest or protester(s)? If so, tell us about it. **[To be explained outside the presence of the other prospective jurors at sidebar]**

40. Have you ever presented a grievance against a local government? If so, tell us about it. **[To be explained outside the presence of the other prospective jurors at sidebar]**

41. What is your opinion of the City's treatment of protests or protesters? **[To be explained outside the presence of the other prospective jurors at sidebar] [Defendant objects to this question on the grounds that it implies the City itself did something directly in this matter, when that is not the issue.]**

42. Have you heard of the Occupy Wall Street ("Occupy") movement? If so, what are your feelings about it? **[Defendant objects to the inclusion of the second question.]**

43. Were you, or anyone in your household, or any close friends ever involved or participate in the Occupy movement? Tell us about their experiences. **[Defendant objects to the inclusion of this question.]**

44. Do you know anyone who was arrested in an Occupy protest? Tell us about those people. **[Defendant objects to the inclusion of this question.]**

45. Have you heard of Black Lives Matter ("BLM")? How did you hear about BLM? What's your opinion of BLM? Do you know anyone who has participated in any BLM protests? If so, tell us about their experiences. Why did they participate in any BLM protest? Do you know anyone who was arrested at a BLM protest? If so, tell us about it. **[Defendant objects to the inclusion of this question.]**

46. What do you think about the kneeling protests in the National Football League? **[Defendant objects to the inclusion of this question.]**

47. Have you or any member of your household or close friend attended any police-related protests? **[To be explained outside the presence of the other prospective jurors]**

48. Have you or a family member or close friend ever made a complaint about a police officer or other law enforcement officer? **[To be explained outside the presence of the other prospective jurors]**

49. Have you or has any member of your family or any close friend ever been the victim of a crime? If so, please describe the circumstances.

50. Have you or any member of your household or any close friend ever been stopped and/or questioned by a police officer? If so, what were your feelings about that? **[To be explained outside the presence of the other prospective jurors at sidebar]**

51. Do you know the plaintiff, Mary Tardif?

52. Do you know Lieutenant Giovanni Mattera

53. Plaintiff in this case is represented by three attorneys. Do you know any of them?

    - Stefan Krieger;
    - Gideon Oliver;
    - Reza Rezvani and his law firm Faruqi & Faruqi, LLP.

54. Does anyone know or have had dealings with plaintiff's attorneys or their firms?

55. Defendant in this case is represented by Joshua Lax of the New York City Law Department, sometimes called the Corporation Counsel. Does anyone know Mr. Lax? Does anyone know or have had dealing with his office?

56. Do you know any of the following individuals who may be called as a witness in this trial?

    - Daniel Shockley;
    - Stephanie Shockley;
    - Dawn Brunetti;
    - R.C. Krishna, M.D.;
    - Gregory Lawler, M.D.;
    - Linda Lajterman;

- Mark P. Zaporowski;

- Police Officer Brett Meritz-Saccente

57. Do you believe that the fact that the plaintiff started this lawsuit and is here today for trial means that there must be at least some merit to the plaintiff's allegations?

58. Do you have any reason to believe that anything in your life experience would tend to make you partial to one side or the other in this case?

59. Will you be able to deliberate based solely on the evidence presented at trial and not based on any other information?

60. Will you be able to render a verdict based solely on the evidence, and not allow sympathy to affect your judgment?

61. Would you be able to evaluate each witness's credibility objectively, without bias or prejudice?

62. Do you believe that a person could be injured and it could not be anyone's fault?

63. Will you be able to render a verdict based solely on the evidence and not allow sympathy to affect your judgment?

64. If you believed that the law the Judge instructs you to apply is morally wrong, would you still be able to apply it?

65. Are there any reasons why you would not be able to follow the Judge's instructions on the law?

66. This is not a criminal case. The plaintiff does not have the burden to prove her case beyond a reasonable doubt. I will instruct you that the plaintiff has the burden to prove her case by a preponderance of the credible evidence. In light of this instruction, is there any reason why you could not follow this instruction when you deliberate?

67. Is there anything which has not been asked that you want to tell the Court about and which may be a factor in your ability to be fair and impartial in this case? You may speak to me and counsel privately if you wish.

68. Have you, anyone in your family, or a friend, ever been diagnosed with a brain injury? If so, tell us about it. What condition? What has been your experience with people with those conditions?

69. Do you know anyone who has epilepsy or any other medical condition that causes seizures? If so, who? What condition? What has been your experience with people with those conditions?  **[Defendants object to the inclusion of this question. Defendants also note that this question is redundant.]**

70. **On a scale of 1 to 10 with 10 being something you would likely do and one being highly unlikely, where do you put yourself on the scale in the following situation: If someone in your family were injured due to the wrongful actions of another, would you sue?**

    a.  **Why do you feel that way? [Defendant objections to this question because the jury should not be asked to imagine themselves as a party or their family as a party, and does not go to whether the potential juror should be fair and impartial.]**

71. **On a scale of 1 to 10, 10 being you strongly agree and one being strongly disagree, where do you put yourself: If a defendant's acts (or omissions) hurt another person, that defendant should be held responsible.**

    a.  **Why do you feel that way? [Defendant objection to this question because it does not go to whether a juror will be fair and impartial, and asks for a conclusion that is highly speculative.]**

72. In this case, Plaintiff will seek compensation for various harms she alleges were caused by Defendant, including compensation for medical care costs. Do you have any problems with determining that type of compensation? **[Defendant objects to the inclusion of this question because it is subsumed in the question about accepting the Court's instruction, and the question will not adduce appropriate information. The only purpose of this is to suggest to the jurors they should be prepared to award damages.]**

73. In this case, Plaintiff will seek compensation for various harms she alleges were caused by Defendant, including pain and suffering. I am not going to tell you the value of that harm, but I will, at the end of the trial, give you factors to consider in determining what compensation would be appropriate for the harm. Do you have any problems determining that type of compensation? **[Defendant objects to the inclusion of this question because it is subsumed in the question about accepting the Court's instruction, and the question will not adduce appropriate information. The only purpose of this is to suggest to the jurors they should be prepared to award damages. It is also duplicative of other questions]**

| | |
|---|---|
| Dated: New York, New York<br>March 11, 2018 | */s/ Reza Rezvani*<br>Reza Rezvani<br>Faruqi & Faruqi, LLP<br>685 Third Avenue, 26th Floor<br>New York, NY 10017<br>(212) 983-9330<br><br>Stefan H. Krieger<br>Community Legal Assistance Corp.<br>108 Hofstra University<br>Hempstead, NY 11549<br>(516) 463-5934<br><br>Gideon O. Oliver<br>277 Broadway, suite 1501<br>New York, NY 19997<br>(646) 263-3495<br><br>*Attorneys for Plaintiff*<br><br>**HON. SYLVIA O. HINDS-RADIX**<br>CORPORATION COUNSEL OF THE CITY OF NEW YORK<br>*Attorney for Defendant*<br>100 Church Street<br>New York, New York 10007<br>(212) 356-3523<br><br>By:  /s/<br>    Joshua J. Lax<br>    *Senior Counsel*<br>    Special Federal Litigation Division |

cc: All counsel of record (by ECF only)