UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MARY TARDIF,

                              Plaintiff,

            -v-

CITY OF NEW YORK,

                             Defendant.

--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    4/26/2022
```

13-CV-4056 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

       Pending before the Court are the parties' motions *in limine*. Defendant moves (1) to preclude testimony from Plaintiff's expert witnesses, (2) to preclude Plaintiff from presenting a theory of damages based upon traumatic brain injury, (3) to introduce evidence of Plaintiff's claims in the first trial and the jury's verdict in that trial, (4) to preclude Plaintiff from referring to the "City of New York" and "City attorneys," (5) to exclude evidence concerning the NYPD Patrol Guide, (6) to preclude Plaintiff from calling Stephanie Shockley as a witness, (7) to exclude evidence of Plaintiff's abandoned John Doe claims, (8) to introduce evidence of Plaintiff's subsequent arrests, (9) to preclude Plaintiff from eliciting testimony about other instances of alleged police misconduct related to the Occupy Wall Street movement, (10) to preclude Plaintiff from referring to unrelated purported instances of police misconduct, (11) to preclude Plaintiff from questioning witnesses about appropriate conduct for "human beings," and (12) to reserve its right to file supplemental motions *in limine*. For the reasons set forth below, the Court DENIES Defendant's motions 3, 6, 8, 9, 10, and 11; GRANTS motion 4; and withholds a decision on motions 1, 2, 5, 7, and 12.

Plaintiff makes two motions *in limine*: (1) to preclude Defendant's proposed Exhibit B, and (2) to allow Tardif's service dog to be visible in the courtroom.  For the reasons set forth below, the Court GRANTS Plaintiff's motion 1 and will decide motion 2 at the pretrial conference.

**DISCUSSION**

I.      **Defendant's Motions *in Limine***

A.  **Defendant's First Motion: Admissibility of Testimony from Plaintiff's Experts**

Defendant seeks to preclude testimony from all four of Plaintiff's experts.  It challenges the reliability and helpfulness of the expert's proposed testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993).  Plaintiff is directed to file detailed affidavits from each of her experts regarding the methodology each used to come to the conclusions about which each expert would testify.  That filing must be made by May 4, 2022 and must abide by the guidelines that will be set forth in a separate Order.  Defendant will have the opportunity to respond by May 11, 2022, in accordance with the guidelines found in the same Order.  The Court will withhold a decision on this motion until after Plaintiff submits these additional affidavits from her experts detailing each expert's methodology, and Defendant is given an opportunity to respond.

B.  **Defendant's Second Motion: Damages Claims Based on Traumatic Brain Injury**

Defendant moves to preclude Plaintiff from presenting her damages claims based upon her alleged traumatic brain injury.  This motion is premised on the Court precluding testimony by Plaintiff's experts regarding the cause of the alleged traumatic brain injury.  For this reason, the Court will withhold judgment on this motion until it issues a ruling regarding the testimony of Plaintiff's experts.

**C. Defendant's Third Motion: Plaintiff's Earlier Claims that Other Officers Caused Her Injury and the Verdict from the First Trial**

Defendant moves to include, generally, evidence that Plaintiff earlier claimed that other officers caused her injury and that those claims were rejected.  Defendant argues that this evidence is relevant to Tardif's credibility and her bias to bring this case.  Defendant does not support its motion with any reference to the Rules of Evidence, nor does Defendant inform the Court of the form that this evidence would take.

Tardif's prior statements from the first trial may be admissible for impeachment purposes pursuant to Rule 613 of the Federal Rules of Evidence (not for the truth of the matter asserted).  Pursuant to Rule 613(b), "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." Fed. R. Evid. 613(b).  Defendant will have that opportunity at trial.

Because Tardif's credibility as a witness is essential to this case, Rule 403's balancing test tilts in favor of admitting this evidence.  *Cf. Vichare v. AMBAC Inc.*, 106 F.3d 457, 468 (2d Cir. 1996); *Williams v. Geraci*, No. 14-CV-5742 (SIL), 2020 WL 5848738, at *7 (E.D.N.Y. Sept. 30, 2020).  The probative value of this evidence significantly outweighs any possibility of prejudice or confusion.  Any determination of whether evidence is admissible pursuant to Rule 613 will be reserved until such time as Defendant seeks to offer this evidence at trial.

In general, if a party seeks to impeach a witness with that witness's testimony from the first trial, the party shall refer to the witness's testimony in a prior "proceeding," without mentioning that the "proceeding" was an earlier trial of this case.

The Court understands Defendant's assertion that it seeks to include "the adverse findings on [P]laintiff's other claims" (Def. Mem. at 14, ECF No. 390) to mean that Defendant seeks to

