```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARY TARDIF,

                        Plaintiff,

            -v-

CITY OF NEW YORK,

                        Defendant.
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    4/28/2022

13-CV-4056 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

This Order serves to memorialize the rulings made yesterday during the pretrial conference in this case. For the reasons discussed at the conference:

1. Defendant's fifth motion *in limine*[1] is resolved as follows: Plaintiff's Exhibit 5 in the Proposed Joint Pretrial Order (ECF No. 397), NYPD Patrol Guide, Procedure 203-11 Use of Force, is inadmissible at trial. The Court will withhold a ruling on the admissibility of Plaintiff's Exhibit 7 in the Proposed Joint Pretrial Order, the NYPD Aided Cases General Procedure/Worksheet. If Plaintiff seeks to introduce that document into evidence at trial, Plaintiff should be prepared to provide new arguments regarding the probative value of the document.

2. Defendant's seventh motion *in limine* is denied. Evidence regarding the conduct of the officers previously identified as John Doe numbers 8 and 9 is tentatively ruled to be admissible. Plaintiff may pursue cross-examination and produce her own witness

---

[1] Defendant's motions *in limine* are detailed in its memorandum of law. (ECF No. 390.) Plaintiff's motion *in limine* relating to the visibility of her service dog is detailed in her memorandum of law. (ECF No. 405.)

for direct examination regarding whether Ms. Tardif was pushed by another officer prior to the incident with Sergeant Mattera.

3. All motions *in limine* that could reasonably have been foreseen by the deadline for motions *in limine* (February 28 for Defendant, March 14 for Plaintiff) are precluded unless the movant can show good cause. Only new evidence can be the subject of a new motion *in limine*.

4. Plaintiff must bring to the Court's attention by May 4, 2022 any excerpts of Plaintiff's medical records that she seeks to introduce at trial. The parties must meet and confer regarding this subject by May 6, 2022. By May 9, 2022, the parties shall submit to the Court a joint letter regarding their positions on the redaction of medical records and any alternative proposed redactions.

5. Plaintiff's second motion *in limine* is denied. (*See* Pl. Mot. in Lim., ECF No. 404; Pl. Mem. at 3, ECF No. 405.) Plaintiff may be accompanied by her service dog, Daisy, during trial. However, if Daisy is visible to jurors, Daisy is likely to distract jurors and is likely to risk engendering undue sympathy for Plaintiff. Thus, while Daisy is in the courtroom, she may be next to Plaintiff, but she must remain under a covered table, invisible to jurors. Plaintiff and Daisy must not walk in or out of the courtroom at the same time as jurors. Other courts have issued similar orders with respect to service dogs and support dogs. *See, e.g.*, *Ebrahimi v. Barrett*, No. 2:17-13738, 2020 WL 5548378, at *6 (E.D. Mich. Sept. 16, 2020); *Commonwealth v. Purnell*, 233 A.3d 824, 837 (Pa. Super. Ct. 2020), *aff'd*, 259 A.3d 974 (Pa. 2021); *Jones v. State*, 841 S.E.2d 112, 122 (Ga. Ct. App. 2020). Plaintiff and Daisy must be present in court

one-half an hour before trial resumes, to limit the likelihood that jurors will see Plaintiff accompanied by Daisy.

6. Defendant's objection to Plaintiff's intended introduction of Defendant's Rule 56.1 statement, identified as Plaintiff's Exhibit 25 in the Proposed Joint Pretrial Order, is moot. During the pretrial conference, Plaintiff disclaimed any intention to seek to introduce this Rule 56.1 statement at trial.

7. The parties shall appear before the Court with Dawn Brunetti and Dianne Laroe for voir dire questioning in Courtroom 26A on May 5, 2022 at 11 a.m. Plaintiff shall make arrangements with the Southern District of New York's Courtroom Technology department to ensure that Dianne Laroe can appear virtually for voir dire questioning. By May 2, 2022, the parties shall submit to the Court a copy of any extrinsic evidence connected to either witness, including the ambulance call report from March 21, 2012 and the Civilian Complaint Review Board documents and audio recording mentioned during the pretrial conference. This submission must direct the Court's attention to the specific excerpts of these sources that the parties will seek to introduce, if Ms. Brunetti or Ms. Laroe were to testify at trial, including time stamps for the audio recording of Ms. Laroe.

8. Plaintiff's counsel may submit a new subpoena for the Court to order Ms. Brunetti to appear.

9. The Court holds in abeyance its consideration of whether to bifurcate this trial into, first, a phase dealing solely with liability; and second, a phase dealing solely with computation of damages.

10. The parties have agreed that a jury of seven is appropriate for this trial.

11. The parties are each permitted seven hours of trial time. This time includes direct examination of witnesses, re-direct examination, cross-examination, and re-cross-examination. Opening and closing statements are not counted toward these time limits, but each opening or closing statement by a party should last no more than fifteen minutes.

12. The parties must order daily transcripts of trial proceedings, yesterday's pretrial conference, and any future pretrial proceedings, such as voir dire questioning. The cost of these transcripts shall be split evenly between the parties.

13. The parties shall submit to the Court two copies of tabbed binders of exhibits, as required by this Court's Individual Rule 4(A)(xi). These binders shall be no more than one-inch thick, and not 1.5 inches as is mentioned in this Court's Individual Rule 4(A)(xi).

14. The parties must meet and confer by May 4, 2022 regarding the use of video recordings during opening statements. By May 6, 2022, the parties shall submit to the Court a joint letter summarizing the outcome of this discussion, including when the parties will test the videos, if they choose to use them, with assistance from the Courtroom Technology department.

15. Plaintiff has permission to use TrialDirector software, subject to agreement by the Courtroom Technology department.  Defendant may also use the software.  Plaintiff's counsel must contact the Courtroom Technology department regarding this subject no later than May 11, 2022.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 404.

SO ORDERED.

Dated: New York, New York
April 28, 2022

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

5