UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MARY TARDIF,

                        Plaintiff,

            -v-

CITY OF NEW YORK,

                        Defendant.

-------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: ____5/6/2022____ |

13-CV-4056 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      The Court previously announced that it was considering whether to bifurcate this trial into two phases, one to determine liability and another, if liability were found, to determine damages.  (*See* Order, ECF No. 420.)

      As Plaintiff notes, "the extent of the plaintiff's injury" is a factor that is considered in assessing the objective reasonableness of a law enforcement official's use of force when determining whether liability exists for assault and battery claims under New York law.  *See Centeno v. City of New York*, No. 16-CV-2393, 2019 WL 1382093, at *4, *9 (S.D.N.Y. Mar. 27, 2019) (Broderick, J.) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).  Much evidence that is probative of the damages allegedly suffered by Ms. Tardif would also shed light on the degree of force used by Sergeant Mattera, if any, and the reasonableness of the use of force, which speak to liability.

      The Second Circuit has not definitively established the permissibility of bifurcating the determination of liability and of damages in cases in which the objective reasonableness of a law enforcement officer's use of force is at issue.  *See Tafari v. Goord*, No. 06CV331, 2011 WL 4914961, at *2 (W.D.N.Y. Oct. 14, 2011).  Still, the amount of evidence that could be excluded

entirely from a first, liability phase of trial might be limited.  *See Martin v. Heideman*, 106 F.3d 1308, 1310 (6th Cir. 1997) (holding that it was an abuse of discretion for a district court to bifurcate trial and to exclude from the damages trial evidence of physical and psychological injuries that did not appear immediately after the alleged use of excessive force).

Trial will not be bifurcated in this case.  A single trial will be conducted, at which evidence relating both to liability and to damages may be introduced.

SO ORDERED.

Dated: New York, New York
       May 6, 2022                                    _____*/s/ Kimba M. Wood*_____
                                                              KIMBA M. WOOD
                                                        United States District Judge