# Supreme Court of the County of Suffolk
# State of New York - Part XL
## Memorandum Decision

**PRESENT:**
**HON. JAMES HUDSON**
*Acting Justice of the Supreme Court*

x----------------------------------------------------------x
DENISE BROUARD and GERALD BROUARD,

                             Plaintiffs,

-against-

JAMES CONVERY; PV HOLDING CORP.; and
AVIS RENT A CAR SYSTEM, INC.,

                            Defendants.
x----------------------------------------------------------x

INDEX NO.:028560/2005

MOT. SEQ. NO.:014-MD

FLOMENHAFT LAW FIRM, PLLC
Trial Counsel for Plaintiff Denise Brouard
90 Broad Street, Suite 1901
New York, NY 10004

WHITE, FLEISCHNER, FINO, ESQS.
Attorneys for Defendants
61 Broadway, 18th Floor
New York, NY 10006

BONNIE PETERS-LAWSTON, ESQ.
Attorney for Plaintiff Denise Brouard
P.O. Box 317
Ridge, NY 11961

GERALD BROUARD
Plaintiff *Pro se*
8 Pheasant Court
Stony Brook, NY 11790

    It is hereby

    ***ORDERED***, that the motion (seq. no.:014) of Plaintiffs requesting leave to reargue Plaintiff's June 22nd, 2015 motion (seq. no.:012) and Defendant's September 14th, 2015 cross-motion (seq. no.:013), which resulted in the Court's February 9th, 2018 Decision and Order, pursuant to CPLR Rule 2221; and, upon reargument, granting Plaintiffs' motion (seq. no.:012) and denying Defendant's cross-motion (seq. no.:013) is denied in its entirety.

*Denise Brouard, et al. v James Convery, et al.*            *Index No.:028560/2005*

**Plaintiff's Motion for Reargument (Seq. No.:014)**

The issue in this case is one of Plaintiff employing a novel and unrecognized application of DTI (Diffusion Tensor Imaging), a scientifically and judicially recognized technology. The issue is not, as Plaintiff contends, that the Court is improperly refusing to permit the use of DTI test results as part of the testimony of Plaintiff's expert(s) at trial.

Specifically, as noted by Defendant's Counsel in opposition to Plaintiff's instant motion, there is insufficient research demonstrating the use of DTI in single subject patient TBI (Traumatic Brain Injury) assessment to permit its use in the case of Plaintiff Denise Brouard. To date there have been new advances in neuro-imaging techniques showing promising results in group comparison analyses [DTI, PET, Q EEG, etc.] (M. Wintermark, P.C. Sanelli, Y. Anzai, A.J. Tsiouris and C.T. Whitlow, on behalf of the American College of Radiology Head Injury Institute, Imaging Evidence and Recommendations for Traumatic Brain Injury: *Advanced Neuro-and Neurovascular Imaging Techniques, American Journal of Neuroradiology*, November, 2014). The distinction herein is that the Plaintiff is seeking to use the DTI as a diagnostic tool to prove causality, not merely to demonstrate the existence of a TBI in Denise Brouard. Additionally, the Plaintiff proposes to utilize expert DTI testimony in support of Ms. Brouard, which would constitute unsupported single subject patient TBI assessment. The DTI test has not been utilized in the manner proposed by Plaintiff.

As previously stated in the February 9th, 2018 Memorandum Decision, there should exist a clinical (not merely scientific) consensus, and that the proper foundation be laid as well as acceptable methods employed, in each particular case (***Parker v. Mobil Oil Corp.***, 7 NY3d 434, 824 NYS2d 584, 857 NE2d 1114 [2006]; ***Sadek v. Westley***, 117 AD3d 193, 986 NYS2d 25, *aff'd* 27 NY3d 982, 32 NYS3d 42, 51 NE3d 553 [2016]).

