*Denise Brouard, et al. v James Convery, et al.*                    Index No.:028560/2005

# Supreme Court of the State of New York
# County of Suffolk
# Commercial Division Part XL
# Memorandum Decision

PRESENT:
**HON. JAMES HUDSON**
*Acting Justice of the Supreme Court*

---

DENISE BROUARD and
GERALD BROUARD,

                Plaintiffs,

-against-

JAMES CONVERY, *et al.*

                Defendant(s).

---

INDEX NO.:028560/2005

MOT. SEQ. NO.:015-MD

FLOMENHAFT LAW FIRM, PLLC
By: Michael Flomenhaft, Esq.
Attorneys for Plaintiff Denise Brouard
90 Broad Street, Suite 1901
New York, NY 10004

GERALD BROARD, Plaintiff *Pro Se*
8 Pheasant Court
Stony Brook, NY 11790

LEWIS JOHS AVVALLONE AVILES, LLP
By: Frederick C. Johs, Esq.
Attorneys for Defendant James Convery
1377 Motor Parkway, Suite 400
Islandia, NY 17149

WHITE, FLEISCHNER, FINO, ESQS.
Attorneys for Avis Rent a Car System, Inc.
By: Matthew I. Toker, Esqs.
Attorneys for Defendant James Convery
30 Broad Street- 38th Floor
New York, NY 10094-2946

---

    Plaintiffs Denise and Gerald Brouard commenced this action after Denise Brouard sustained injuries in an automobile accident which occurred on December 14th, 2004, when Defendant James Convery was making a left-hand turn with his vehicle and struck the front of Plaintiff Denise Brouard's car. The Court granted Plaintiffs' motion for partial summary

1

FILED: SUFFOLK COUNTY CLERK 08/09/2021 12:34 PM                INDEX NO. 028560/2005
NYSCEF DOC. NO. 151     Case 1:13-cv-04056-KMW-KNF   Document 477-12   Filed 05/13/22   Page 2 of 7     RECEIVED NYSCEF: 08/09/2021

*Denise Brouard, et al. v James Convery, et al.*                    Index No.:028560/2005

judgment on the issue of liability by Order dated February 4th, 2008 (Doyle, J.). a note of issue was filed on August 21st, 2007, however, by Order dated February 9th, 2012, the note of issue was vacated, and this action was remanded to an IAS Part for the purpose of completing additional discovery. Upon completion of discovery the Plaintiffs filed a second note of issue on April 4th, 2013. Several motions were submitted contesting expert testimony and outstanding discovery. Many adjournments occurred for several reasons, as well as ongoing discovery of Plaintiff's condition. By Order dated June 3rd, 2015, the Court (Baisley, J.) directed Plaintiffs to provide updated expert responses and any further issues concerning the admissibility of the proposed expert's testimony would abide the trial.

Plaintiffs then submitted a motion (seq. no.:012) seeking the judicial notice of Diffusion Tensor Imaging ("DTI") technology and precluding Defendant from contesting the expert testimony. Defendants cross-moved (seq. no.:013) to preclude certain neuroradiological studies including DTI to diagnose minor traumatic brain injury ("TBI") based upon the Frye standard; or conduct a Frye hearing, among other relief. By Order dated February 9th, 2018 (Hudson, J.), this Court denied Plaintiffs' motion, and held that DTI does not have a general acceptance to be used as the standard in clinical/medical treatment of individual patients who are being treated for TBI's. The Court denied Plaintiffs' motion to reargue (seq. no.:014) by Order dated May 9th, 2019 (Hudson, J.), and found that although two cases of persuasive authority have come down during 2019, neither of which specifically addressed the use of DTI evidence as a diagnostic tool for determining TBI in an individual, "single subject patient" supported by single subject patient TBI assessment data. This Court further stated:

> "...this Court declines to follow recent persuasive authority and will wait until the Court of Appeals or Appellate Division issue binding authority on point. As the Court previously stated in its November of 2018 Memorandum Decision, the burden of proving general acceptance of scientific principles or procedures for the admissibility of expert testimony rests upon the party offering the disputed expert testimony. That general acceptance of scientific principles does not require the

testimony of an expert at trial (***Dovberg v Laubach***, 154 AD3d 810, 63 NYS2d 417 [2d Dept 2017]). The expert testimony proposed by Plaintiff regarding DTI technology is not yet generally accepted in neurology for the use in clinical treatment of *individual* patients; and cannot, therefore, be presented before a jury."

Plaintiffs now move, approximately two years later, seeking leave to renew the prior motion which resulted in this Court's Order, dated February 9th, 2018 (Hudson, J.), which denied Plaintiffs' motion and granted Defendants' cross motion precluding Plaintiffs from presenting evidence pertaining to MRI with Diffusion Tensor Imaging (DTI), and the Order dated May 9th, 2019 (Hudson, J.), which denied Plaintiffs' motion to reargue.

