UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MARY TARDIF,

                Plaintiff,

   -v-

CITY OF NEW YORK,

                Defendant.
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:     6/8/2022    

13-CV-4056 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      The Court has reviewed the parties' submission regarding proposed redactions to Plaintiff's medical records, set forth in the May 16, 2022 letter from the parties to the Court. (ECF No. 485.)

      The parties' submission lacks adequate information for the Court to rule on these matters; this inadequacy is of serious concern to the Court, because it suggests that counsel are not devoting the necessary attention to matters of consequence in this litigation. The submission also contains inconsistencies and errors that make it difficult to discern the parties' positions. For example, Plaintiff writes that, because of Defendant's purportedly "belated redactions, the court should *not* deny [Defendant's] request to redact these records." (*Id.* at 2 (emphasis added).) Throughout the rest of her portion of the submission, Plaintiff takes the opposite position—that the Court *should* reject Defendant's proposed redactions.

      Defendant failed to provide proposed redactions to Exhibit 29. It instead made an unexplained reference to its objections to a sentence in a different exhibit, that Plaintiff was "thrown to ground." Exhibit 29 does not contain an equivalent statement and the Court is aware

of no concern about the identity of the declarant.  The Court considers Defendant to have waived its opportunity to propose redactions to Exhibit 29.

Counsel have a duty to the Court to be more careful in their submissions.  If counsel are unable or unwilling to make their submissions coherent, the Court cannot rule on their motions.

To address the major inadequacies of the prior submission, the parties must each submit to the Court a brief letter addressing the following points.

**Plaintiff must:**

1. Submit an explanation of the relevance of each ailment suffered by Plaintiff that predates the incident that is the subject of this lawsuit and provide the reason why that information should not be redacted.  This explanation should specify which facts of consequence would be made more or less probable by evidence concerning each ailment.

2. Explain, in detail, the relevance of Plaintiff's epilepsy to her claims in this lawsuit.

The disputed records contain a wealth of information relating to Plaintiff's epilepsy.  It is insufficient merely to state that a curative instruction can cure any confusion or prejudice caused thereby.  The Court has an obligation to make Rule 403 rulings in detail, rather than solely to issue a curative instruction, when admitting volumes of information that might present a risk of juror confusion or prejudice.

If Plaintiff's epilepsy is relevant to her instant claim, counsel must carefully consider how much of the information concerning her epilepsy warrants admission—counsel should not assume that all of the proffered information will be useful to the jury.  Counsel's statement relating to Exhibit 27, that "[t]he entries relating to Plaintiff's seizures in these medical records is [sic] relevant for the jury to understand *the context of the treatment and her medical*

*condition* are therefore admissible" (*id.* at 3 (emphasis added)), is <u>useless</u> to the Court.  The statement is so patently generalized and overbroad that it communicates no basis for a ruling.

    3. Describe Plaintiff's position regarding stipulations she made at the first trial in this case.  Does Plaintiff contend that the stipulations relating to epilepsy and seizures that Defendant references on page 4 of the May 16, 2022 letter were <u>not made</u> or are <u>not binding in this trial</u>?  If not, Plaintiff must explain why it believes the introduction of evidence relating to her epilepsy is consistent with her past stipulations.

    4. Regarding Exhibits 29 and 31: Explain whether Plaintiff seeks to have these exhibits admitted in their entirety.  Plaintiff must state whether counsel has carefully considered which portions of the exhibits will be useful to the jury.

    **Defendant must:**

    1. Regarding all medical records at issue: Explain why Defendant seeks to exclude references to Plaintiff's epilepsy in certain exhibits, but apparently has no objection to the other, extensive references elsewhere to Plaintiff's epilepsy.  Is this a careless oversight, or the result of litigating strategy?

    The submissions referred to above are due no later than June 14, 2022.  Failure to make such submissions will result in denial of the motions concerning Plaintiff's medical records.

    SO ORDERED.

Dated: New York, New York
       June 8, 2022                                             */s/ Kimba M. Wood*
                                                              KIMBA M. WOOD
                                                    United States District Judge