```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/20/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARY TARDIF,

           Plaintiff,

   -v-

CITY OF NEW YORK,

           Defendant.
----------------------------------------------------------X

13-CV-4056 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Before the Court are three motions for reconsideration of the Court's prior rulings in this case.  First, Plaintiff has moved for reconsideration of the Court's ruling that, although her service dog may accompany her in the courtroom, it may not be visible to the jury.  (ECF No. 438.)  Second, Plaintiff also moved for reconsideration of the Court's ruling regarding the admissibility of the NYPD Patrol Guide § 203-11.  (ECF No. 459.)  Third, Defendant has moved for reconsideration of the Court's ruling regarding the admissibility of Plaintiff's testimony that John Doe No. 8 pushed Plaintiff on March 21, 2012, prior to her interaction with Sergeant Mattera.  (ECF No. 456.)  For the reasons set forth below, Plaintiff's motion regarding her service dog is DENIED, Plaintiff's motion regarding the NYPD Patrol Guide is GRANTED, and Defendant's motion regarding John Doe No. 8 is DENIED.

    The standard to grant a motion for reconsideration is strict:

> A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citations, quotation marks, and brackets omitted).

I.     **Visibility of Plaintiff's Service Dog**

Plaintiff has moved for reconsideration of the Court's ruling that, although her service dog, Daisy, may accompany her in the courtroom, it may not be visible to the jury.[1] Plaintiff seeks instead to be permitted to keep her service dog visibly at her side.[2] She proposes that a curative instruction by the Court would eliminate the risks that her service dog might distract the jury, create undue sympathy for Plaintiff to the detriment of Defendant, confuse the jury, or prejudice the jury against Defendant. Plaintiff's arguments fall far short of the standard to grant a motion for reconsideration. Her motion is denied.

Plaintiff does not identify any controlling decisions or relevant data that the Court overlooked involving the use of service animals in the courtroom. Indeed, she bases her motion principally upon a state court decision that is inapposite. In the New York State decision cited by Plaintiff, *People v. Tohom*, New York's intermediate appellate court held that it was not an improper exercise of a trial judge's discretion to permit a child witness to testify accompanied by a therapeutic comfort dog. 109 A.D.3d 253, 275 (N.Y. App. 2013). That ruling was based in substantial part upon a state statute providing particular solicitude for child witnesses. *See id.* at 260–67. The court also acknowledged that the presence of the comfort dog risked engendering sympathy for the child witness in jurors. *Id.* at 268. It decided nevertheless to uphold the use of the dog because "there is no proof that such sympathy was significantly greater than the normal

---

[1] Ms. Tardif's motion for leave to file a declaration in connection with her motion for reconsideration is granted. The Court has considered the declaration attached as Exhibit 1 to ECF No. 438 in ruling on Plaintiff's motion for reconsideration.

[2] The Court made several preliminary comments concerning this motion during a conference of the parties on May 9, 2022, as the Court awaited Defendant's memorandum of law in opposition. To the extent that the text of this Order differs from the Court's comments during that conference, the terms of this written Order control.

2

human response to a child's testimony about his or her sexual abuse at the hands of an adult." *Id.* The considerations raised by alleged child victims of sexual assault are not generally applicable to adult witnesses and parties. At least one federal court has clearly distinguished the circumstances in which a dog may be brought into the courtroom for the benefit of a child and the narrower set of circumstances in which a dog may be present for use by an adult. *See United States v. Gardner*, No. 16-CR-20135, 2016 WL 5404207, at *7–8 (E.D. Mich. Sept. 28, 2016) (prohibiting an adult from bringing support dog into courtroom, after observing "the Court has not found any cases where a canine advocate was allowed to be present during the testimony of a witness over the age of 18 who lacked severe development disabilities").

The single experimental study that Plaintiff cites is inapt for a similar reason. That study addresses a distinguishable question—the level of prejudice a defendant may experience if a *child witness* testifies with a comfort dog, rather than a stuffed animal or no aid at all. (*See* Pl. Mem. at 6, ECF No. 439.)

