

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HANNAH V. FADDIS**
Senior Counsel
phone: (212) 356-2486
fax: (212) 356-1148
hfaddis@law.nyc.gov

June 21, 2022

**By ECF**
Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Mary Tardif v. City of New York, et al.,
                  No. 13 CV 4056 (KMW) (KNF)

Your Honor:

      I am one of the attorneys assigned to represent defendant the City of New York in the above-referenced matter. In light of the Court's Order dated June 16, 2022, precluding specific causation evidence from plaintiff's experts, defendant writes to respectfully request that the Court preclude evidence of plaintiff's alleged brain injury.

      Under Second Circuit precedent, "expert medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the common knowledge of the lay person." Estate of Jaquez v. Flores, 10 Civ. 2881 (KBF), 2016 U.S. Dist. LEXIS 42579, at *7 (S.D.N.Y. Mar. 30, 2016) (quoting Barnes v. Anderson, 202 F.3d 150, 159 (2d Cir. 1999)). Whether expert medical opinion evidence is required depends on the complexity of the injury and the likelihood that an ordinary person would come into contact with that injury. Jaquez, 2016 U.S. Dist. LEXIS 42579, at *7-8 (citation omitted). "For simple and familiar injuries, expert opinion is not necessarily required." Jaquez, 2016 U.S. Dist. LEXIS 42579, at *8. "Where, however, the nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is often required to establish the causal connection between the [incident] and some item of physical or mental injury." Id., quoting Wills v. Amerada Hess Corp., 379 F.3d 32, 46 (2d Cir. 2004) (quoting Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695 (1st Cir. 1987)). This is because medical evidence relating to causes of injury to the human body is not normally considered to dwell within the common knowledge of a layperson. See Barnes, 202 F.3d at 159. "To allow a jury of laymen, unskilled in medical science, to attempt to answer such a question would permit the rankest kind of guesswork, speculation and conjecture." Wilhelm v. State Traffic Safety Com., 230 Md. 91, 101, 185 A.2d 715, 719 (1962). "District

courts have faithfully followed the Second Circuit's binding guidance, and thus have, for example, granted summary judgment to defendants where plaintiffs do produce expert evidence on causation, but that evidence advances a number of equally plausible alternative theories through which "no lay juror could wade ... and reasonably pick one." Estate of Jaquez v Flores, 2016 U.S. Dist. LEXIS 42579, at *9 (S.D.N.Y. Mar. 30, 2016).  (citing Glowczenski v. Taser Int'l, Inc., 928 F. Supp. 2d 564, 584 (E.D.N.Y. 2013).  See, Knight v. Biggs, et al., No. 16-cv-7888 (RJS), ECF No. 178 (S.D.N.Y. January 11, 2019) (limiting testimony regarding exposure to OC spray to "pain and suffering [plaintiff] experienced in the immediate aftermath of the incident," precluding testimony regarding "ringing, congestion, discharge or ear infections that may have developed in the days, weeks, and months after the incident[.]"); see also, Knight, ECF No. 176 (discussing the "requirement that plaintiffs produce expert medical evidence in order to prove proximate causation of medical injury").

      Here the nexus between plaintiff's claimed brain injury and related symptoms—which appeared eight years after the incident underlying this case—is not sufficiently obvious that it can be reasoned without expert testimony as to causation.  In the first instance, this injury was only purportedly diagnosed by MRI with diffusion tensor technology.  It is certainly not within the province of the jury to diagnose such an injury.  Moreover, neither of plaintiff's experts has plausibly ruled out other possible head trauma as the cause of the white matter hyperintensity interpreted as an axonal injury.  To the extent the Court has found that Dr. Krishna may testify as to the specific causation of the white matter hyperintensity, such testimony will not aid the jury in either finding liability or awarding damages.  This is because the appearance of the hyperintensity is not correlated to any limitations or symptoms plaintiff is claiming and there is no dispute that plaintiff sustained head trauma before and after this incident.  Lastly, neither of plaintiff's experts has offered any explanation for why plaintiff's multiple treating physicians—who observed this same hyperintensity—found it clinically insignificant in contrast to her experts' conclusions.  Without any such evidence, a jury cannot be asked to reliably conclude that the March 2012 incident is more likely than not the cause of plaintiff's alleged injury, which they would have to do in order to render a plaintiff's verdict.

      In addition, Your Honor's June 16, 2022 Order found that plaintiff's experts have not offered reliable opinions as to the specific cause of plaintiff's alleged brain injury and precluded that testimony.  Specifically, while the Court has determined that plaintiff's experts are competent to testify as to potential causes of the identified white matter hyperintensity and plaintiff's complained of symptoms, it has also explicitly held that plaintiff has not met her burden of submitting specific causation evidence to the jury.  That is, the plaintiff's own experts have not articulated a sufficiently reliable opinion as to a specific causal link between the March 2012 incident and the 2020 symptoms.  Without testimony as to *specific* causation, the jury will be presented with evidence of plaintiff's complained of symptoms and the fact of the underlying incident, and then invited to speculate that the two are causally connected.  If such conclusions lack sufficient indicia of reliability coming from plaintiff's own experts, a jury of lay people should not be invited to reach the same inadmissible conclusions on the same evidence.  This would be precisely the type of speculation and guesswork a jury is to avoid.

      Finally, to the extent that plaintiff will not be able to introduce evidence of causation as to these injuries, it would be a waste of resources to permit plaintiff to testify regarding these

injuries at all.  To submit such testimony to the jury, even without plaintiff proffering an explicit opinion as to causation, would again be an invitation to the jury to speculate that the injuries are connected to the defendant's actions.  Without evidence of causation, plaintiff cannot meet his burden of proof as to nexus between these alleged injuries and the defendant's actions, and they should not be presented to the jury.

Defendant thanks the Court for its consideration of this application.

Sincerely,

/s/

Hannah V. Faddis
*Senior Counsel*
Special Federal Litigation Division

CC:   **BY ECF**
   *All Counsel of Record*