

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**Michael C. Viviano**
*Assistant Corporation Counsel*
phone: (212) 356-2368
fax: (212) 356-3509
email: mviviano@law.nyc.gov

June 21, 2022

**BY ECF**
Honorable Kimba Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Mary Tardif v. The City of New York, et al.,
13 Civ. 4056 (KMW) (KNF)

Your Honor:

I am one of the attorneys assigned to represent defendant the City of New York in the above-referenced matter. Defendant writes in request to have both venire panels, containing prospective jurors, numbered 1 through 37, be dismissed so as to avoid undue prejudice to defendant.

On June 21, 2022 during *voir dire* of venire panel number 1, plaintiff became physically ill and vomited in a trash can in front of the jurors that were in the process of being qualified. This also occurred in front of the second venire panel of prospective jurors who, at the time, had no knowledge as to the case or the matter at hand. Immediately upon plaintiff becoming ill, the panels of prospective jurors were instructed to vacate the courtroom and then plaintiff followed behind them with her crutches, her service dog, and one of her attorneys by her side.  Everyone in the courtroom at the time, including Your Honor's law clerks, who scurried to find trash cans for plaintiff, as well as all counsel, was visibly startled by what had just transpired.

In fact, it is not just this one isolated event that has prejudiced defendant but rather a series of events that has cast an unfair shadow on this case. Specifically, and with little or no notice to defendant, plaintiff appeared in Court today with crutches and a boot on her left foot. Although a curative instruction was given to the first panel of prospective jurors, every prospective juror in both the first and second panel saw plaintiff with her crutches and her boot.

The second panel of prospective jurors has not yet been provided with the same curative instruction as the first panel and they are now likely left with the impression that any purported injury to plaintiff's foot/ankle is related to the events in this case, which of course it is not. While defendant is certainly sympathetic to plaintiff's condition and by no means seek to belittle plaintiff or the events that transpired today, these events, unfortunately, have polluted the two prospective venire panels from being impartial, unbiased, and have ultimately prejudiced the defendant beyond repair.

As such, so as to avoid the possibility that today's events have garnered any sympathy for plaintiff to the detriment of the defendant, defendant respectfully requests that both venire panels be discharged and replaced with a new panel of prospective jurors. Defendant respectfully submits that this is the only way to ensure that it receives a fair trial.  *See Irvin v. Dowd*, 366 U.S. 717, 722, 6 L. Ed. 2d 751, 81 S. Ct. 1639 (1961) (defendant must receive "a fair trial [*18] by a **panel** of impartial, 'indifferent' jurors").

Thank you for your consideration herein.

Respectfully submitted,

*Michael Viviano* /s/
Michael C. Viviano, Esq.
Assistant Corporation Counsel

cc:     BY ECF
        *All Counsel of Record*