```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   6/22/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARY TARDIF,

                Plaintiff,

       -v-                                  13-CV-4056 (KMW)

CITY OF NEW YORK,                    **OPINION & ORDER**

                Defendant.
-----------------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

       Defendant has moved to "preclude evidence of plaintiff's alleged brain injury" because of the Court's Opinion and Order precluding Dr. Krishna from testifying that Ms. Tardif's diagnosis of traumatic brain injury ("TBI") and her current symptoms were causally related, specifically, to the incident of March 21, 2012.  (ECF No. 519.)  Plaintiff submitted a letter in opposition.  (ECF No. 522.)

       This motion is a motion to reconsider the Court's ruling denying Defendant's second motion *in limine*.  (*Daubert* Op. at 24, ECF No. 509.)  By raising that motion *in limine*, Defendant had sought to bar Plaintiff "from presenting her new traumatic brain injury claim because she does not have competent evidence."  (Def. Mot. in Lim. at 12, ECF No. 390.)

       Defendant's motion to reconsider is DENIED.  The judicial decisions that Defendant references are inapposite.  Those decisions deal with quite complex issues of causation of an injury, such as whether exposure to a particular set of chemicals can cause a specific type of cancer.  *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) ("[T]he causal link between exposure to toxins and other behavior and squamous cell carcinoma is sufficiently beyond the knowledge of the lay juror that expert testimony is required to establish causation.").

In contrast, the issue of whether a blow to one's head can cause damage to one's brain is not disputed in this case. Defendant merely contends that it was *a different* blow to Ms. Tardif's head, years after the incident at issue in this case, that caused her recent and current symptoms. Moreover, the Court is permitting Dr. Krishna to testify to several aspects of causation, including the identification of the T2 white matter hyperintensity that the experts say is a sign of damage to parts of Ms. Tardif's brain—even if he may not directly link the specific symptoms of November 2020 or the diagnosis of TBI to the incident on March 21, 2012.

Defendant has indicated its intent to conduct vigorous cross-examination regarding the cause of Ms. Tardif's recent symptoms. It is far more suitable for Defendant to challenge Plaintiff's theory of damages during cross-examination than for the Court to preclude testimony regarding a particular subset of the symptoms Ms. Tardif reports having suffered since 2012.

For the benefit of the parties, the Court reiterates its prior holdings regarding causation. As the Court noted in its June 17, 2022 opinion, Dr. Lawler did not purport to establish the cause of anything he observed in Ms. Tardif's brain imaging.

The Court precluded Dr. Krishna from testifying about the specific causation of Ms. Tardif's TBI and current symptoms. Thus, Dr. Krishna may not testify that the incident of March 21, 2012 caused the TBI that he diagnosed in Ms. Tardif or any particular proportion of her symptoms. The Court's Opinion and Order states:

> Dr. Krishna may not testify about the specific cause of Ms. Tardif's condition or her current and recent symptoms. As a result, Dr. Krishna may not attribute any particular proportion of Ms. Tardif's need for future medical care to the incident of March 21, 2012.

(*Daubert* Op. at 17.)

The Court's prior ruling does permit Dr. Krishna to testify about three aspects of causation:

> Dr. Krishna may still testify to his general knowledge about the types of events that can cause TBI and symptoms such as those reported by Ms. Tardif. He may similarly respond to hypothetical questions about whether a blow to the head like the one that Plaintiff alleges occurred on March 21, 2012 could be a plausible cause of TBI. He may also testify regarding the causation of the T2 white matter hyperintensity identified in the March 24, 2012 MRI, for which the 2019 and 2020 incidents are not obvious alternative explanations.

(*Id.*)

SO ORDERED.

Dated: New York, New York
June 22, 2022

                                          */s/ Kimba M. Wood*
                                          KIMBA M. WOOD
                                          United States District Judge