UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MARY TARDIF,

                  Plaintiff,

       -v-

CITY OF NEW YORK,

                  Defendant.

--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/24/2022
```

13-CV-4056 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant has indicated its intention to question Dr. Ranga C. Krishna regarding his prior conviction in May 2012 for felony tax fraud in violation of N.Y. Tax Law § 1804. (ECF No. 469.)

      Because Dr. Krishna's testimony will occur more than ten years after he was convicted, the Court may admit this conviction only if the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). The Court must make such a finding on the record. *Jones v. N.Y.C. Health & Hosps. Corp.*, 102 F. App'x 223, 226 (2d Cir. 2004) (quoting *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978)). Courts will admit convictions of this age only in rare and "exceptional circumstances." *Mahler*, 579 F.2d at 735.

      Courts balancing the probative and prejudicial values of a conviction that occurred more than ten years ago "have considered the 'nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has 'mended his ways' or engaged in similar conduct recently.'" *United States v. Schlussel*, No. 08-CR-694, 2009 WL

536066, at *2 (S.D.N.Y. Feb. 27, 2009) (Keenan, J.) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (Lowe, J.)).

The probative value of Dr. Krishna's conviction is high.  Dr. Krishna was convicted for a crime that is both a felony and a crime of dishonesty—making it admissible pursuant to both prongs of Federal Rule of Evidence 609.  *See* Fed. R. Evid. 609(a).  Moreover, the age of Dr. Krishna's conviction is very close to the cutoff of ten years.  Dr. Krishna pleaded guilty less than ten years and two months prior to trial.  The scale of the crime—submitting four false invoices to support a deduction of $669,000 in false business expenses in order to avoid paying $47,040 in taxes owed to New York State—also increases the probative value of the conviction for Dr. Krishna's credibility.  (Def. Notice Letter, Ex. B, ECF No. 469-2.)  Finally, the crime involved misrepresentations by Dr. Krishna in managing his prior medical practice, Total Neuro Care P.C. (*Id.*)  Four state medical boards sanctioned Dr. Krishna in relation to his conviction.  (*See* Def. Notice Letter, Exs. D–G, ECF Nos. 469-4, 469-5, 469-6, 469-7.)  A willingness to submit false information to enrich one's medical practice is highly relevant to a doctor's credibility as an expert medical witness.

Dr. Krishna's medical opinion is critical to the outcome of this case.  He is the only expert who is expected to testify about the cause of the signs of damage found in Ms. Tardif's brain, about the types of events that can cause traumatic brain injury, and about the current symptoms that Ms. Tardif reports.  Thus, Dr. Krishna's credibility is highly significant.  Although there may be alternative avenues to impeaching his conclusions as an expert, the Court is not now aware of alternative means to impeach Dr. Krishna's trustworthiness.

Last, the Court notes that Dr. Krishna has not shown signs of reforming his ways.  He was sanctioned by the West Virginia Board of Medicine for making affirmative

misrepresentations to the board in both 2012 and 2016—falsely answering "no" to a question of whether he had been convicted of any felony from July 2010 to July 2012 and falsely answering "no" to a question of whether he had been subject to past disciplinary action by a medical board. (Def. Notice Letter, Ex. F, ECF No. 469-6.)  These later misrepresentations make clear that the offense for which he was convicted was not Dr. Krishna's final act of dishonesty.

Any contention that Plaintiff was not given "reasonable written notice" of the Rule 609(b) materials, which might have been convincing had trial begun on its initially scheduled date, has been undercut.  Following adjournment, the start date of trial occurred one month and nine days after Defendant gave notice of its intention to introduce Dr. Krishna's conviction.

For the foregoing reasons, Dr. Krishna's May 2012 conviction for felony tax fraud is admissible.

SO ORDERED.

Dated: New York, New York
June 24, 2022                              _____/s/ Kimba M. Wood_____
                                          KIMBA M. WOOD
                                          United States District Judge