UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

KERRIN RANDOLPH,

                                 Plaintiff,                  17 CV 1433 (DLC)

    -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
RAYMOND FOY, Individually, RAHIM BRADSHAW,
Individually, ANTHONY TORTORA, Individually,
JOSE DERAS, Individually, and JOHN and JANE DOE 1
through 10, Individually (the name John and Jane Doe being
fictitious, as the true names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO RULE 59

**BRETT H. KLEIN, ESQ., PLLC**
*Attorneys for the Plaintiff*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT............................................................................................1

STANDARD OF REVIEW……………………………………………………………….....1

ARGUMENT………………………………………………………………………………..1

    I.     PLAINTIFF IS ENTITLED TO A NEW TRIAL ON DAMAGES AS A MATTER OF LAW ……………………………………………………………………………..1

    II.    SEVERAL OF THE COURT'S RULINGS RESULTED IN JURY REACHING A SERIOUSLY ERRONEOUS RESULT AS TO DAMAGES………………………...3

        A. The Court's Rulings and Instructions as to Compensatory and Nominal Damages Resulted in the Jury Reaching a Seriously Erroneous Result………………………3

        B. The Court's Rulings and Instructions Regarding the 2014 Summons Incident and the Court's Rulings Regarding the Admission of Non-diagnosis and Treatment Hearsay Evidence from plaintiff's Medical Records Resulted in the Jury Reaching a Seriously Erroneous Result…………………………………………………………..5

CONCLUSION......................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Atkins v. City of New York*, 143 F.3d 100 (2d Cir. 1998) ......................................................... 1, 2, 3

*DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124 (2d Cir. 1998) ......................................... 8

*Haywood v. Koehler,* 78 F.3d 101 (2d Cir. 1996) ............................................................................ 2

*Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004) ..................................................... 1, 2, 3, 5

*Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31 (2d Cir. 2014) ....................................................... 3

*Morse v. Fusto*, No. 07-CV-4793, 2013 WL 4647603 (E.D.N.Y. Aug. 29, 2013), aff'd, 804 F.3d 538 (2d Cir. 2015) ....................................................................................................................... 5

*Nnodimele v. Derienzo*, No. 13 CV 3461 (ARR)(RLM), 2016 WL 3561708 (E.D.N.Y. June 27, 2016) ............................................................................................................................................ 5

*Raysor v. Port Authority of New York and New Jersey,* 768 F.2d 34 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986) ......................................................... 2, 3

*Wheatley v. Beetar,* 637 F.2d 863 (2d Cir. 1980) ............................................................................ 2

**Rules**

Fed. R. Civ. P. 59 ............................................................................................................................. 1

**PRELIMINARY STATEMENT**

Plaintiff Kerrin Randolph brought the instant action alleging various claims, including federal and state law claims that he was falsely arrested and battered during an incident which occurred on February 24, 2016. At the conclusion of a jury trial held in the Southern District of New York before the Honorable Denise L. Cote, the jury returned a verdict in favor of the plaintiff on October 11, 2018, awarding the plaintiff $1.00 in nominal damages as to each of his claims. Plaintiff now respectfully moves this Court pursuant to Rule 59 of the Federal Rules for a new trial as to damages.

**STANDARD OF REVIEW**

Rule 59(a) states in pertinent part that a "court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court. . . ." *See* Fed. R. Civ. P. 59(a)(1)(A). New trials have been granted to correct the improper award of nominal damages. *See Kerman v. City of New York*, 374 F.3d 93, 122–23 (2d Cir. 2004). The Second Circuit has also held that a grant of a new trial is appropriate where "the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *See Atkins v. City of New York*, 143 F.3d 100, 102 (2d Cir. 1998).

