UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
KERRIN RANDOLPH,

                              Plaintiff,

        -*against*-

METROPOLITAN TRANSPORTATION               17 CV 1433 (DLC)
AUTHORITY, RAYMOND FOY, Individually,
RAHIM BRADSHAW, Individually, ANTHONY
TORTORA, Individually, JOSE DERAS,
Individually, and JOHN and JANE DOE 1 through
10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------ X

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO RULE 59**

                                            **LANDMAN CORSI BALLAINE & FORD P.C.**
                                            *Attorneys for Defendants*
                                            *Metropolitan Transportation Authority,*
                                            *Raymond Foy, Rahim Bradshaw,*
                                            *Anthony Tortora, and Jose Deras*
                                            120 Broadway, 27th Floor
                                            New York, New York 10271
                                            (212) 238-4800

Of Counsel
      Rebecca Embry
      Joshua Deal

4819-6741-4661v.1

## **PRELIMINARY STATEMENT**

Defendants Metropolitan Transportation Authority ("MTA") Raymond Foy ("Officer Foy"), Rahim Bradshaw ("Officer Bradshaw"), Anthony Tortora ("Officer Tortora"), and Jose Deras ("Sergeant Deras") (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's Motion for a New Trial Pursuant to Rule 59.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 59(a), courts may "grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Generally, a motion for a new trial "should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 603 (2d Cir. 2001) (internal quotation marks omitted). A new trial may also be granted "if substantial errors were made in admitting or excluding evidence, or in charging the jury." *In re Vivenid Universal, S.A. Sec. Litig.*, 128 F. Supp. 3d 681, 709 (E.D.N.Y. 2015).

## **ARGUMENT**

Plaintiff seeks a new trial as to damages on three grounds: (1) that he is entitled to an award of compensatory damages for his loss of liberty as a matter of law; (2) that the Court erred in instructing the jury on compensatory and nominal damages; and (3) that the Court erred in admitting certain evidence. As discussed below, Plaintiff fails to demonstrate that he is entitled to a new trial for damages under Rule 59.

# POINT I

## Plaintiff is Not Entitled to Compensatory Damages for <u>Loss of Liberty as a Matter of Law</u>

"A finding that the plaintiff has been deprived of a constitutional right does not automatically entitle him to a substantial award of damages." *Kerman v. City of N.Y.*, 374 F.3d 93, 123 (2d Cir. 2004). "The compensatory damages that may be awarded for false imprisonment fall within two general categories: general and special damages." *Id.* at 125. "General damage is a harm of a sort inseparable from [the unlawful] restraint," which includes "damages for loss of time and humiliation or mental suffering." *Id.* (internal quotation marks omitted) (alterations in original). Special damages includes "physical discomfort, shock, or injury to health, loss of employment, and injury to the plaintiff's reputation or credit, and must be specifically pleaded and proven." *Id.* (internal quotation marks omitted). General damages "may be inferred from the circumstances of the arrest or imprisonment and would include at least the value of the time lost by the plaintiff during the period of detention." *Id.* (internal quotation marks omitted).

"The damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering; even absent such other injuries, an award [of damages] . . . *may* be appropriate simply for several hours' loss of liberty." *Id.* at 125-26 (emphasis added). Thus, courts must "ma[k]e it clear to the jury that it could award monetary damage—the amount necessarily arbitrary and unprovable—for [loss of liberty]," and that "the fact of confinement in and of itself is enough to establish a claim for nominal damages." *Raysor v. Port Auth. of N.Y. & N.Y.*, 768 F.2d 34, 39 (2d Cir. 1985).

Plaintiff relies on *Kerman v. City of New York*, 374 F.3d 96 (2d Cir. 2004), to argue that he is entitled to compensatory damages for false arrest as a matter of law. In *Kerman*, the Second

2

4819-6741-4661v.1

Circuit concluded that the District Court failed to properly instruct the jury that compensatory damages for loss of liberty were available where the plaintiff's "loss of liberty indisputably lasted at least 10 hours." *Id.* at 129. The District Court's instructions "focused solely on Kerman's claims of medical expenses, physical pain, and mental or emotional suffering," and "gave no indication that if the jury found that [Defendants] detained Kerman . . . without probable cause, which necessarily curtailed Kerman's liberty, Kerman was, independently of his claims of physical, mental, emotional, or economic injury, entitled to be compensated for that loss of liberty." *Id.* The Second Circuit concluded that the failure to "inform the jury that if it found [Defendants] acted without probable cause it should award Kerman compensation for the loss of his liberty . . . deprived the jury of the legal guidance needed for a rational decision." *Id.* at 129.

