UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

KERRIN RANDOLPH,

                                  Plaintiff,              17 CV 1433 (DLC)

    -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
RAYMOND FOY, Individually, RAHIM BRADSHAW,
Individually, ANTHONY TORTORA, Individually,
JOSE DERAS, Individually, and JOHN and JANE DOE 1
through 10, Individually (the name John and Jane Doe being
fictitious, as the true names are presently unknown),

                                  Defendants.

--------------------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPOPRT OF PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO RULE 59**


**BRETT H. KLEIN, ESQ., PLLC**
*Attorneys for the Plaintiff*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

## PRELIMINARY STATEMENT

Plaintiff Kerrin Randolph submits this reply in further support of his motion for a new trial as to damages pursuant to Rule 59 of the Federal Rules of Civil Procedure.

## ARGUMENT

### POINT I
### PLAINTIFF IS ENTITLED TO LOSS OF LIBERTY DAMAGES AS A MATTER OF LAW

Defendants' argument that plaintiff is not entitled to loss of liberty damages as a matter of law should be rejected because it rests on a misrepresentation of *Kerman* and upon three cases which are distinguishable from the case here. Defendants have provided no authority to refute the central premise cited by plaintiff in his moving brief that "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law." *See Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) (citing *Atkins v. City of New York*, 143 F.3d 100, 103 (2d Cir. 1998); *Haywood v. Koehler,* 78 F.3d 101, 104 (2d Cir. 1996); *Raysor v. Port Authority of New York and New Jersey,* 768 F.2d 34, 39 (2d Cir.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986); *Wheatley v. Beetar,* 637 F.2d 863, 867 (2d Cir. 1980)). Here, defendants concede plaintiff proved a false arrest and a resulting deprivation of his liberty for at least an hour. *See* Defs.' Mem. of Law p. 3. Insofar as plaintiff was undisputedly deprived of his liberty, and defendants were found responsible for a false arrest by the jury, plaintiff proved an actual injury and was entitled to compensatory damages -- not just nominal damages. *See Kerman*, 374 F.3d at 124 ("where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages.")

Notably, defendants were unable to cite any relevant authority to refute the above, instead relying on three cases which are not controlling or otherwise inapposite. First, defendants cite to *Walker v. City of Chicago*, which is a 7th Circuit case and therefore not controlling. But more notably, *Walker* acknowledged that *Kerman's* holding contradicted 7th Circuit precedent, and distinguished *Kerman* on the basis that the plaintiff in *Walker* had precluded himself from even arguing loss of liberty by its own instructions. *Walker v. City of Chicago,* 513 F. App'x 593, 596 n.1 (7th Cir. 2013). Therefore, *Walker* actually acknowledged that *Kerman* stands for the proposition that more than nominal damages are required.

Defendants next rely on *Crews v. County of Nassau* for the proposition that there is no minimum amount of compensation required for a given period of detention. However, that language applied to the court's rejection of that plaintiff's request for the court to increase a $175,000 award of compensatory damages, and is thus inapplicable to the case at bar. *See Crews v. County of Nassau*, 149 F. Supp 3d 287, 297-98 (E.D.N.Y. 2015).

The final case defendants rely on is *Raysor v. Port Authority of New York and New Jersey*, a case which pre-dates *Kerman*, and therefore *Kerman* is the controlling precedent. Moreover, the court's decision in *Raysor* in fact supports plaintiff's position that nominal damages are insufficient where a deprivation of liberty has been found, insofar as in *Raysor*, the court found a compensatory damages award of $16 to be clearly inadequate. *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34 (2d Cir. 1985).

Further, although acknowledging that there are two distinct types of compensatory damages available for false imprisonment, general and special damages, defendants' attempt to get around the fact that plaintiff indisputably proved general damages, proof for which he is entitled to a compensatory damages award, by arguing that a jury could have concluded his loss

2

of liberty was non-serious. To allow such a result would undermine the Second Circuit's holding in *Kerman* that if a plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, that the plaintiff is entitled to compensatory, not merely nominal, damages. *See also, Nnodimele v. Derienzo*, No. 13 CV 3461 (ARR)(RLM), 2016 WL 3561708, at *9 (E.D.N.Y. June 27, 2016) (holding it would not be reasonable for a jury to find defendants liable but refuse to award compensatory damages in a false arrest case); *Morse v. Fusto*, No. 07-CV-4793 (CBA)(RML), 2013 WL 4647603, at *22 (E.D.N.Y. Aug. 29, 2013), aff'd, 804 F.3d 538 (2d Cir. 2015) (holding that if if the jury found for plaintiff on his right to fair trial claim, then according to *Kerman,* plaintiff would be entitled to an award of some compensatory damages as a matter of law.")

## POINT II
### THE JURY SHOULD NOT HAVE BEEN INSTRUCTD ON NONIMAL DAMAGES

Defendants argue that the Court's instruction on damages was not in error because the court instructed the jury that loss of liberty is a compensable injury. This misses the point. Plaintiff agrees that loss of liberty is a compensable injury, and it was not this portion of the court's instruction that was in error. Rather, in light of *Kerman*, the fundamental error lay in the court's failure to instruct the jury that if plaintiff proved a loss of liberty, that he has proven an actual injury, which entitles him to more than nominal damages as a matter of law. *See Kerman*, 374 F.3d at 124. *See e.g., Nnodimele*, 2016 WL 3561708, at *9 (declining to include a nominal damages charge because it would not be reasonable for a jury to find defendants liable but refuse to award compensatory damages); *Morse*, 2013 WL 4647603, at *22 (finding no error in removal of nominal damages because as an element of his right to fair trial claim, plaintiff must prove a deprivation of his liberty, and if the jury found for plaintiff on that issue, then according to *Kerman,*

3

plaintiff would be entitled to an award of some compensatory damages as a matter of law."); *see also*, *Atkins*, 143 F.3d at 103 ("A § 1983 plaintiff is entitled to nominal damages only in the absence of proof of actual injury.") Because proof of his false arrest claim required proof of an actual injury—loss of liberty--giving a nominal damage charge as to the false arrest claim was plain error.

## POINT III
### THE COURT'S EVIDENTIARY RULINGS WERE NOT HARMLESS

For the reasons set forth in his moving brief, the Court's rulings and instructions regarding the 2014 summons and medical records prejudiced plaintiff, and the prejudice was not harmless as argued by defendants.

## CONCLUSION

For the foregoing reasons, plaintiff requests that a new trial as to damages be ordered, together with such other and further relief to the plaintiff as the Court deems just and proper.

Dated: New York, New York
January 11, 2019

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for the Plaintiff
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By:     s/ Brett H. Klein
>        BRETT H. KLEIN, ESQ. (BK4744)

4