277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office:** (718) 783-3682
**Signal:** (646) 263-3495
**Fax:** (646) 349-2914*

*Not for service

## Gideon Orion Oliver
—ATTORNEY AT LAW—
He/him/his

June 29, 2022

**BY ECF**
Hon. Kimba M. Wood, USDJ
United States District Court, SDNY
500 Pearl Street
New York, NY  10007

Re:    *Mary Tardif v. City of New York*, 13-CV-4056(KMW)

Your Honor:

I write in reply to defense counsel's June 29, 2022 letter (ECF No. 537).

First, defense counsel's letter mentions the District Court's decision in *Vilkhu v City of NY*, No. 06-CV-2095 (CPS)(JO), 2009 US Dist LEXIS 16616 (EDNY Mar. 3, 2009), but does not acknowledge or address the Second Circuit's summary order affirming it, *see* 372 F. App'x 222, 223 (2nd Cir. 2010) ("With respect to defendants' arguments regarding the nominal damages jury instruction…we affirm for substantially the reasons set forth in the District Court's March 3, 2008 [sic] memorandum opinion and order denying defendants' motion for a new trial").

Second, *Wright v Musanti*, No. 14-cv-8976 (KBF), 2017 US Dist LEXIS 8267 (SDNY Jan. 20, 2017), which Defendant cites, supports and is consistent with Plaintiff's position. The cited section relates to cases where there is proof of injury – which is itself sufficient to establish liability – but no proof of actual loss. In such cases, as Judge Forrest recognized, "the fact finder must award nominal damages." 2017 US Dist LEXIS 8267, at *33. That is true -- unless, as Plaintiff has argued, the plaintiff has waived their right to nominal damages, per *Vilkhu*. Relatedly, although Defendant notes that the *Wright* Court cites *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2nd Cir. 1997), Defendant says nothing further about the case. *Wright* cites *Contemporary Mission* for the proposition that "'[]when the existence of damage is uncertain or speculative, the plaintiff is limited to the recovery of nominal damages." *Wright,* 2017 US Dist LEXIS 8267, at *33, quoting *Contemporary Mission*, 557 F.2d at 926. That language speaks of a limitation on damages when – unlike in this case – there is no actual or concrete damage. In such cases, where a plaintiff cannot prove actual damages, a plaintiff can only recover nominal damages, and no more. So *Contemporary Mission*, too, is consistent with Plaintiff's position. Finally on this point, although Defendant "submits that it would be error not to instruct the jury that they should award nominal damages where the plaintiff has proven an assault or battery, but has failed to prove compensatory damages," Defendant provides no authority for that claim.

Third, Plaintiff contests Defendant's statements that the evidence in this case would support a nominal damages award. If it would please the Court, Plaintiff could elaborate at oral argument.

Finally, in the section of *Randolph v. Metro. Transp. Auth.*, 17cv1433(DLC), 2019 US Dist LEXIS 62148, at *28-29 (SDNY Apr. 11, 2019) that the Court directed the parties to address, Judge Cote held that "an award of at least nominal damages is required to sustain any tort claim." However, as Judge Forrest explained in *Wright*:

> assault [and] battery … <u>do not require proof of actual damages</u>. *See Brutus v. Silverseal Corp.*, 439 F. App'x 28, 29 (2d Cir. 2011) (noting that although <u>evidence of injury is not necessary to establish liability for assault or battery</u>, 'such evidence is required if [the plaintiff] is to sustain a claim for compensatory damages caused by the assault and battery.') (citations omitted)…

*Wright,* 2017 US Dist LEXIS 8267, at *32 (emphasis added). Notably, in terms of addressing *Randolph*, Defendant only quotes the language the Court directed the parties to focus on, without discussion or elaboration.

At the end of the day, Defendant has cited no authority for the proposition that Defendant is entitled to a nominal damages charge. As Plaintiff has argued, it is Plaintiff's right to those damages, and her right to waive them. Plaintiff respectfully requests that the Court adhere to its prior ruling to excise the nominal damages charge from the Court's proposed jury instructions, and deny Defendant's request to modify the jury verdict sheet to account for and include nominal damages.

Respectfully submitted,

/S/

Gideon Orion Oliver