

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**HANNAH V. FADDIS**
Senior Counsel
phone: (212) 356-2486
fax: (212) 356-1148
hfaddis@law.nyc.gov

July 28, 2022

**By ECF**
Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/22
```

      Re:    Mary Tardif v. City of New York, et al.,
              No. 13 CV 4056 (KMW) (KNF)

Your Honor:                      **MEMO ENDORSED**

      I am one of the attorneys assigned to represent defendant the City of New York in the above-referenced matter. Defendant writes to respectfully request that the Court: 1) stay execution of judgment without bond or other security (see, ECF No. 551); and 2) enlarge the briefing schedule on defendant's post-trial motions for two weeks. Plaintiff consents to the request to enlarge the briefing schedule and has not taken a position regarding waiver of a bond or security.

      The City of New York has the means to satisfy the judgment, an efficient process for making payment, and a bond would be a waste of public resources. Accordingly, the Court should waive the requirement that the defendant post a bond or other security. Courts in this circuit consider five factors when deciding whether to waive the bond or security requirement under Rule 62(b): "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417-18 (2d Cir. 2015) (citation omitted) (discussing former Rule 62(d)); Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A., No. 19-CV-10023 (KPF), 2020 WL 771522, at *2 n.3 (S.D.N.Y. Dec. 29, 2020) (explaining that courts in this circuit continue to apply the Nassau County factors to Rule 62(b) motions); see, e.g., Xerox Corp. v. JCTB Inc., No. 18-CV-6154 (MAT), 2019 WL 6000997, at *3 (W.D.N.Y. Nov. 14, 2019) (applying Nassau County). Following these factors, no bond or security should be required in this case. The City of New

York, as the sole defendant, obviously has the means to satisfy the judgment, an efficient system for the payment of judgments, and a bond would plainly be a waste of taxpayer dollars. Courts in this Circuit routinely waive this requirement in cases involving the City. See, e.g., Wright v. City of N.Y., No. 14-cv-6873 (RJD)(RML) (E.D.N.Y. Jan. 19, 2018); Johnson v. City of N.Y., No. 15 Civ. 6915 (ER), ECF No. 174 (S.D.N.Y. June 2, 2021); Gem Fin. Serv., Inc. v. City of N.Y., No. 13-cv-1686 (RPK)(RER), Docket Entry dated May 17, 2022 (E.D.N.Y.). Accordingly, defendant respectfully requests that the Court modify its prior Order and permit a stay of execution of the judgment without bond or other security.

Defendant also respectfully requests that the Court enlarge the briefing schedule on defendants' post-trial motions by two weeks. This request is made due to scheduling constraints and to permit defendant adequate time to prepare its motion.[1]

Defendant thanks the Court for its consideration.

Sincerely,

/s/ Hannah V. Faddis
Hannah V. Faddis
*Senior Counsel*
Special Federal Litigation Division

CC:   BY ECF
      All Counsel of Record

In light of the factors set forth in *In Re Nassau County*, the execution of judgment without bond or other security is stayed for 30 days to allow the City to provide the following:
1) Evidence that there are sufficient funds to pay the judgment; and
2) Any additional information that would help the Court balance the *In Re Nassau County* factors.

In light of Plaintiff's consent, Defendant's request to extend the briefing schedule for its post-trial motions by two weeks is granted. No further extensions of the briefing schedule will be granted.

Defendant must file its memorandum of law in support by August 15, 2022;
Plaintiff must file her memorandum of law in opposition by September 29, 2022;
and, if Defendant wishes to file a reply, it must do so by October 31, 2022.

SO ORDERED.

DATED:
New York, NY
August 1, 2022

/s/ Kimba M. Wood

THE HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

---

[1] The undersigned is currently on trial before the Hon. Lorna G. Schofield, in a matter that is expected to last through August 11, 2022.