enter into evidence the verdict from the first trial.  The verdict from the first trial is irrelevant to

any issue presented in this case.  Furthermore, introducing into evidence the verdict from the first

trial presents a risk of prejudice that substantially outweighs the probative value of the verdict,

and there is a significant likelihood that the jury would be confused or misled by this evidence.

*See* Fed. R. Evid. 403.  Therefore, the verdict from the first trial is inadmissible.

For the foregoing reasons, Defendant's motion is DENIED.

**D. Defendant's Fourth Motion: Use of the Terms "City of New York" and "City Attorneys"**

Defendant moves to preclude Plaintiff from referring to defense counsel as "City

attorneys" and from refencing the "City of New York," except as needed to give the name of the

case at the start of the trial and on the caption cover sheet.[1]  This is a standard request.  *See*

*Simpson v. City of New York*, 12-CV-6577, 2015 WL 5918182, at \*6 (S.D.N.Y. Oct. 9, 2015)

(Forrest, J.).  Defendant's concern is that connecting counsel to the City could suggest the

presence of deep pockets and could cause the jury to view liability or damages less critically.

The Court agrees that this is a valid concern.  Although the City is involved in this litigation, that

fact is irrelevant to the determination of liability and damages.  Accordingly, Defendant's motion

is GRANTED.

Aside from the name of the case and the caption cover sheet, the parties and the Court

shall refer to counsel for Defendant as "defense counsel."  The parties shall not use "Corporation

Counsel" when referring to counsel for Defendant, because the same concerns about deep

pockets apply.

---

[1] In the same motion, Defendant seeks to preclude Plaintiff from inquiring about any New York City Police Department training or from mentioning any alleged New York City Police Department policy or practice.  There is no indication that Plaintiff is seeking to introduce this evidence.  Accordingly, this portion of Defendant's motion is DENIED.  Nothing in this decision impacts the Court's forthcoming ruling on Defendant's fifth motion.

**E. Defendant's Fifth Motion: Evidence Concerning the Police Department Patrol Guide**

Defendant moves to preclude Plaintiff from offering the New York City Police Department ("NYPD") Patrol Guide into evidence, arguing that any violation of the Patrol Guide is irrelevant to "whether [P]laintiff's constitutional rights were violated." (Def. Mem. at 17.)[2] Plaintiff has indicated that she may seek at trial to introduce into evidence Procedure 203-11 of the NYPD Patrol Guide, listed as Plaintiff's Exhibit 5 in the Proposed Joint Pretrial Order. (ECF No. 397.) At the pretrial conference, Plaintiff shall provide further information regarding the language of the Procedure that she will seek to introduce and the relevance of that language to her claims. The Court will withhold a decision on this motion until after Plaintiff has the opportunity to provide this information.

**F. Defendant's Sixth Motion: Testimony of Stephanie Shockley**

Defendant moves to preclude Plaintiff from calling Rev. Stephanie Shockley to testify about the events that followed then-Sergeant Mattera's interaction with Tardif, on the ground that Shockley's testimony during the first trial suggests that her testimony in the forthcoming trial would be cumulative of unspecified witnesses and evidence. "[I]t is difficult to determine whether testimony will be cumulative or irrelevant before it is actually proffered[.]" *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009) (Leisure, J.). At trial, Plaintiff shall proffer Shockley's proposed testimony. If Defendant's speculation regarding Shockley's testimony is proven true, it may move to exclude her testimony as cumulative or otherwise inadmissible at the appropriate time during trial. Defendant's motion is DENIED, without prejudice to renewal at trial.

---

[2] Defendant also makes a reference to "evidence of NYPD procedure." (Def. Mem. at 17.) To the extent that this language was intended to refer to evidence of NYPD procedures not found in the Patrol Guide, Defendant may renew this aspect of its request at trial.

**G. Defendant's Seventh Motion: Evidence of Plaintiff's Abandoned John Doe Claims**

Defendant moves to preclude Plaintiff from offering into evidence testimony and other evidence that Plaintiff introduced during the first trial relating to the conduct of John Does Number 8 and 9, arguing that this evidence is irrelevant, unduly prejudicial, a waste of time, and confusing to the jury. Plaintiff asserts that she "does not intend on pursuing claims against Defendant for the alleged conduct of other officers on March 21, 2012," but that she will "introduce evidence of the alleged conduct of other officers as it relates to the assault and battery of [then-Sergeant] Mattera." (Pl. Opp'n at 22, ECF No. 411.)

Evidence that relates to Mattera's conduct will be relevant. Because it is not clear what evidence Plaintiff seeks to introduce regarding the alleged conduct of other officers, the Court will resolve this motion at the pretrial conference and, to the extent necessary, at trial.