*Denise Brouard, et al. v James Convery, et al.*     *Index No.:028560/2005*

      In consideration of the instant motion (seq. no.:014) for reargument, the Court awaited the outcome of further development of the judicial use and application of DTI technology. Two cases of persuasive authority have come down during 2019, neither of which specifically addressed the use of DTI evidence as a diagnostic tool for determining TBI in an individual, "single subject patient" supported by single subject patient TBI assessment data. In a case before the United States District Court for the Middle District of Louisiana, a plaintiff alleged that he suffered a mild traumatic brain injury (TBI), and defendants argued that the causation opinion of Plaintiff's expert was "unreliable, based on insufficient facts, data and expertise" (***Barnett v. National Continental Insurance Company***, 2019 WL 126732, *1 [M.D. La. January 8th, 2019]). In the case, the expert physician testimony regarding DTI was permitted, to verify the existence of TBI in the plaintiff/patient, not to diagnose TBI. Defendant attacked the reliance of Plaintiff's expert upon the DTI test for verification of a TBI. The DTI evidence was deemed admissible (*Id.* at *6). In a case before the United States District Court for the Southern District of Florida, the defendant challenged the plaintiff's use of DTI data as a "relatively new MRI-based analysis technique." The defendant argued that DTI should not be used in legal proceedings for "mild traumatic brain injuries" (***Ward v. Carnival Corporation***, 2019 WL 1228063, *8 [S.D. Fla. March 14th, 2019]). The Court cited to ***Barnett***, quoting "DTI findings and testimony have been deemed reliable and admitted by courts across the country for almost a decade," and determining that "We will not preclude any of Plaintiff's experts from testifying based on Defendant's arguments related to the DTI data." (*Id.* at *9). The Court permitted the introduction of Plaintiff's DTI evidence but found the Defendant to be correct that "temporal proximity 'is generally not a reliable indicator of a causal relationship.'" (*Id.*, quoting ***Guinn v. AstraZeneca Pharms. LP***, 602 F3d 1245, 1254 [11th Cir 2010]; *see also* ***Black v. Food Lion, Inc.***, 171 F3d 308, 313 [5th Cir 1999]). The Court also noted "It is well settled that a causation opinion based solely on a temporal relationship is not derived from the scientific

*Denise Brouard, et al. v James Convery, et al.*  *Index No.:028560/2005*

method and is therefore insufficient to satisfy the requirements of Federal Rule of Evidence 702." (*Id.* at 8; *quoting* ***Cartwright v. Home Depot U.S.A., Inc.***, 936 F Supp 900, 906 [M.D. Fla. 1996]). The two noted recent decisions demonstrate a case-by-case analysis regarding the acceptance and admissibility of DTI evidence. Neither is precisely on point to the case at bar.

The Court declines to follow recent persuasive authority and will wait until the Court of Appeals or Appellate Division issue binding authority on point. As the Court previously stated in it's November of 2018 Memorandum Decision, the burden of proving general acceptance of scientific principles or procedures for the admissibility of expert testimony rests upon the party offering the disputed expert testimony. That general acceptance of scientific principles does not require the testimony of an expert at trial (***Dovberg v. Laubach***, 154 AD3d 810, 63 NYS3d 417 [2d Dept 2017]). The expert testimony proposed by Plaintiff regarding DTI technology is not yet generally accepted in neurology for the use in clinical treatment of *individual* patients; and cannot, therefore, be presented before a jury.

**Notice of Intention**

Plaintiff has as yet failed to provide Defendant with previously ordered supplemental CPLR §3101(d) disclosures and has failed to respond to a prior order to comply with CPLR Rule 4532-a. There must be literal compliance with CPLR Rule 4532-a (*see* ***Aguirre v. Long Island Rail Road Co.***, 286 AD2d 658, 660, 730 NYS2s 122, 124 [2d Dept 2001]; ***Harth v. Liakis & Son***, 103 Misc2d 217, 425 NYS2d 523 [Sup Ct Nassau Cty 1980]). The exclusion of evidence concededly not in compliance with a statutory notice requirement for the exchange of medical reports in personal injury and wrongful death actions was not an improvident exercise of the trial court's discretion, and exclusion of conceded hearsay was appropriate, despite rule governing introduction of medical tests, since defendant admittedly

did not afford plaintiff the required notice (***Grassi v. Carolina Barbeque, Inc.***, 254 AD2d 38, 678 NYS2d 321 [1 Dept 1998]).

Plaintiff references a February 9th, 2016 Affidavit of one Dr. Lipton, in which Affidavit he attests that the production of certain data is outside his control. Counsel for the Plaintiff in his Reply (mot. seq. no.:014) declares that "all the relevant non-confidential information about the control group participants has been provided" (para 23), but fails to provide a basis for that statement. Plaintiff's Counsel, in para 27 of his Reply concludes: "In other words, Defendants are merely fishing for impeachment material." Same responses fail to satisfy prior production orders of the Court and are dismissed as obfuscatory and insufficient to overcome Plaintiff's non-compliance with Court orders.

### Conclusion

Contrary to the contention of Plaintiff's Counsel in its instant motion for reargument (mot. seq. no.:014), the Court did not overlook, misconstrue, misunderstand nor misapply the facts or law in this case. The Plaintiff is attempting to present DTI evidence for a novel purpose which has not been either scientifically or judicially accepted. The Court, upon re-examination of the facts and law and upon careful consideration of Plaintiff's motion (seq. no.: 014), declines to rule in Plaintiff's favor. This is a matter devoid of the necessary scientific foundation to justify its application in a judicial determination. What Plaintiff requests is simply a bridge too far. The relief requested by Plaintiff in reargument is denied in its entirety.

This Memorandum also constitutes the Order of the Court.

DATED: MAY 9th, 2019
RIVERHEAD, NY

HON. JAMES HUDSON
*Acting Justice of the Supreme Court*