**CPLR 2221(e)**, a motion for leave to renew provides:

1. Shall be identified specifically as such;
2. Shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
3. Shall contain reasonable justification for the failure to present such facts on the prior motion.

As this Court noted in the prior determination, since the commencement of this case in 2005 and the intervening passage of time, DTI technology and the scientific/medical literature discussing it has proceeded apace. In support of the motion, Plaintiffs now "proffer facts and appellate law that were not in existence at the time of the Court's 2018 Decision and which require the Court to revisit its ruling."

Therefore, the motion seeking leave to renew the prior Order dated February 9th, 2018 is granted. The Court finds that Plaintiffs' application to renew the Order dated May 9th, 2019 is improper, inasmuch as that Order denied a motion to reargue.

Upon renewal, Plaintiffs submit the Affirmations and Affidavits of nine physicians and neuroradiologists who attest to the increased usage and dependence on DTI in approximately 42 (forty-two) hospitals and outpatient radiology facilities across the

FILED: SUFFOLK COUNTY CLERK 08/09/2021 12:34 PM                INDEX NO. 028560/2005
NYSCEF DOC. NO. 151    Case 1:13-cv-04056-KMW-KNF   Document 477-12   Filed 05/13/22   Page 4 of 7    RECEIVED NYSCEF: 08/09/2021

*Denise Brouard, et al. v James Convery, et al.*                                                Index No.:028560/2005

Country. Plaintiffs rely upon the January 16th, 2005 deposition testimony of Dr. Max Wintermark, a neuroradiologist and a contributor of the White Paper, which was cited in this Court's prior Decision. Dr. Wintermark reiterated his view that DTI is not yet ready for individual patient diagnosis, however, DTI is extremely helpful to neurosurgeons prior to brain tumor surgery, and many hospitals are researching DTI with group subjects. Plaintiffs also rely upon a hearing transcript of **Sutter v Youngman**[1] the testimony of the defense expert, Dr. Sean Mahan, a neuroradiologist, who stated that a positive DTI study does not specifically show that the patient has a traumatic brain injury, but that the result is consistent with traumatic brain injury. While DTI is an important part in the clinical evaluation of the patient, Dr. Mahan stated that "no one has ever said that this makes the exact diagnosis of traumatic brain injury." Dr. Mahan also stated, "It's actually on the standard MRI without the DTI that I am able to make that diagnosis." The Circuit Court of the Seventh Judicial Circuit in Florida, by Order dated February 25th, 2019 (Weston, J.) held that the use of DTI is not new or novel and that the way that Dr. Mahan used DTI to diagnose the Plaintiff is generally accepted in the neuroradiology community.

One of Plaintiffs' experts, Robert Peyster, M.D., Chief of the Division of Neuroradiology, at the Health Sciences Center, State University of New York, Stony Brook, states that he recognizes that DTI is a reliable clinical and scientific technology when performed by those who are intimately familiar with the details and demands of the procedures and protocols involved and who employ stringent interpretive criteria and his opinion is not a blanket endorsement of all DTI studies. He agrees with the statement in the White Paper that advanced neuroimaging techniques should not be used on a routine basis for the concussion/TBI patient and should not be used by itself to diagnose TBI or to render a prognosis. However, he is not constrained by the recommendations of the White Paper.

---

[1] February 25th, 2019 Hearing on Daubert/Frye Motion, Case No.:2014-011664-CIDL, In the Circuit Court, Seventh Judicial Circuit, In and For Volusia County, Florida

FILED: SUFFOLK COUNTY CLERK 08/09/2021 12:34 PM
NYSCEF DOC. NO. 151
INDEX NO. 028560/2005
RECEIVED NYSCEF: 08/09/2021

Case 1:13-cv-04056-KMW-KNF    Document 477-12    Filed 05/13/22    Page 5 of 7

*Denise Brouard, et al. v James Convery, et al.*                    Index No.:028560/2005

In Opposition, Defendants submit an Affirmation of Apostolos John Tsiouris, M.D., dated June 11th, 2021, who states that he is Chief of Neuroradiology at New York Presbyterian Hospital-Weill Cornell Medicine in New York, New York with seventeen (17) years of experience in an active clinical neuroradiological practice in which his primary responsibilities are interpreting CT ("cat scan") and MRI ("Magnetic Resonance Imaging") scans of the brain. He routinely analyzes, and reviews DTI data sets for the purposes of neurosurgical brain tumor pre-operative planning. He submits this Affirmation in Opposition to Plaintiffs' motion to renew the preclusion of DTI due to a lack of general acceptance for the purposes they intend to introduce DTI at the time of trial. Dr. Tsiouris reviewed Plaintiffs' submissions and affirms that none offer new facts, but are newly dated Opinions, Affidavits and Affirmations based on documents that existed at the time of the two prior motions. It remains Dr. Tsiouris' opinion that based on the current science/evidence to date that DTI in the patient setting is not generally accepted. He states it remains an investigational technique without common standards or guidelines, unknown accuracy or precision and no probative value that would run the risk of confusing a jury. He states that the Radiological Society of North America ("RSNA"), the largest and most influential radiological society in the world, posted an online position statement on March 6th, 2021 supporting the 2015 White Paper, and states:

> "advanced neuroimaging techniques, including MRI diffusion tensor imaging, functional MRI, MR spectroscopy, ***, are of particular interest in identifying further injury in TBI patients when conventional non-contrast head CT and MRI are normal, as well as for prognostication in patients with persistent symptoms. At present, there is insufficient evidence supporting the routine clinical use of advanced neuroimaging techniques [such as DTI] for diagnoses and/or prognostication at the individual patient level. This is the focus of ongoing research.[2]"

---
[2] https://www.rsna.org/positionstatements

Dr. Tsiouris further states that DTI results are completely non-specific and can be indicative of anything that can affect the brain during a patient's lifetime. Regardless of the DTI results, the treatment and prognosis remain unchanged. Contrary to Plaintiffs' contentions, the Veterans Administration/ Department of Defense Clinical Practice Guidelines for the Management of Concussion-Mild Traumatic Brain Injury, states that there is no evidence to support routine use of DTI in this population later than seven days after the event, and such studies had significant methodological problems particularly with selection of the control groups and difficulty linking DTI findings with clinical presentation or outcomes.[3]

Defendants submit recent determinations which denied the use of expert testimony of DTI at trial. By Order dated April 19th, 2021 (Foster, J.), the Court in ***Hernandez v Fate Scales***, (docket no.:2016-1067 "B", 22nd Judicial District Court, Parish of Tangipahoa, Louisiana), "found the EEG/ERT Studies and DTI imaging performed in this case to be unreliable and not generally accepted by the relevant scientific community to diagnose a concussion/traumatic brain injury." In a second matter, by Order dated September 6th, 2018 (Hertzberg, J.), the Court in ***Avery v Cercone***, (case no.:GD 13-22334, Court of Common Pleas of Allegheny County Pennsylvania Civil Division), the Court granted a motion to preclude expert testimony regarding the use of DTI.

> "The long-recognized rule of ***Frye v United States*** (293 F 1013, 54 App. DC 46 [DC Cir 1923]) is that expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has 'gained general acceptance' in its specified field'" (***Dovberg v Laubach***, 154 AD3d 810, 812, 63 NYS3d 417 [2d Dept 2017], quoting ***Lipschitz v Stein***, 65 AD3d 573, 575, 884 NYS2d 442 [2d Dept 2009], quoting ***People v Wesley***, 83 NY2d 417, 422, 611 NYS2d 97 [1994], quoting ***Frye v United States*** 293 F 1013, 8014; see ***Parker v Mobil Oil Corp.***, 7 NY3d 434, 447, 824 NYS2d 584 [2006]).

---

[3] https://www.healthquality.va.gov/guidelines/rehab/mtbi/

FILED: SUFFOLK COUNTY CLERK 08/09/2021 12:34 PM
NYSCEF DOC. NO. 151

Case 1:13-cv-04056-KMW-KNF   Document 477-12   Filed 05/13/22   Page 7 of 7

INDEX NO. 028560/2005
RECEIVED NYSCEF: 08/09/2021

*Denise Brouard, et al. v James Convery, et al.*  Index No.:028560/2005

The burden of proving general acceptance rests upon the party offering the disputed expert testimony (see **Ratner v McNeil-PPC, Inc.**, 91 AD3d 933 NYS3d 146 [2d Dept 2012]).

Applying the above principles, Plaintiffs have failed to submit any new law or facts that would change the prior motion determination. Plaintiffs' reliance on **Sutter v Carlton**, *supra*, while persuasive, is not binding authority upon this Court and will not be followed, and, in any event, there are as many, or more, matters where the courts have precluded DTI evidence. Plaintiffs submitted Affirmations and Affidavits which contained facts and evidence that existed at the time of the original motion. Plaintiffs' expectation of using DTI technology to show causation is not supported by the experts or current medical literature. In addition, Plaintiffs' expert, Dr. Peyster, qualified his support of DTI technology by stating that strict adherence to certain protocols must be maintained to obtain a reliable DTI result, and that DTI should not be used alone to diagnose TBI. The Court, therefore, finds that DTI technology is novel scientific evidence that has not "gained general acceptance in the field in which it belongs" (**Frye v United States**, *supra* at 1014), and adheres to its prior determination.

Accordingly, Plaintiffs' motion to renew is denied.

This Memorandum is also the Order of the Court.

**DATED: AUGUST 3rd, 2021**
**RIVERHEAD, NY**

HON. JAMES HUDSON
*Acting Justice of the Supreme Court*