The Court has made appropriate accommodations for Ms. Tardif's risk of epileptic seizure. Ms. Tardif may be accompanied by her service dog, Daisy, during trial so that the dog may alert her if a seizure is imminent. Ms. Tardif likens her service dog to a "piece of medical equipment" that is necessary for her to appear safely at trial. (Pl. Mot. to Reconsider, Ex. 1 ("Tardif Decl.") ¶ 11, ECF No. 438.) But Plaintiff has never suggested that keeping Daisy out of sight of the jury will make her service dog ineffective at its purpose: detecting seizures. As stated at the May 9 conference, there is no limitation on the actions Daisy may take to warn Ms. Tardif, if Daisy were to detect an impending seizure.

The Court also must take measures to ensure a fair trial. The Court must balance the likelihood that, if Daisy is visible to jurors during trial, Daisy would create a distraction for

3

jurors and risk engendering undue sympathy for Plaintiff to the detriment of Defendant. Plaintiff's submission on this subject (ECF No. 439) also notes in footnote 3 that some people fear dogs; for such a juror, having the source of his or her fear consistently in view could be a profound distraction. For these reasons, while Daisy is in the courtroom, she may be next to Plaintiff, but she must remain under a covered table, invisible to jurors.

    A curative instruction is not a suitable alternative to keeping Daisy out of view of the jury. There is no guarantee that instructing jurors not to allow the presence of something in the courtroom to distract them would be successful—particularly for any juror who harbors a fear of animals.

    The Court's other rulings on this matter have sought to minimize any burden on Plaintiff from keeping Daisy out of sight of the jury. The Court summarizes those rulings here for the parties' convenience. To address Plaintiff's concern regarding the need to walk Daisy outside during the lunch break, the time allotted for lunch each day will be extended to forty-five minutes. To dispose of a related point of confusion, the Court reiterates that Ms. Tardif is permitted to use the courthouse cafeteria. In response to Ms. Tardif's concern that Daisy's collar tags may make a "clinging sound" (Tardif Decl. ¶ 9), she is to determine whether she can replace the tags or temporarily remove them during trial. If Plaintiff finds herself preoccupied with attempting to keep Daisy out of view, or for any other reason, she may signal to counsel to raise her concern and to request that a statement made by the Court, counsel, or a witness be repeated.

    Ms. Tardif and Daisy should be present in court one half-hour before trial begins, to have the benefit of any oral rulings or arguments made outside the presence of the jury. Ms. Tardif and Daisy should still attempt to minimize entering or leaving the 26th floor courtroom at the same time as jurors, which will be accomplished if Ms. Tardif waits to leave the courtroom until

approximately ten minutes after jurors have left the courtroom. Ms. Tardif may use the public entrances and elevators in the courthouse. If Daisy is seen by a juror with Ms. Tardif outside of the courtroom, it is less likely that the juror will attach any particular significance to the encounter. Such an encounter would not pose the same danger of distraction, undue sympathy, or detriment that would be risked in the courtroom during trial. Ms. Tardif need not think she must hide behind planters when she and Daisy are outside.

## II.     NYPD Patrol Guide

Because the Patrol Guide's standard to "use minimum necessary force" is compatible with the objective reasonableness standard, Plaintiff's motion for reconsideration regarding the NYPD Patrol Guide is granted. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Edrei v. Maguire*, 892 F.3d 525, 534 (2d Cir. 2018). Plaintiff is permitted to introduce NYPD Patrol Guide § 203-11.

## III.    Testimony Regarding John Doe No. 8

For the reasons discussed at the Final Pretrial Conference held on April 27, 2022 and memorialized in an April 28, 2022 Order (ECF No. 434), Defendant's motion for reconsideration regarding John Doe No. 8 is denied. Plaintiff is permitted to introduce evidence regarding John Doe No. 8's conduct.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion regarding her service dog is DENIED, Plaintiff's motion regarding the NYPD Patrol Guide is GRANTED, and Defendant's motion regarding John Doe No. 8 is DENIED.  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 438, 456, and 459.

    SO ORDERED.

Dated: New York, New York
       June 20, 2022                                      */s/ Kimba M. Wood*
                                                           KIMBA M. WOOD
                                            United States District Judge