**ARGUMENT**

**POINT I**
**PLAINTIFF IS ENTITLED TO A NEW TRIAL ON DAMAGES AS A MATTER OF LAW**

The Second Circuit has held that "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law." *See Kerman*, 374 F.3d at 124

(citing *Atkins v. City of New York,* 143 F.3d at 103; *Haywood v. Koehler,* 78 F.3d 101, 104 (2d Cir. 1996); *Raysor v. Port Authority of New York and New Jersey,* 768 F.2d 34, 39 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986); *Wheatley v. Beetar,* 637 F.2d 863, 867 (2d Cir. 1980)).  In applying this principle, the court in *Kerman* held that "where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages." *Kerman*, 374 F.3d at 124.  This is because "[t]he damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering; [and] even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty." *Id.* at 125-26.

Here, the jury found that plaintiff's arrest was unlawful. Klein Decl., Ex. 1 (Special Verdict Form).  Moreover, plaintiff undisputedly proved that he suffered a deprivation of liberty from the time of his arrest through the time he was admitted to the hospital. Klein Decl., Ex. 2 (Excerpts of relevant trial testimony (83:10-12; 87:13-21; 94:7-23; 150:3-10; 180:6-183:23; 194:4-23; 277:13-278:14; 295:3-7; 299:16-301:10; 361:17-363:15; 377:9-10)); Klein Decl., Ex. 3 (Trial Exhibit 3 – Bellevue Hospital Center Records p. P00005: Triage Note ("24 Feb 16 1325", "Patient brought in to ED in handcuffs")).  Therefore, plaintiff is entitled to compensatory damages as a matter of law, and is thus further entitled to a new trial. *See Kerman*, 374 F.3d at 132 (holding that "[w]here 'it is clear from the undisputed evidence that a plaintiff's injuries were caused by a defendant's [unlawful conduct], the jury's failure to award some compensatory damages will be set aside and a new trial ordered.'") (quoting *Haywood*, 78 F.3d at 104; citing *Wheatley,* 637 F.2d at 867)).

**POINT II**
**SEVERAL OF THE COURT'S RULINGS RESULTED IN JURY REACHING A SERIOUSLY ERRONEOUS RESULT AS TO DAMAGES**

The jury's error in assessing only nominal damages flowed from several of the court's rulings and instructions, which were made in error.

A. <u>The Court's Rulings and Instructions as to Compensatory and Nominal Damages Resulted in the Jury Reaching a Seriously Erroneous Result</u>

The court's rulings regarding plaintiff's objection to a nominal damages instruction and the court's instructions regarding compensatory and nominal damages were made in error and resulted in the jury's failure to award compensatory damages. "A § 1983 plaintiff is entitled to nominal damages only in the absence of proof of actual injury." *Atkins*, 143 F.3d at 103. Loss of liberty is an actual injury. *Kerman*, 374 F.3d at 125-26. Furthermore, a trial court's failure to instruct the jury as to the plaintiff's entitlement to compensatory damages for loss of liberty is a fundamental error. *See Kerman*, 374 F.3d at 128 (citing *Raysor,* 768 F.2d at 39).

Plaintiff initially raised his objection to the inclusion of a nominal damages charge at a pre-trial conference on October 2, 2018, and thereafter submitted a letter brief regarding the same on October 4, 2018. *See* Klein Decl. Ex. 4 (Letter dated Oct. 4, 2018, ECF Doc. 85). In response, the court issued an order on October 5, 2018, stating as follows:

> IT IS FURTHER ORDERED that the plaintiff may waive nominal damages if he chooses, with the following consequences. In general, where a jury finds a defendant liable for misconduct but also finds that the plaintiff suffered no compensable harm, the jury must award nominal damages. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014). Accordingly, if the plaintiff wishes to waive nominal damages at trial, and if the jury does not award the plaintiff any compensatory damages, a verdict in favor of the defendants shall be entered notwithstanding any jury finding of liability. *See* October 5, 2018 Minute Entry.