Here, the Court properly instructed the jury that damages available to Plaintiff for false arrest included Plaintiff's "loss of liberty," and that such damages are to "compensate a person for the time lost while confined without consent." Trial Transcript Day 3 at 510:1-4. Additionally, the Court instructed the jury that it "may take into account the time from Mr. Randolph's arrest until the time that Mr. Randolph arrived at the hospital." *Id.* at 510:4-7. Presumably, the jury took these instructions to heart and considered the fact that Plaintiff was detained at most for one hour and found that Plaintiff's loss of liberty was negligible. Accordingly, the jury awarded Plaintiff nominal damages for the violation of his Fourth Amendment right against unreasonable seizure.

Further, *Kerman* does not necessarily require an award of actual damages for loss of liberty in all cases. The *Kerman* court concluded that "where the jury has found a constitutional violation and *there is no genuine dispute that the violation resulted in some injury to the plaintiff*, the plaintiff is entitled to an award of compensatory damages as a matter of law." *Kerman v. City of N.Y.*, 374 F.3d 93, 124 (2d Cir. 2004) (emphasis added). The court further stated that "it is the

3

4819-6741-4661v.1

province of the jury to determine whether the plaintiff's injury resulting from a demonstrated loss of liberty was serious or nonserious and, *if serious*, to determine what compensation should be awarded." *Id.* at 132 (emphasis added); *see also Walker v. City of Chi.*, 513 F. App'x 593, 596 n.1 (7th Cir. 2013) (noting that *Kerman* does not require nominal damages for loss of liberty where the jury "did not find that [the plaintiff] was injured by it"); *Crews v. Cnty. of Nassau*, 149 F. Supp. 3d 287, 297-98 (E.D.N.Y. 2015) ("Although loss of liberty is . . . compensable separate from any related emotional harm or embarrassment, this principle does not mean that there is some required minimum amount of compensation for a given period of unjust detention."). Thus, *Kerman*'s holding does not *necessitate* an award of actual damages for loss of liberty where the jury may find that the plaintiff's loss of liberty was nonserious.

Here, there was a genuine dispute as to whether Plaintiff's arrest actually caused some injury to him, i.e. whether his loss of liberty was serious. The jury considered evidence regarding the length of Plaintiff's detention, his actions prior to and during the detention—which likely escalated and prolonged his encounter with Defendants—, the fact that Plaintiff was not detained in a holding cell but was simply handcuffed until he was transferred to an ambulance, Plaintiff's credibility as a witness, and all of the circumstances of his arrest. The jury, thus, reviewed all of the facts and evidence and determined that Plaintiff's loss of liberty was nonserious such that only nominal damages were warranted. Plaintiff fails to demonstrate that the jury "reached a seriously erroneous result" in finding that Plaintiff's loss of liberty was nonserious.

## POINT II

### The Court Committed No Error in Instructing the Jury On Damages

Invoking *Kerman*, Plaintiff argues that this Court erred by instructing the jury that it was required to award nominal damages if it did not find that Plaintiff suffered any actual damages.

4

"A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Callahan v. Wilson*, 863 F.3d 114, 148 (2d Cir. 2017) (internal quotation marks omitted).

In *Kerman*, the Second Circuit held that a court must instruct the jury that a plaintiff is entitled to damages for his loss of liberty as well as damages for actual injuries suffered as a result of the unlawful arrest. *Kerman*, 374 F.3d at 125-26; *see also Raysor*, 768 F.2d at 39 ("[T]he court should have made it clear to the jury that it could award monetary damages—the amount necessarily arbitrary and unprovable—for the intangible [loss of liberty]."). As discussed above, the Court did exactly that.

Further, the Court correctly instructed the jury that it must award nominal damages to Plaintiff for his false arrest claim if the jury found that he did not suffer any actual damages. A plaintiff is entitled to at least nominal damages for a false arrest. *See Raysor*, 768 F.2d at 39 ("[T]he fact of confinement in and of itself is enough to establish a claim for nominal damages."). Thus, it would have been clear error for the Court *not* to instruct the jury on nominal damages. Accordingly, Plaintiff fails to demonstrate that he is entitled to a new trial based on the Court's instructions on damages.