**H. Defendant's Eighth Motion: Admissibility of Plaintiff's Subsequent Arrests**

Defendant seeks to cross-examine Tardif regarding her subsequent arrests resulting from Occupy Wall Street demonstrations.[3] Defendant writes that it seeks to pursue this line of questioning to show Tardif's continued willingness to engage in activities that brought her into contact with police officers.

It is true that Tardif's later participation in demonstrations that created a significant risk of physical interactions with police officers may be probative of the existence and severity of her claimed emotional damages. Questions about her attendance and participation in such demonstrations are permissible.

---

[3] The motion also makes a reference to "convictions." Defendant does not identify the convictions it seeks to introduce nor explain how it would use that evidence. The portion of the trial transcript Defendant cites as containing the Court's purported ruling on the topic includes no mention of convictions.

But whether Tardif was arrested after joining another demonstration would provide scant information about whether Tardif suffered from a genuine emotional injury when she decided to attend a demonstration.  Evidence of Plaintiff's arrests is not probative of any issue to be decided at this trial.  It is likely to confuse jurors and to create a significant risk of unfair prejudice to Plaintiff in the minds of jurors.  *See* Fed. R. Evid. 403.  Accordingly, Defendant's motion is DENIED.

### I. Defendant's Ninth Motion: Other Instances of Alleged Police Actions Related to the Occupy Wall Street Movement

Defendant moves to preclude Plaintiff "from eliciting testimony or arguing about other instances of police misconduct related to the 'Occupy Wall Street' movement."  (Def. Mem. at 21.)  Plaintiff agrees that evidence of other police misconduct related to Occupy Wall Street is not relevant, and Plaintiff "does not intend to introduce" that evidence.  (Pl. Opp'n at 22.)  Accordingly, Defendant's motion is DENIED as moot.

### J. Defendant's Tenth Motion: Other Instances of Alleged Police Actions, in General

Defendant moves to preclude Plaintiff from referring to other, unrelated purported instances of police misconduct.  Plaintiff states that she does not intend to elicit testimony or make arguments about other instances of police misconduct.  Accordingly, Defendant's motion is DENIED as moot.

### K. Defendant's Eleventh Motion: Questioning About the Proper Treatment of "Human Beings"

Defendant moves to preclude Plaintiff from pursuing questioning about the proper treatment of "another human being."  (Def. Mem. at 23.)  The motion refers to questioning from the deposition of a former defendant no longer party to this litigation.  There is no indication that Plaintiff intends to question any officer about the appropriate treatment of "human beings."  Defendant's motion is DENIED.

7

### L. Defendant's Twelfth Motion: Defendant's Request to Reserve Its Right to File Supplemental Motions *in Limine*

Defendant shall describe at the upcoming pretrial conference any further motions *in limine* with respect to which Defendant seeks to reserve permission to file.

## II.   Plaintiff's Motions *in Limine*

### A. Plaintiff's First Motion: Defendant's Proposed Exhibit B

Plaintiff moves to preclude Defendant's proposed Exhibit B, which is a portion of a video lecture given by Plaintiff's counsel Stefan H. Krieger.  Plaintiff argues that the exhibit is inadmissible pursuant to Rules 901, 401, 402, and 403 of the Federal Rules of Evidence. Defendant argues that the evidence is admissible pursuant to Rule 901, and that it is relevant because it demonstrates that Tardif was coached as a witness.

Exhibit B is a portion of a video interview in which Mr. Krieger "discusses the cognitive science theories on paradigmatic and narrative modes of reasoning in the context of legal practice."  (Pl. Mem. at 1, ECF No. 405.)  Exhibit B contains no evidence that Tardif was, in fact, coached by Mr. Krieger.  Any suggestion that Plaintiff was coached is pure speculation.

The Court need not reach Defendant's argument regarding Rule 901 because Exhibit B is not relevant, and any value it may have is substantially outweighed by the likelihood that the jury would be confused or misled by it.  *See* Fed. R. Evid. 403.  Accordingly, Plaintiff's motion is GRANTED.

### B. Plaintiff's Second Motion: Visibility of Plaintiff's Service Dog

Plaintiff moves for her service dog to be permitted to sit next to her in court, in sight of the jury.  The Court intends to elicit further information about this request at the pretrial conference and will withhold a decision on this motion until that time.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motions 3, 6, 8, 9, 10, and 11;

GRANTS Defendant's motion 4 and Plaintiff's motion 1; and withholds a decision on

Defendant's motions 1, 2, 5, 7, and 12, and Plaintiff's motion 2.

SO ORDERED.

Dated:  New York, New York
        April 26, 2022                                    _____/s/ Kimba M. Wood_____
                                                                KIMBA M. WOOD
                                                          United States District Judge

9