The court's order was issued in error in light of *Kerman's* holding that a jury must award compensatory damages for loss of liberty. Therefore, the court's warning to plaintiff that by waiving a nominal damages instruction, he risked a directed verdict being entered against him if the jury awarded no damages, was made in error as an award of no damages, even if plaintiff proved an unlawful deprivation of his liberty, would be legally improper. This erroneous warning resulted in plaintiff, after being placed in an untenable position, acquiescing to the court instructing the jury regarding nominal damages, which plaintiff had objected to from the outset. This error was further compounded by the court's ensuing improper instructions regarding compensatory and nominal damages. Specifically, the court instructed the jury that

- "In addition, you *may* award Mr. Randolph damages for loss of liberty if you find that he was falsely arrested." Klein Decl., Ex. 2 (510:1-2)
- "*If* you compensate Mr. Randolph for his loss of liberty . . ." *Id.* (510:4-5)
- "If you find . . . that any of the defendants violated the plaintiff's constitutional rights under Section 1983 . . .but that the plaintiff suffered no actual injury as a result of the any violation, you *must* award the plaintiff nominal damages." *Id.* (511:8-13)
- "Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You should award nominal damages of one dollar if you conclude that the only injury that the plaintiff suffered was the deprivation of his rights, without actual damages." *Id.* (511:14-18)
- "You may award nominal damages of one dollar if, upon finding some injury resulted from the deprivation of plaintiff's rights, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and actual damages to the plaintiff on each claim. Either he experienced actual damages, in which case you must award compensatory damages, or else he did not, in which case, you must award nominal damages. Again, nominal damages may not be awarded for more than a token sum." *Id.* (511:19-512:3)

4

It was fundamental error for the court to so instruct the jury. In accordance with *Kerman*, the "court should have informed the jury that if it found [Deras] acted without probable cause it should award [Randolph] compensation for the loss of his liberty." *Kerman*, 374 F.3d at 129. "Given that a loss of liberty is inherent in an unlawful confinement, the failure to give that instruction deprived the jury of the legal guidance needed for a rational decision and thus constituted fundamental error", warranting a new trial as to damages. *Id.*[1]

For these same reasons, it was error for the court to include a nominal damages instruction with respect to plaintiff's false claim. *See e.g., Nnodimele v. Derienzo*, No. 13 CV 3461 (ARR)(RLM), 2016 WL 3561708, at *9 (E.D.N.Y. June 27, 2016) (declining to include a nominal damages charge because it would not be reasonable for a jury to find defendants liable but refuse to award compensatory damages); *Morse v. Fusto*, No. 07-CV-4793, 2013 WL 4647603, at *22 (E.D.N.Y. Aug. 29, 2013), aff'd, 804 F.3d 538 (2d Cir. 2015) (finding no error in removal of nominal damages because as an element of his right to fair trial claim, plaintiff must prove a deprivation of his liberty, and if the jury found for plaintiff on that issue, then according to *Kerman,* plaintiff would be entitled to an award of some compensatory damages as a matter of law.")[2]

B. <u>The Court's Rulings and Instructions Regarding the 2014 Summons Incident and the Court's Rulings Regarding the Admission of Non-diagnosis and Treatment Hearsay Evidence from plaintiff's Medical Records Resulted in the Jury Reaching a Seriously Erroneous Result</u>

Over plaintiff's objections, the court admitted records and testimony relating to a prior incident that occurred in 2014 in which plaintiff received a summons for conduct similar in nature to the conduct he allegedly engaged in during the subject incident, and relating to non-diagnosis

---

[1] The verdict sheet was also drafted in error, insofar as it allowed the jury to find plaintiff had been falsely arrested, but also allowed the jury to award no compensatory damages.

[2] It was also error to allow the jury to award nominal damages on the verdict sheet with respect to false arrest.

5

and treatment hearsay evidence from plaintiff's medical records relating to feigned falls and medical issues, all of which were collateral, unproven and/or disputed hearsay allegations of bad acts made against plaintiff by officers and/or hospital personnel who were not present in court and whose veracity could not be tested. This testimony and evidence was both individually and collectively highly prejudicial and inadmissible for the reasons argued by plaintiff in his motion *in limine* at Points I and II, as argued at oral argument at the pre-trial conference held on October 2, 2018, and as set forth in plaintiff's supplemental letter brief filed on October 4, 2018. *See* Klein Decl., Ex. 5, ECF Doc. 68; Klein Decl., Ex. 4, ECF Doc. 85.