## POINT III

### The Court's Evidentiary Rulings Were Correct

Plaintiff argues that the Court erred in admitting two pieces of evidence over his objections: an MTA Police Department incident report from 2014 and portions of his medical records from Bellevue Hospital. The parties extensively briefed these issues prior to trial, and Defendants respectfully refer the Court to their arguments presented in opposition to Plaintiff's Motions in

5

4819-6741-4661v.1

Limine, *see* ECF No. 75, and in the supplemental letter Defendants submitted to the Court relating to these issues. *See* ECF No. 86.

A. **The 2014 Incident Report**

Defendants sought to admit evidence of Plaintiff's prior encounter with MTA Police Officers in 2014 to show Plaintiff's plan or modus operandi when confronted by police officers while charging his electric scooter at Grand Central Terminal and to impeach Plaintiff's character for truthfulness. Plaintiff objected to the incident report as impermissible character evidence, as hearsay, and as irrelevant. However, as extensively argued prior to trial, the incident was not offered, or used, for impermissible propensity purposes in violation of Federal Rule of Evidence 404(b), but was used to show Plaintiff's plan or modus operandi when confronted by police officers while charging his electric scooter at Grand Central Terminal and to impeach Plaintiff's character for truthfulness.[1] Further, the Court provided the following limiting instruction in the jury charge:

> You have heard evidence regarding an incident in 2014 on track 20 in Grand Central Station. The defendants argue that Mr. Randolph's conduct at that time was similar to his conduct on February 24th, 2016.
>
> Let me remind you that the plaintiff is not pursuing a claim regarding the incident in 2014, nor could his behavior at that time create probable cause to arrest him on February 24th, 2016. Accordingly, you may not consider evidence of the 2014 incident as a substitute for proof of the conduct that the defendants assert gave them probable cause to arrest him in 2016, nor may you consider this evidence as evidence that Mr. Randolph has a bad character. The evidence of the 2014 incident was admitted for a much more limited purpose, and you may consider it only for that limited purpose.
>
> If you determine that Mr. Randolph engaged in the conduct described in the 2014 MTA Police Department incident report, then you may, but need not, draw an inference that Mr. Randolph's plan, manner or modus operandi when responding to officers who interrupt him as he charges his scooter at Grand Central Station.

---

[1] Defendants also note that the incident report was admissible under the public records exception to the rule against hearsay. Fed. R. Evid. 808(8)

6

> You may also consider evidence regarding the 2014 incident for whatever light you find it sheds, if any, on the plaintiff's credibility when describing the events of February 24th, 2016.
>
> Evidence of similar conduct may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the plaintiff acted a certain way in 2014, he must also have acted the same way on February 24th, 2016, in the station master's office.
>
> The plaintiff was also issued a summons in connection with the 2014 incident. I've already instructed you on how you should regard evidence of the summons, and you must follow that same instruction with respect to the 2014 summons.

Trial Transcript Day 3 at 512:14-513:21.

Accordingly, the incident report was admissible and the Court properly provided a limiting instruction to ensure that the jury did not consider it for impermissible purposes.

### B. The Bellevue Records

Plaintiff argues that the Court erred in allowing portions of the Bellevue records relating to Plaintiff's uncooperative behavior, fake falls, and dishonest behavior to be admitted. As Defendants previously argued, these portions of the records were admissible to show Plaintiff's state of mind at the time of his arrest, his continued extreme and outrageous behavior at the hospital, and to impeach his credibility for truthfulness. At trial, Defendants did not use these records for any impermissible purpose, and the Court properly allowed the Bellevue records into evidence.

### C. At Most the Court's Evidentiary Ruling Constitute Only Harmless Error

Even if the Court erred in allowing the 2014 incident report and those portions of the Bellevue records Plaintiff objected to, any error would be only harmless error. The jury heard substantial evidence regarding Plaintiff's actions and untruthful statements and conduct, including the fact that portions of the Bellevue records that Plaintiff did not object to directly refuted many

7

aspects of Plaintiff's account of the incident and his alleged injuries. The jury had substantial evidence to discredit Plaintiff's testimony and to find that he did not suffer any actual emotional or physical harm resulting from the arrest. Plaintiff fails to articulate any particular reason for why the jury's verdict would have changed but for the admission of the 2014 incident report or the Bellevue records.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion for a new trial be denied in its entirety and that the Court award Defendants such other and further relief as the Court deems proper.

Dated: January 4, 2019
      New York, New York

                              Respectfully submitted,

                              LANDMAN CORSI BALLAINE & FORD P.C.

                              By: /s/
                                 Joshua Deal
                                 Rebecca Embry
                                 *Attorneys for Defendants*
                                 120 Broadway, 27th Floor
                                 New York, New York 10271
                                 (212) 238-4800