The admission of this evidence was highly prejudicial, and likely substantially contributed to the jury's error in awarding only nominal damages and to their apparent rejection of the proof offered by plaintiff with respect to the physical and emotional injuries he suffered a as a result of the defendants' conduct during his arrest, including testimony and evidence as to the following:

- Loss of liberty from approximately noon through 1:25 p.m. Klein Decl., Ex. 2 (363:6-15; 376:24-377:4).
- Pain and suffering:
    - Forcibly grabbed while in wheelchair and pushed face first onto the ground causing pain. *Id.* (221:14-25; 363:19-24; 367:3-12).
    - Felt a shock go through his neck. *Id.* (365:11-14).
    - Pain to Randolph's back and legs, necessitating a call by defendants for EMS respond. *Id.* (225:23-226:3).
    - Possible loss of consciousness. *Id.* (101:8-11).
    - Pain during wheelchair transport. *Id.* (372:11 – 373:14).
    - Pain to arm. *Id.* (150:3-10; 151:3-14).

6

- o Dragged while rear handcuffed. *Id.* (154:20-22; 365:3-12).

- o Was in "extreme pain" due to incident, including right side muscle spasms radiating to neck. *Id.* (379:9-23-380:21).

- o Was in pain due to the incident for about a week. *Id.*

- o Complaints to hospital re: aggravation of back and neck due to force used during the arrest. *Id.* (381:3-15).

- o Randolph reported to hospital personnel that "…police handled him roughly (stated right arm was behind his back and he was dragged), after which he was unable to move his right arm or right leg." Klein Decl., Ex. 3 (P00001 and P000012).

- o Randolph was evaluated by "…neurology who felt that examination and history was most consistent with muscle spasm/strain and recommended prn Baclofen." *Id.* (P00001)

- o The following was noted in plaintiff's Bellevue records: "…c/o R hemibody diffuse tightness and pain extending into L neck, "11/10", constant, sharp, starting suddenly after R arm was placed behind lower back in handcuffs. Patient states that this his baseline pain through back is 5/10… Today, the stiffness and pain is severe, far worse than baseline." *Id.* (P000022).

- o Bellevue staff concluded that Randolph's "…presentation of extremity pain appears to be musculoskeletal in nature: muscle spasms, based on his complaints of joint/muscle pain during passive motion." *Id.* (P000025).

- o Randolph was administered morphine and Tylenol for pain due to the incident. *Id.* (P000026).

7

- o Randolph was discharged from Bellevue with a diagnosis of muscle spasm/strain, and with a prescription for baclofen for his pain. *Id.* (P000070-71).
- Emotional distress
    - o Didn't feel human. Klein Decl., Ex. 2 (365:10-12).
    - o Distress regarding situation. *Id.* (376:10-16).
    - o Worry regarding possible exacerbation of present medical ailments. *Id.* (376:17-23).
    - o Feelings of powerlessness and/or helplessness. *Id.* (382:6-21). [3]

Because plaintiff was seriously prejudiced by the admission of this evidence, a new trial as to damages is warranted wherein plaintiff should be permitted to introduce testimony relating to his emotional distress flowing from his arrest, and medical records relating to his injuries and emotional damages, but which do not contain the prejudicial hearsay and propensity evidence that was allowed to be considered by the jury.

---

[3] In light of the foregoing loss of liberty, and physical and emotional injuries proven by plaintiff, the jury's award of nominal damages was also against the weight of the evidence and therefore a new trial should be ordered on this basis as well. *See DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) ("A new trial may be granted . . . when the jury's verdict is against the weight of the evidence."

8

## CONCLUSION

For the foregoing reasons, plaintiff requests that a new trial as to damages be ordered, together with such other relief to plaintiff as the Court deems just and proper.

Dated: New York, New York
December 11, 2018

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for the Plaintiff
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By: \_\_\_\_s/ Brett H. Klein_____
>BRETT H. KLEIN, ESQ. (BK4744)
>LISSA GREEN-STARK (LG7510)